

**09 CIV 1951**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREN A. CHRISTIANSEN, on behalf of )
herself and all others similarly situated, )
)
                 Plaintiff, ) Case No.:
)
    -v- )
)
JEFFREY R. IMMELT, BRACKETT B. )
DENNISTON, III, PAMELA DALEY, KATHRYN )
A. CASSIDY, JAMIE S. MILLER, JOHN )
KRENICKI, JOHN F. LYNCH, JOHN G. RICE, )
and GENERAL ELECTRIC COMPANY, )
)
                 Defendants. )
)

---

## CLASS ACTION COMPLAINT

Plaintiff, by her attorneys, on behalf of herself and all others similarly situated, allege the following for her complaint. Plaintiff's allegations are based on personal knowledge as to herself and their acts, and as to all other matters based upon their attorneys' investigation which included, among other things, a review of public filings, analysis of publicly-available news articles and reports, press releases and other matters of public record.

### NATURE OF THE ACTION

1.    This a class action on behalf of all purchasers of General Electric Company ("GE" or the "Company") between January 23, 2009 and February 27, 2009, inclusive, (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1337 and 1367 and Section 27 of the Exchange Act (15 U.S.C. §78aa).

3.  This action arises under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Venue is proper in this District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. §1391(b) and (c). GE is incorporated in New York and substantial acts in furtherance of the alleged fraud and/or its effects occurred within this District. GE's shares are traded on the New York Stock Exchange.

4.  In connection with the acts and omissions alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

5.  Plaintiff purchased GE common stock during the Class Period, as set forth in the accompanying certification which is incorporated herein by reference, and was damaged thereby.

6.  Defendant GE, a New York corporation, is, according to its most recent Form 10-K, one of the largest and most diversified technology, media, and financial services corporations in the world. Its principal offices are located at 3135 Easton Turnpike, Fairfield, CT, 06828-0001.

7.  Defendant Jeffrey R. Immelt ("Immelt") served as the Company's Chairman and CEO at all times relevant hereto.

8.      Defendant Brackett B. Denniston, III ("Denniston") served as the Company's Senior Vice President at all times relevant hereto.

9.      Defendant Pamela Daley ("Daley") served as the Company's Senior Vice President at all times relevant hereto.

10.     Defendant Kathryn A. Cassidy ("Cassidy") served as the Company's Senior Vice President at all times relevant hereto.

11.     Defendant Jamie S. Miller ("Miller") served as the Company's Senior Vice President at all times relevant hereto.

12.     Defendant John Krenicki ("Krenicki") served as the Company's Vice Chairman at all times relevant hereto.

13.     Defendant John G. Rice ("Rice") served as the Company's Vice Chairman at all times relevant hereto.

14.     Defendant John F. Lynch ("Lynch") served as the Company's Senior Vice President at all times relevant hereto.

15.     Defendants listed in paragraphs 7 through 14 are referred to as the "Selling Defendants". The Selling Defendants, as senior officers and/or directors of GE, were controlling persons of GE. Each exercised his power and influence to cause GE to engage in the fraudulent practices complained of herein.

16.     Each defendant is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of GE common stock, by disseminating materially false and misleading statements and/or concealing material adverse facts. As part of this scheme, defendants: (i) deceived the investing public regarding future payment of GE's $.31 per quarter dividend; and (ii) caused plaintiff and other Class members to

purchase GE common stock at artificially inflated prices; and (iii) while selling during the Class Period shares of GE common stock owned by them at artificially inflated prices.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased or otherwise acquired GE common stock during the Class Period, and who were damaged thereby. Excluded from the Class are defendants, members of the immediate family of each Individual Defendant or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.

18.    The Class members are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds of thousands of Class members located throughout the United States. There are in excess of one billion shares of GE common stock outstanding. During the Class Period, GE common stock was actively traded on the New York Stock Exchange. Record owners and other Class members may be identified from records maintained by GE and/or its transfer agents and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in securities class actions.

19.    Plaintiff's claims are typical of the claims of the other Class members as all Class members were similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

20.    Plaintiff will fairly and adequately protect the interests of the Class members and has retained counsel competent and experienced in class and securities litigation.

21. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to the Class are:

    a. whether the federal securities laws were violated by defendants' acts and omissions as alleged herein;

    b. whether defendants participated in and pursued the common course of conduct complained of herein;

    c. whether documents, press releases, and other statements disseminated to the investing public and the Company's shareholders during the Class Period misrepresented material facts about the payment of GE's dividends;

    d. whether statements made by defendants to the investing public during the Class Period misrepresented and/or omitted to disclose material facts about the business, finances, value, performance and prospects of GE;

    e. whether the market price of GE common stock during the Class Period was artificially inflated due to the material misrepresentations and failures to correct the material misrepresentations complained of herein; and

    f. the extent to which the Class members have sustained damages and the proper measure of damages.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of

this suit as a class action.

## SUBSTANTIVE ALLEGATIONS

23. GE is one of the United States' largest corporations, a Dow Jones Industrial stock, and listed on the New York Stock Exchange.

24. In a January 23, 2009 interview on CNBC, defendant Immelt touted GE's strong commitment to investors. Immelt stated that GE had made dividend payments for 100 years, that GE had $48 billion in cash, and that its operating model would unequivocally assure continued dividend payments at the same rate. Immelt further stated that, from a capital standpoint, he believed payment of dividends to shareholders is the best thing to do for investors in view of GE's cash position.

25. Immelt also stated that notwithstanding the "tough environment", GE met or beat expectations.

26. GE then shocked the market when, shortly more than one month after assuring investors the dividend would be maintained, it announced, after the close of the market on Friday, February 27, 2009, that GE was cutting the quarterly dividend to $.10 per share, a 68% reduction.

27. GE shares, which closed on February 27, 2009, at $8.51 per share, plunged more than 10%, to as low as $7.51 per share on Monday, March 2, 2009.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## FRAUD-ON-THE-MARKET DOCTRINE

28. At all relevant times, the market for GE common stock was an efficient market for the following reasons, among others:

   a. GE common stock met the requirements for listing, and was listed and actively traded, on the NYSE, a highly efficient market.

6

b.  As a regulated issuer, GE filed periodic reports with the SEC.

c.  GE common stock was followed by securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each report was publicly available and entered the public marketplace.

d.  GE regularly issued press releases which were carried by national newswires. Each release was publicly available and entered the public marketplace.

29.  As a result, the market for GE securities promptly digested current information with respect to GE from all publicly-available sources and reflected such information in GE's stock price. Under these circumstances, all purchasers of GE common stock during the Class Period suffered similar injury through their purchase of stock at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

30.  The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this complaint. The specific statements pleaded herein were not identified as "forward-looking statements" when made. Nor was it stated with respect to any of the statements forming the basis of this complaint that actual results "could differ materially from those projected." To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements

were made the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of GE who knew that those statements were false when made.

## SCIENTER ALLEGATIONS

31.     As alleged herein, the Selling Defendants acted with scienter in that defendants knew or recklessly failed to know that the public documents and statements, issued or disseminated by or in the name of the Company were materially false and misleading; knew or recklessly disregarded that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violators of the federal securities laws. As set forth elsewhere herein in detail, the Selling Defendants, by virtue of their receipt of information reflecting the true facts regarding GE and its business practices, their control over and/or receipt of GE's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning GE were active and culpable participants in the fraudulent scheme alleged herein. The Selling Defendants knew and/or recklessly disregarded the falsity and misleading nature of the information which they caused to be disseminated to the investing public. This case does not involve allegations of false forward-looking statements or projections but instead involves false statements concerning the Company's business, finances and operations. The ongoing fraudulent scheme described in this complaint could not have been perpetrated over a substantial period of time, as has occurred, without the knowledge and complicity of the personnel at the highest level of the Company, including the Selling Defendants.

32. The Selling Defendants engaged in such a scheme to inflate the price of GE and enhance the value of the shares they owned and sold during the Class Period. Sales by the Selling Defendants during the Class period were as follows:

| Name | Transaction Date | Amount of Shares Sold | Price | Total |
|---|---|---|---|---|
| Jeffrey R. Immelt | 02/06/09 | 52,875 | $ 11.10 | $ 586,912.50 |
| Brackett B. Denniston, III | 02/13/09 | 75,366 | $ 11.10 | $ 836,562.60 |
| Pamela Daley | 02/13/09 | 69,463 | $ 11.10 | $ 771,039.30 |
| Kathryn A. Cassidy | 02/13/09 | 31,060 | $ 11.10 | $ 344,766.00 |
| Jamie S. Miller | 02/13/09 | 2,991 | $ 11.10 | $ 33,200.10 |
| John Krenicki | 02/13/09 | 76,854 | $ 11.10 | $ 853,079.40 |
| John F. Lynch | 02/13/09 | 31,365 | $ 11.10 | $ 348,151.50 |
| John G. Rice | 02/13/09 | 107,661 | $ 11.10 | $ 1,195,037.10 |

33. Then, after the price fell to a range of $7.51 - $8.30 on March 2, 2009, defendant Immelt <u>bought</u> 50,000 shares of GE common stock, assuring at least an almost $3.00 profit on 50,000 of the shares he sold less than a month earlier.

## LOSS CAUSATION ALLEGATIONS

34. Defendants' fraudulent statements and omissions artificially inflated GE's common stock price during the Class Period, until the truth was revealed.

## COUNT I

### (Violations of Section 10(b) of The Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

35. Plaintiff repeats and realleges each and every allegation contained above.

36. Each of the defendants: (a) knew or recklessly disregarded material adverse non-public information about GE's financial results and then existing business conditions, which was not disclosed; and (b) participated in drafting, reviewing and/or approving the misleading statements, releases, reports and other public representations of and about GE.

9

37. During the Class Period, defendants, with knowledge of or reckless disregard for the truth, disseminated or approved the false statements specified above, which were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

38. Defendants violated § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder in that they (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material facts or omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; or 9(c) engaged in acts, practices and a course of business that operated as a fraud or deceit upon the purchasers of GE common stock during the Class period.

39. Plaintiff and the Class have suffered damage in that, in reliance on the integrity of the market, they paid artificially inflated prices for GE common stock. Plaintiff and the Class would not have purchased GE common stock at the prices they paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by defendants' false and misleading statements.

## COUNT II

### (Violation of Section 20(a) of The Exchange Act Against the Selling Defendants)

40. Plaintiff repeats and realleges each and every allegation contained above.

41. The Selling Defendants acted as controlling persons of GE within the meaning of Section 20(a) of the Exchange Act. By reason of their senior executive and/or board positions they had the power and authority to cause GE to engage in the wrongful conduct complained of herein.

10

42.     By reason of such wrongful conduct, the Selling Defendants are liable pursuant to §20(a) of the Exchange Act. As a direct and proximate result of these defendants' wrongful conduct, plaintiff and the other Class members suffered damages in connection with their purchases of GE stock during the Class Period.

**WHEREFORE**, plaintiff prays for relief and judgment, as follows:

A.     Determining that this action is a proper class action and certifying plaintiff as a class representatives under Rule 23 of the Federal Rules of Civil Procedure;

B.     Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.     Such other and further relief as the Court may deem just and proper.

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff hereby demands a trial by jury.

Dated: New York, NY
       March 3, 2009

              **HARWOOD FEFFER LLP**

            By: *[signature]*
            Robert I. Harwood
            Samuel K. Rosen
            Daniella Quitt
            488 Madison Avenue
            New York, NY 10022
            Tel.: (212) 935-7400
            Fax: (212) 753-3630

## GENERAL ELECTRIC COMPANY
### CERTIFICATION OF NAMED PLAINTIFF
### PURSUANT TO FEDERAL SECURITIES LAWS

I, Karen A. Christiansen ("Plaintiff") declare:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff's transactions in the securities that are the subject of this action during the Class Period are as follows:

| Security | Transaction | Price | Date |
|---|---|---|---|
| Common Stock | 800 Shares Purchased | $12.6875/share $10,095.00 | 2/9/09 |

5. Plaintiff has neither sought to serve nor served as a representative party for a class in any actions filed under the federal securities laws in the past three years.

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of March, 2009, at New York [CITY], N.Y. [STATE].

*Karen Christiansen*
Signature