**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREN A. CHRISTIANSEN, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>IMMELT ET AL.,<br><br>    Defendants | Case No. 09-CIV-01951-DC<br><br>Class Action |
| BRUCE MORGAN, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC CO. ET AL.,<br><br>    Defendants | Case No. 09-CIV-02084-DC<br><br>Class Action |
| DENIS G. PARE, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>IMMELT ET AL.,<br><br>    Defendants | Case No. 09-CIV-02566-DC<br><br>Class Action |

(*further captions on following page*)

| | |
|---|---|
| JAMES KLEIN )<br>Individually and on behalf of all )<br>others similarly situated, )<br>                                                )<br>     Plaintiff, )<br>                                                )<br>v. )<br>                                                )<br>GENERAL ELECTRIC CO. ET AL., )<br>                                                )<br>     Defendants ) | Case No. 09-CIV-02582-DC<br><br>Class Action |
| BIMAL K. GUPTA ET AL. )<br>On behalf of themselves, and all )<br>others similarly situated, )<br>                                                )<br>     Plaintiffs, )<br>                                                )<br>v. )<br>IMMELT ET AL., )<br>     Defendants ) | Case No. 09-CIV-04130-DC<br><br>Class Action |
| ROBERT SCHUYLER WATSON, )<br>Individually and on behalf of all )<br>others similarly situated, )<br>     Plaintiff, )<br>v. )<br>GENERAL ELECTRIC CO. ET AL., )<br>     Defendants. ) | Case No. 09-cv-4152-DC<br><br>Class Action |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
BENSON DURUAKU FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF HIS
<u>SELECTION OF COUNSEL AS LEAD COUNSEL</u>**

Putative class member Benson Duruaku ("Movant"), respectfully submits this memorandum of law in support of this motion for (1) consolidation of related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointment of Movant as Lead Plaintiff in the above-referenced action pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "1933 Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3), on behalf of a class of investors who purchased or acquired shares of General Electric Company, (hereafter "GE" or the "Company") common stock between January 23, 2009 and February 27, 2009 (the "Class Period"); (3) approval of Johnson & Perkinson ("Johnson & Perkinson") as Lead Counsel for the proposed class; and (4) such other relief as the Court may deem just and proper.

**I.      INTRODUCTION**

The first of several cases filed in this court on behalf of purchasers of GE common stock alleging violations of the federal securities laws, *Christianson v. Immelt et al.*, 09-CIV 1951, was filed on March 3, 2009.  The following actions have been designated as related actions: *Morgan v. General Electric et al.*, 09-cv-2084-DC, filed March 6, 2009; *Pare v. Immelt et al.*, 09-cv-02566-DC, filed on March 19, 2009; *Klein v. General Electric et al.*, 09-cv-02582-DC, filed March 20, 2009; *Gupta v. Immelt et al.*, 09-cv-04130-DC, filed on April 27, 2009; and *Watson v. General Electric et al.*, 09-cv-4182, filed on April 28, 2009.  All of the aforementioned

complaints allege violations of sections 10(b) and 20(a) of the Exchange Act, and were filed on behalf of the same class of investors.[1]

## II.   FACTUAL BACKGROUND

The Watson complaint alleges that during the Class Period, Defendants issued numerous materially false and misleading statements including (1) statements regarding the safety of the GE dividend; (2) that maintaining the dividend was a priority for GE; and (3) that the dividend represented a good shareholder return. These statements caused GE's securities to trade at artificially inflated prices. The statements and omissions were materially false and misleading in that they assured investors that the dividend could be maintained without straining the resources of the company, and failed to timely disclose the material adverse facts that Defendants would need to cut the common stock dividend in 2009 in light of GE's financial condition.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated

Pursuant to the PSLRA, prior to selecting a Lead Plaintiff, the court must decide whether to consolidate the actions. *See* 15 U.S.C. §77z-1(a)(3)(B)(ii). Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). Moreover, the Actions arise from the same alleged facts and circumstances – Defendants' misstatements and omissions with respect to the Company's dividend. Consolidation of the Actions will promote judicial efficiency and conserve judicial resources because the Actions involve identical facts, common legal and evidentiary issues, concern the

---

[1] An action titled *City of Brockton Contributory Retirement System v. General Electric et al.*, 09-cv-3787-UA, was filed on April 15, 2009 but requests different claims for relief and contains a different proposed class period.

same parties and will involve the same documentary and deposition discovery. Thus, the Actions should be consolidated.

### B.     Benson Duruaku Should Be Appointed As The Lead Plaintiff

According to the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii). There is a three-step procedure for the selection of lead plaintiffs to oversee class actions brought under the federal securities laws. First, the plaintiff who files the initial action must publish notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff no later than 60 days from the publication of that original notice. 15 U.S.C. §77z-1(a)(3)(A)(i).

Second, the PSLRA provides that within 60 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 77z-1(a)(3)(B)(i). According to this provision:

> [T]he court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff").

Moreover, the provision provides, in 15 U.S.C. § 77z-1(a)(3)(B)(iii), that "the court shall adopt a presumption that the most adequate plaintiff … is the person or group that … either filed the complaint or made a motion in response to a notice; … has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal

5

Rules of Civil Procedure." *Id*.  In this case, as demonstrated *infra*, Movant is presumptively the "most adequate plaintiff" because he timely filed a motion for appointment, has the largest financial interest to the best of undersigned counsel's knowledge, and is uniquely qualified to represent purchasers of GE common stock.

Finally, as a third step, after the presumptive Lead Plaintiff has been identified, other class members have an opportunity to rebut the presumptive Lead Plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

### 1. Plaintiff Duruaku's Motion is Timely

Notice in this action was originally published on March 4, 2009, in *Globe Newswire*, as required by the PSLRA.  *See* Duval Decl.  Accordingly, Lead Plaintiff submissions are due no later than May 4, 2009.  *Id.*  This Motion, filed within 60 days of the publication of the initial notice, is thus timely filed.

### 2. Movant Has What He Believes to be the Largest Financial Stake in the Relief Sought by the Class

During the Class Period, Movant incurred a paper loss of more than $75,750.00 investing in GE common stock during the Class Period.  *See* Duval Decl.  Congress reasoned that increasing the role of a larger investor, who typically has a larger financial stake in the outcome of the litigation, would be beneficial because an investor with a large financial stake is more apt to effectively manage complex securities litigation.  *See* Conference Report on the Private Securities Litigation Reform Act of 1995, H.R. Rep. No. 104-369, at 34 (1995) ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

Here, Movant – with over $75,750.00 in paper losses, is exactly the type of Lead Plaintiff envisioned by Congress and should, therefore, be appointed as such.  Movant believes this

Motion represents the largest financial interest in the outcome of this litigation and, therefore, that Movant is presumptively entitled to appointment as Lead Plaintiff.  15 U.S.C. § 77z-1(a)(3)(B).

The fact that Movant's losses represent the financial stake of a single person, rather than a group of people or entities, further supports his assertion of presenting the largest loss resulting from defendants' alleged conduct.  Several courts have held that an individual investor, with substantial losses, is the "most adequate plaintiff," even when competing motions for appointment for lead plaintiff are filed on behalf of unrelated groups of investors.[2]

### 3.     Movant Is Otherwise Qualified Under Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the Exchange Act provides that, at the outset of the litigation, the most adequate plaintiff is the person who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  *See Levitt v. Rogers*, 257 Fed. Appx. 450, 452 (2d Cir. 2007).  Rule 23(a) provides that parties may serve as class representatives only if the following four requirements are satisfied:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 2245 (1997).  Of these four prerequisites, two – typicality and adequacy – are the central concerns of Congress as set forth in the PSLRA.  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(II).

---

[2] *See*, *e.g., In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (refusing to consider potential lead plaintiffs as a group); *In re Veeco Instruments Inc. Sec. Litig.*, 233 F.R.D. 330, 334 (S.D.N.Y. 2005) (disapproving aggregation of unrelated persons who join together in the hope of "becoming the biggest loser for PSLRA purposes").

As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed Lead Plaintiff.

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff (1) suffered the same injuries as absent class members, (2) as a result of the same course of conduct by defendants, and (3) his claims are based on the same legal issues.  Rule 23(a)(3) requires that the claims asserted by the Proposed Class Representative be typical of the claims of each member of the Class.  In this Circuit, a representative's claims are typical if they are based on the same legal theory and arise from the same event or practice – or same course of conduct – that gives rise to the claims of other Class Members.  *See In re Drexel Burnham*, 960 F.2d 285, 291 (2d Cir. 1992).  "Typicality under Rule 23 requires that a class representative have the incentive to prove all the elements of the cause of action which would be presented by the individual members of the class were they initiating individualized actions." *In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 126 (S.D.N.Y. 1997) (internal citations and quotations omitted).

Here, Movant is well suited to represent the interests of all class members because he purchased shares during the class period, and suffered significant paper losses.  Moreover, the questions of law and fact common to Movant and the members of the class, which predominate over questions that may affect individual class members, include the following:

- Whether the federal securities laws were violated by Defendants' acts; and
- Whether the members of the class have sustained damages and, if so, the proper measure of damages.

As a result, there is a well-defined community of interest in the questions of law and fact involved in this case.  The claims asserted by Movant are of the same type as the claims of the

members of the proposed class.  Here, the claims asserted allege a common course of conduct by Defendants and are based on the same legal theories that affect all GE shareholders during the proposed class period.  Thus, Movant's claims share essential characteristics with those typical of the members of the putative class.

Under Fed. R. Civ. P. 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class."  As to the standard for the adequacy requirement, the Second Circuit has held that the "[d]etermination of adequacy typically 'entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation.'  This process 'serves to uncover conflicts of interest between named parties and the class they seek to represent.'"  *Cordes & Co. Financial Services, Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007) (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000), and *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231 (1997)).  Rule 23(a)'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two.  *See* 7a Wright, Miller & Kane, Federal Practice & Procedure, § 1791.1 at 375 (2d ed. 1986).  Movant has amply demonstrated his adequacy as class representative by signing a sworn certification affirming his willingness to serve as and assume the responsibilities of class representative.  *See* Duval Decl,.  In addition, Movant has selected Johnson & Perkinson, a firm that is highly experienced in prosecuting securities class actions, to represent the class.  *See id.*  Lastly, Movant's interests are clearly aligned with the members of the proposed class and there is no evidence of any antagonism between Movant's interests and the interests of the proposed class members.  Therefore, Movant satisfies the requirements of Rule 23 and all of the PSLRA's

prerequisites for appointment as lead plaintiff in this action and should be appointed as such pursuant to 15 U.S.C. §77z-1(a)(3)(B).

### C. The Court Should Approve Movant's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa). Here, Movant selected the law firm of Johnson & Perkinson to represent the class. This firm has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Duval Decl.

Shalov Stone Bonner & Rocco LLP of New York, New York will assist as Liaison Counsel, is able to receive orders, notices, correspondence and telephone calls from the Court on behalf of all plaintiffs and shall be responsible, along with Lead Counsel, for the preparation and transmission of copies of such orders, notices, correspondence, and such similar documents as may be necessary for orderly litigation of this case.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court appoint Plaintiff Benson Duruaku as Lead Plaintiff for the consolidated action pursuant to § 27(a)(3)(B) and approve Movant's selection of Johnson & Perkinson as Lead Counsel for the class.

DATED:  May 1, 2009     Respectfully submitted,

**SHALOV STONE BONNER & ROCCO LLP**

By: /s/ Thomas G. Ciarlone, Jr.
    Ralph M. Stone (rstone@lawssb.com)
    Thomas G. Ciarlone (tciarlone@lawssb.com)

485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340
Fax (212) 239-4310

*Proposed Liaison Counsel*

**JOHNSON & PERKINSON**
Dennis J. Johnson
Eben F. Duval
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05043
(802) 862-0030
Fax (802) 862-0060

*Proposed Lead Counsel*

11