HARWOOD FEFFER LLP
Robert I. Harwood
Samuel K. Rosen
Daniella Quitt
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone:  (212) 935-7400
Facsimile: (212) 753-3630

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KAREN A. CHRISTIANSEN, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 09 CIV 1951 (DC) |
| -v- | ) ) ) | |
| JEFFREY R. IMMELT, BRACKETT B. DENNISTON, III, PAMELA DALEY, KATHRYN A. CASSIDY, JAMIE S. MILLER, JOHN KRENICKI, JOHN F. LYNCH, JOHN G. RICE, and GENERAL ELECTRIC COMPANY, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| BRUCE MORGAN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.:  09 CIV 2084 (DC) |
| -v- | ) ) ) | |
| GENERAL ELECTRIC COMPANY and JEFFREY R. IMMELT, | ) ) ) | |
| Defendants. | ) ) ) | |

[Additional caption on following page]

| | | |
|---|---|---|
| DENIS G. PARE, on behalf of<br>himself and all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  09 CIV 2566 (DC) |
| | ) | |
| -v- | ) | |
| | ) | |
| JEFFREY R. IMMELT, BRACKETT B.<br>DENNISTON, III, PAMELA DALEY, KATHRYN<br>A. CASSIDY, JAMIE S. MILLER, JOHN<br>KRENICKI, JOHN F. LYNCH, JOHN G. RICE,<br>and GENERAL ELECTRIC COMPANY, | )<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ROBERT SCHUYLER WATSON,<br>Individually and on behalf of all others similarly<br>situated, | )<br>)<br>) | Case No.: 09 CIV 4152 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| GENERAL ELECTRIC COMPANY,<br>and JEFFREY R. IMMELT, | )<br>) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF,
## <u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    The Related Actions Should be Consolidated . . . . . . . . . . . . . . . . . . . . . . . 3

      B.    Movants Satisfy the Requirements To Be
            Appointed Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            1.    Movants Have Timely Moved for Appointment as Lead Plaintiff . . . . . . 7

            2.    Upon Information and Belief, Movants
                  Have the Largest Financial Interest
                  in the Relief Sought by the Class . . . . . . . . . . . . . . . . . . . . . . . . . 7

            3.    Movants Otherwise Satisfy Rule 23
                  of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . 9

      C.    The Court Should Approve Movants' Selection of Counsel . . . . . . . . . . . . . . 11

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i

# TABLE OF AUTHORITIES

**Cases** **Page**

Corwin v. Seizinger,
  2008 WL 123846 (S.D.N.Y. Jan. 8, 2008) ...................................................................... 4, 6

Ferrari v. Impath, Inc.,
  2004 WL 1637053 (S.D.N.Y. July 20, 2004) ................................................................... 4

Glauser v. EVCI Ctr. Colleges Holding Corp.,
  236 F.R.D. 184 (S.D.N.Y. 2006) .................................................................................... 4

In re AIG ERISA Litig.,
  Master File No. 04-CV-9387-JES (S.D.N.Y.) ............................................................... 12

In re Drexel Burnham Lambert Group, Inc.,
  960 F.2d 285 (2d Cir. 1992) ........................................................................................... 10

In re McDermott Int'l Inc. Sec. Litig.,
  2009 WL 579502 (S.D.N.Y. Mar. 6, 2009) ............................................................. passim

In re Royal Dutch/Shell Transport ERISA Litig.,
  04-CV-1398-JWB-SDW (D.N.J.) .................................................................................. 12

Johnson v. Celotex Corp.,
  899 F.2d 1281 (2d Cir. 1990) ......................................................................................... 5

Kuriakose v. Fed. Home Loan Mortgage Co.,
  2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ......................................................... 7, 8, 9

Lintz v. Agria,
  2008 WL 5191087 (S.D.N.Y. Dec. 3, 2008) ......................................................... 6, 7, 10, 11

Lipetz v. Wachovia Corp.,
  2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ................................................................. 7

Primavera Familienstiftung v. Askin,
  173 F.R.D. 115 (S.D.N.Y. 1997) .................................................................................... 5

Seidel v. Noah Educ. Holdings Ltd.,
  2009 WL 700782 (S.D.N.Y. Mar. 9, 2009) ............................................................ 6, 7, 10, 11

ii

Varghese v. China Shenghuo Pharm. Holdings, Inc.,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ............................................................... 11

**Statutes**

15 U.S.C. § 78j(b) ........................................................................................................ 1

15 U.S.C. § 78t(a) ........................................................................................................ 1

15 U.S.C. § 78u-4 ........................................................................................................ 1

15 U.S.C. § 78u-4(a)(1) ............................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(A)(B) .................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................... 6, 9

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................... 2, 11

15 U.S.C. § 78u-4(a)(3)(B)(ii) ............................................................................ 2, 3, 5

15 U.S.C. §78u-4(a)(3)(B)(iii) ..................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ......................................................................... 9

17 C.F.R. § 240.10b-5 .................................................................................................. 1

Fed. R. Civ. P. Rule 23 ......................................................................................... 2, 6, 9

Fed. R. Civ. P. Rule 23(a) ............................................................................................ 9

Fed. R. Civ. P. Rule 23(g)(A)(1) ............................................................................... 11

Fed. R. Civ. P. 42(a) ............................................................................................... 2, 4

Daniel Eimer ("Eimer") and Ligia DeAndrade ("DeAndrade") (collectively, the "Movants") respectfully submit this Memorandum of Law in support of their motion for: (1) consolidation of all related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointment of Movants as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for the holders of General Electric Company ("GE" or the "Company") as described herein; (3) approval of their selection of Harwood Feffer LLP ("Harwood Feffer") as Lead Counsel for the proposed class; and (4) such other relief as the Court may deem just and proper.

## I.    **INTRODUCTION**

Presently pending in this District are four (4) related securities class action lawsuits (the "Related Actions") brought on behalf of all persons who purchased or otherwise acquired securities of GE between January 23, 2009 and February 27, 2009, inclusive (the "Class Period"), and who were damaged thereby.  These actions were each brought on behalf of those who suffered damages resulting from, inter alia, misrepresentations concerning the maintenance of GE's dividend program. For reasons set forth below, a fifth action, City of Brockton Contributory Retirement System v. General Electric Co., 09 Civ. 3787 (the "Brockton Action"), was improperly filed as related because it covers a myriad of other factual issues and claims, including claims based on an October 1, 2008 registration statement, a different statute, and a significantly longer class period, one that begins months before the acts complained of in the Related Actions occurred.

The Related Actions are brought pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). The Related

Actions name GE and certain of its directors and officers for violations of such statue and regulation during the Class Period.

Movants first seek consolidation of the Related Actions, as required prior to selection of Lead Plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). Movants also seek appointment as Lead Plaintiff and approval of their selection of Lead Counsel. As soon as practicable after its decision on consolidation, the court is to appoint as Lead Plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. Rule 23. See 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Here, there is no question that the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. See Fed. R. Civ. P. 42(a). The Brockton Action does not.

Movants should be appointed as Lead Plaintiff because they have submitted certifications that, upon information and belief, demonstrate the largest financial interest in the litigation, and their ability adequately to represent class interests. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Their proposed counsel should be appointed Lead Counsel because they are not only competent to prosecution this class action (see p. 11 below), but developed and filed the first of the Related Actions.

## II.   **FACTUAL BACKGROUND**

GE is one of the United States' largest corporations, is listed on the New York Stock Exchange, and is closely followed in the financial media. In a January 23, 2009 interview on CNBC, defendant Immelt, GE's Chairman and Chief Executive Officer during the Class Period, touted GE's strong commitment to investors, stating among other things that GE had made dividend payments

for 100 years, GE had $48 billion in cash, and its operating model would unequivocally assure continued dividend payments at the same rate.  Immelt further stated that, from a capital standpoint, he believed payment of dividends to shareholders to be the best thing to do for investors in view of GE's cash position.  Immelt also stated that notwithstanding the "tough environment," GE had met or beat expectations.

GE then shocked the market when, little more than one month after such assurance of dividend maintenance, it announced, after the market's close on Friday, February 27, 2009, that it was cutting the quarterly dividend to $.10 per share, a 68% reduction.  GE shares, which closed on February 27, 2009, at $8.51 per share, fell more than 10%, to as low as $7.51 per share on Monday, March 2, 2009, and over the ensuing days continued falling to as low as $5.87 per share, a stunning decline of over 30%.  Movants and others who had purchased GE stock in reliance of defendant Immelt's assurance of dividend retention and specifically because of that assurance, were shocked by the news and, as a result, suffered damages.

## III.   ARGUMENT

### A.   The Related Actions Should be Consolidated

The PSLRA provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions. . . ." Id.

3

In determining the propriety of consolidation, under Fed. R. Civ. P. 42(a), district courts have "broad discretion," and generally favor the view that "considerations of judicial economy favor consolidation." Ferrari v. Impath, Inc., 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004) (citations and quotations omitted).   As this Court has stated, consolidation is appropriate even where the actions involve common questions of law and fact but where certain defendants are named in only one of the complaints.   In re McDermott Int'l Inc. Sec. Litig., 2009 WL 579502, at *1 (S.D.N.Y. Mar. 6, 2009).   Indeed, several courts have noted that consolidation is particularly appropriate in the context of securities class actions, but only if the complaints "assert similar claims based on the same legal theories and the same underlying facts."   Corwin v. Seizinger, 2008 WL 123846, at *1 (S.D.N.Y. Jan. 8, 2008).   The Related Actions meet this test.   The Brockton Action does not.

The complaints filed in the Related Actions all relate to GE's dividend cut and allege the same misrepresentations and misconduct with respect to the same or substantially similar defendants. Documents to be reviewed and testimony to be taken related to this alleged misconduct by these defendants are identical as to all of Related Actions.   See, e.g., Glauser v. EVCI Ctr. Colleges Holding Corp., 236 F.R.D. 184, 187 (S.D.N.Y. May 9, 2006) (consolidating six class actions based on finding that they involved "common issues of law and fact" where each complaint alleged that "Defendants made false and misleading statements regarding [defendant company's] earnings and enrollment growth, in violation of §§ 10(b) and 20(a) of the [Exchange Act] and Rule 10b-5 promulgated thereunder.").   Consolidation of the Related Actions is therefore appropriate and in the interest of judicial efficiency and economy.

In sharp contrast, the Brockton Action, with a proposed class period running from September 25, 2008 through March 19, 2009, raises a myriad of claims against GE under both the Exchange Act

and the Securities Act of 1933 (the "Securities Act").  The Securities Act claims relate to an October 1, 2008 $12 billion GE public offering, as a result of which the Brockton Action names GE's entire board and the 25 underwriters of that offering. The Brockton complaint devotes but scant reference to the dividend cut.  The Brockton Action should not be consolidated with the Related Actions because it will sweep the latter proposed class members  into a far larger action with claims extraneous to, and far more extensive than, their far more limited claims.  Indeed, a reading of the Brockton complaint fails to even disclose if the plaintiff there purchased shares during the proposed Class Period in the Related Actions.

While courts have generally "taken the view that considerations of judicial economy favor consolidation." Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990), they will only do so "so long as any confusion or prejudice does not outweigh efficiency concerns." Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Here, confusion and prejudice will outweigh efficiency for class members in the Related Actions because their discrete claim will be subsumed in a much larger action that, at a minimum, will include 25 investment bank defendants and their inevitable 25 additional law firms.  The resultant prejudice, confusion, and excess time to the Related Action class members arising from such consolidation is incalculable.  The Brockton Action should, therefore, not be consolidated with the Related Actions.

## B.    Movants Satisfy the Requirements To Be Appointed Lead Plaintiff

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in private actions arising under the Exchange Act (as well as the Securities Act), that are brought as class actions pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(1)-(3)(B)(ii).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  See, 15 U.S.C. § 78u-4(a)(3)(A)(i).  Here, the relevant notice was published on March 4, 2009.  See Declaration of Samuel K. Rosen in Support of Motion for Consolidation, Appointment of Lead Plaintiff, and Approval of Selection of Lead Counsel ("Rosen Decl."), Exh. A.  Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  See 15 U.S.C. § 78u-4(a)(3)(A)-(B)  See also,McDermott, 2009 WL 579502, at *1; Seidel v. Noah Educ. Holdings Ltd., 2009 WL 700782, at *4 (S.D.N.Y. Mar. 9, 2009) (filed under a similar provision under the Securities Act).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class the court determines most capable of representing adequately the class members' interests.  See 15 U.S.C. § 78u-4(a)(3)(B).  Under this PSLRA provision, the court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff.  Lintz v. Agria, 2008 WL 5191087, at *2 (S.D.N.Y. Dec. 3, 2008); McDermott, 2009 WL 579502, at *1; Seidel, 2009 WL 700782, at *2; Corwin, 2008 WL 123846, at *2.  The Exchange Act provides a rebuttable presumption that the court is to choose as the "most adequate plaintiff", the class member plaintiff who:  (1) has either filed a complaint or moved for lead plaintiff in response to a notice; (2) "has the largest financial interest in the relief sought"; and (3) satisfies the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

6

1.      **Movants Have Timely Moved for Appointment as Lead Plaintiff**

All class members interested in moving for appointment as Lead Plaintiff in this matter must

have done so by May 4, 2009, (the first weekday after expiration of the 60-day period from the

March 4, 2009 date of published notice).   See U.S.C. § 78u-4(a)(3)(A)(B). Movants timely moved

this Court to be appointed Lead Plaintiff on behalf of all members of the proposed class.  Movants

have duly signed and filed certifications stating their willingness to serve as representative parties

on behalf of the proposed class.  See Rosen Decl. Exh. B.

2.      **Upon Information and Belief, Movants
        Have the Largest Financial Interest
        in the Relief Sought by the Class**

The PSLRA does not specify a method for calculating the "largest financial interest."

However, a number of courts in this District "have applied a four-part test in making the

determination, weighing "'(1) the number of shares purchased during the class period; (2) the

number of net shares purchased during the class period; (3) the total net funds expended during the

class period; and (4) the approximate losses suffered during the class period.'" Lipetz v. Wachovia

Corp., 2008 WL 4615895, at *2 (S.D.N.Y. Oct. 10, 2008), cited in Seidel, 2009 WL 700782, at *2.

As stated by this Court:

> In deciding which proposed lead plaintiff has "the largest financial
> interest in the relief sought by the class," courts consider four factors"
> "(i) the gross number of shares purchased; (ii) the net number of
> shares purchased, (iii) the net funds spent; and (iv) the net loss."

McDermott, 2009 WL 579502, at *2 (citations omitted).  See also, Kuriakose v. Fed. Home Loan

Mortgage Co., 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008); Lintz, 2008 WL 5191087, at *2.

Movants, acquired a total of 105,698 shares of GE common stock during the Class Period on the

below-listed dates at the corresponding prices per share and, after the announcement of the dividend cut, sold the following shares, all purchased during the Class Period at the prices listed below:

| Eimer | Date of Purchase | No. of Shares | Price | Total Cost |
|---|---|---|---|---|
| | February 26, 2009 | 89,500 | $9.25 | $827,875 |
| | | | | |
| | Date of Sale | No. of Shares | Price | Total Receipt |
| | March 3, 2009 | 89,500 | $6.30 | $563,850 |
| | | | Loss: | $264,025 |

| DeAndrade | Date of Purchase | No. of Shares | Price | Total Cost |
|---|---|---|---|---|
| | January 23, 2009 | 1,198 | $13.50 | $ 16,173 |
| | February 19, 2009 | 15,000 | $11.38 | $170,700 |
| | | | | |
| | Date of Sale | No. of Shares | Price | Total Receipt |
| | March 6, 2009 | 16,198 | $6.87 | $111,280 |
| | | | Loss: | $ 58,420 |

Movants' therefore suffered a total out-of-pocket loss of **$322,445**.

Each movant purchased the listed GE shares because he or she sought the income from the dividend, purchased them in reliance on defendant Immelt's statement on the maintenance of the dividend, and sold them because the dividend was cut. Movants do not know of any other lead plaintiff applicant with a larger financial interest in this litigation. Because Movants have a

substantial, and upon information and belief, the largest, financial interest and, as discussed below, otherwise satisfy all PSLRA prerequisites for appointment as Lead Plaintiff in this action, Movant should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). See, e.g., Kuriakose, 2008 WL 4974839, at *2-3; McDermott, 2009 WL 579502, at *2.

### 3.   Movants Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. Rule 23(a).

Of the four prerequisites, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only inquire into the typicality and adequacy of the proposed lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representatives party must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as, and aligned with the claims of all other class members. See McDermott Int'l, 2009 WL 579502, at *3. Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized

nature of the claims asserted that determines whether class representatives are typical. ("The requirement of typicality is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability'"); see Lintz v. Agria, 2008 WL 5191087, at *2 ("The typicality requirement is satisfied where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.") and Seidel, 2009 WL 700782, at *3, each citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992).

Here, Movants satisfy this requirement because, like all other proposed class members in the Related Actions, Movants purchased GE securities during the Class Period in reliance upon defendant Immelt's allegedly materially false and misleading statements and, as a result, were damaged. Thus, Movants' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movants' adequacy to represent the class to the following: (1) the absence of potential conflict between the named plaintiffs and the class member; (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation; and (3) the class has a sufficient interest to ensure vigorous adequacy. See McDermott, 2009 WL 579502, at *3; Seidel, 2009 WL 700782, at *4; Lintz, 2008 WL 5191087, at *2.

Here, Movants are clearly "adequate," having interests aligned with the interests of the class suffering from the same wrong and would benefit from the same relief. Movants, represented by Harwood Feffer, a firm with significant experience in the prosecution of securities fraud litigation,

is more than adequately equipped and informed in this action to proceed as class representatives and Lead Plaintiff.  Moreover, there is no evidence of antagonism between Movants and the class.  Thus, Movants, prima facie, satisfy all requirements of Rule 23 for the purposes of this motion.[1]

**C.      The Court Should Approve Movants' Selection of Counsel**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent.  See Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (recognizing that the "'PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (quoting In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)). See also McDermott, 2009 WL 579502, at *6; Lintz, 2008 WL 5191087 at *2; Seidel, 2009 WL 700782, at *5.

In that regard, Movants have selected Harwood Feffer to serve as Lead Counsel.  Harwood Feffer has dedicated substantial resources to advancing this litigation by extensively investigating GE's alleged wrongdoing and filing, on March 3, 2009, the first complaint concerning the wrongs alleged herein. (Christiansen v. Immelt, et al., 09 CIV 1951 (DC).)  Under Fed. R. Civ. P. Rule 23(g)(A)(1), among the criteria for choosing class counsel is "the work counsel has done in identifying or investigating potential claims in the action." Harwood Feffer will continue to investigate and develop the allegations against defendants.  Indeed, Harwood Feffer's continued development of this litigation includes securing an expert to advise in assessing class damages.

---

[1]      It should be noted that the plaintiff in the Brockton Action fails to meet both the typicality and adequacy tests because of its differing and potentially conflicting claims.

11

Moreover, as detailed in its firm resume, Harwood Feffer has substantial experience in the prosecution of securities class actions. See Rosen Decl., Exh. E.  Harwood Feffer has served as lead or co-lead class counsel in numerous federal securities cases shareholder class and derivative actions, as well as under ERISA, where Harwood Feffer's efforts led to substantial benefits.  These cases include, among others,  In re Safety-Kleen Corp. Stockholders Litigation, (D.S.C.) (settlement fund of $44.5 million); In re Laidlaw Stockholders Litigation, (D.S.C.) (settlement fund of $24 million); In re UNUMProvident Corp. Securities Litigation, (D.Me.) (settlement fund of $45 million);  In re Harnischfeger Industries, (E.D. Wisc.) (settlement fund of $10.1 million); In re Oxford Health Plans, Inc. Derivative Litigation, (S.D.N.Y.) (settlement benefit of $13.7 million and corporate therapeutics); In re JWP Inc. Securities Litigation, (S.D.N.Y.) (settlement fund of $37 million); In re Home Shopping Network, Inc., Derivative Litigation, (S.D. Fla.) (settlement benefit in excess of $20 million); In re Royal Dutch/Shell Transport ERISA Litig., 04-CV-1398-JWB-SDW (D.N.J.) (recovery of more than $90 million);  In re AIG ERISA Litig., Master File No. 04-CV-9387-JES (S.D.N.Y.) (settlement of $24.2 million).  Harwood Feffer  presently serves as co-lead counsel in Brieger et al. v. Tellabs Inc. et al., Case No. 1:06-CV-1882 (N.D. Ill.), which is currently on trial.  Accordingly, the Court should approve Movants' selection of counsel.


## IV.   CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (1) consolidate the Related Actions; (2) not consolidate the Brockton Action with the Related Actions; (3) appoint

Movants as Lead Plaintiff; (4) approve Movants' selection of Harwood Feffer to serve as Lead

Counsel for plaintiffs and the class; and (5) order such other relief as the Court may deem just and

proper.

Dated: May 4, 2009                                 HARWOOD FEFFER LLP


                                    By:    /s/ Samuel K. Rosen
                                           Robert I. Harwood
                                           Samuel K. Rosen
                                           Daniella Quitt
                                           488 Madison Avenue, 8th Floor
                                           New York, New York 10022
                                           Telephone: (212) 935-7400
                                           Facsimile: (212) 753-3630

                                           *Attorneys for Plaintiff Christiansen and
                                           Movants Eimer and DeAndrande*