IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN A. CHRISTIANSEN, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>JEFFREY R. IMMELT, BRACKETT B. DENNISTON, III, PAMELA DALEY, KATHRYN A. CASSIDY, JAMIE S. MILLER, JOHN KRENICKI, JOHN F. LYNCH, JOHN G. RICE, and GENERAL ELECTRIC COMPANY,<br><br>      Defendants. | CIVIL ACTION NO. 09-1951 (DC)<br><br>ECF CASE |
| BRUCE MORGAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and JEFFREY R. IMMELT,<br><br>      Defendants. | CIVIL ACTION NO. 09-2084 |
| DENIS G. PARE, on behalf of himself and all others similarly situated, situated,<br><br>      Plaintiff,<br><br>v.<br><br>JEFFREY R. IMMELT, BRACKETT B. DENNISTON, III, PAMELA DALEY, KATHRYN A. CASSIDY, JAMIE S. MILLER, JOHN KRENICKI, JOHN F. LYNCH, JOHN G. RICE, and GENERAL ELECTRIC COMPANY,<br><br>      Defendants. | CIVIL ACTION NO. 09-2566 |

*[Caption continued on next page]*

| | |
|---|---|
| JAMES KLEIN, on behalf of himself and all others similarly situated, : : : Plaintiff, : v. : : GENERAL ELECTRIC COMPANY, : JEFFREY R. IMMELT, KEITH S. : SHERIN, and JAMIE S. MILLER, : : Defendants. : | CIVIL ACTION NO. 09-2582 |
| CITY OF BROCKTON CONTRIBUTORY RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, : : : : : Plaintiff, : v. : : GENERAL ELECTRIC CO., : JEFFREY R. IMMELT, KEITH : SHERIN, BRACKETT B. : DENNISTON, III, PAMELA DALEY, : KATHRYN A. CASSIDY, JAMIE S. : MILLER, JOHN KRENICKI, JR., : JOHN F. LYNCH, JOHN G. RICE, : MICHAEL NEAL, JAMES I. CASH, : JR., WILLIAM M. CASTELL, ANN M. : FUDGE, CLAUDIO X. GONZALEZ, : ANDREA JUNG, ALAN G. LAFLEY, : ROBERT W. LANE, RALPH S. : LARSEN, ROCHELLE B. LAZARUS, : SAM NUNN, ROGER S. PENSKE, : ROBERT J. SWIERINGA, ROBERT : C. WRIGHT, DOUGLAS A. : WARNER, III, GOLDMAN SACHS : & CO., BANC OF AMERICA : SECURITIES LLC, CITIGROUP : GLOBAL MARKETS INC., : DEUTSCHE BANK SECURITIES : INC., MORGAN STANLEY INC., : BARCLAYS CAPITAL INC., : | CIVIL ACTION NO 09-3787 |

*[Caption continued on next page]*

| | |
|---|---|
| CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, ABN AMRO INC., BANCA IMI S.p.A., BNP PARIBAS SECURITIES CORP., DAIWA SECURITIES AMERICA INC., HSBC SECURITIES (USA) INC., ING FINANCIAL MARKETS LLC, LLOYDS TSB BANK PLC, MERRILL LYNCH, PIERCE FINNER & SMITH INC., MITSUBISHE UFJ SECURITIES INTERNATIONAL plc, MIZUHO SECURITIES USA INC., SANTANDER INVESTMENT SECURITIES INC., SG AMERICAS SECURITIES, LLC, BLAYLOCK ROBERT VAN LLC, CASTLEOAK SECURITIES L.P., SAMUEL A. RAMIREZ & CO. INC., UTENDAHL CAPITAL GROUP, LLC and THE WILLIAMS CAPITAL GROUP, L.P., : : : : : : : : : : : : : : : : : : : : : : : | |
| Defendants. : | |

| | |
|---|---|
| BIMAL K. GUPTA, et al., on behalf of themselves and all others similarly situated, : : : : : Plaintiffs, : : v. : : GENERAL ELECTRIC COMPANY, JEFFREY R. IMMELT, KEITH S. SHERIN, and JAMIE S. MILLER, : : : : Defendants. : | CIVIL ACTION NO. 09-04130 |

*[Caption continued on next page]*

| | |
|---|---|
| ROBERT SCHUYLER WATSON, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. 09-4152 |
| Plaintiff, | |
| v. | |
| GENERAL ELECTRIC COMPANY, JEFFREY R. IMMELT, KEITH S. SHERIN, and JAMIE S. MILLER, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF THE MOTION OF
THE KIRK GROUP FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFFS AND FOR APPROVAL
OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

## I. PRELIMINARY STATEMENT

Presently pending before this Court are at least seven (7) related securities class action lawsuits (the "Actions") brought on behalf of all persons, other than defendants, who are purchasers of General Electric Company's ("GE") common stock from September 25, 2008 through and including March 19, 2009, including purchasers of GE's public offering, dated on or about October 1, 2008 (the "Class Period").[1] The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78j(b) and 78t(a)] and Rule 10b-5 promulgated thereunder by the SEC [17 C.F.R. §240.10b-5] and Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k, 77l(a)(2) and 77o), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

William K. Kirk ("Kirk") and William P. Manca DiVillahermosa ("DiVillahermosa") hereby move this Court for an Order to: (i) consolidate the Actions; (ii) appoint Kirk and DiVillahermosa as the Lead Plaintiffs on behalf of the common stock purchasers in the Actions; and (iii) approve Kirk's and DiVillahermosa's selection of the Law Offices Bernard M. Gross, P.C., as Lead Counsel and Abbey Spanier Rodd & Abrams, LLP ("Abbey Spanier") as Liaison Counsel.

This motion is made on the grounds that Kirk and DiVillahermosa believe that they are the most adequate plaintiffs, as defined by the PSLRA. Kirk and DiVillahermosa suffered combined losses in excess of $273,000.00 in connection with their purchases of GE common stock. *See* Fisch Decl., Ex. B.[2] To the best of their knowledge, this is the greatest loss sustained by any moving Class member or Class member group. In addition, Kirk and DiVillahermosa, adequately satisfy the

---

[1] The class periods in Actions vary but this is the longest period alleged in any of the Complaints.

[2] References to the "Fisch Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Karin Fisch, dated May 4, 2009, and submitted herewith.

requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative Class and that they will fairly and adequately represent the interests of the Class.

## II.   FACTUAL BACKGROUND[3]

GE is a technology, media, and financial services company. GE's financial services arm, GE Capital, has a $660 billion portfolio of assets, including risky assets such as commercial real estate and subprime mortgages.

The Complaints in the Actions allege that defendants made false and misleading statements throughout the Class Period concerning principally, GE's ability to pay its full common stock dividend in 2009. GE, since its inception in 1899, has paid a dividend on its common stock. As the credit crisis, in the capital markets, continued and intensified during the Class Period, the market began to seriously question whether GE would be able to maintain its common stock dividend. After stating on numerous occasions during the Class Period that GE's common stock dividend was safe, defendants suddenly, on February 27, 2009, issued a press release stating that they were cutting GE's common stock dividend by 68% from $0.341 per share, down to only $0.10 per share, commencing with the third quarter of 2009. On this news, the Company's stock price fell sharply.

On March 2, 2009 GE released its 2008 Annual Report, acknowledging that GE's reputation as a growth company was "tarnished" and that 2009 would be more difficult. Defendant Immelt stated:

> In the past, investors asked me what was our target percentage for earnings contribution from financial services and I said below 50%. Going forward we expect 30% of our earnings to come from financial services... Did we end up with too much

---

[3]These facts are drawn from the allegations in the Complaints filed in the Actions.

exposure in certain areas during the credit bubble? Maybe, a few. Today, I wish we had less exposure to commercial real estate and U.K. mortgage.

The Company's stock price fell again on March 3, 2009 and March 4, 2009. On March 5, 2009, GE made another attempt to reassure investors as to GE Capital's soundness. CFO Sherin appeared on CNBC "Squawk Box". On March 5, 2009, however, GE stock price fell again.

On March 19, 2009, GE held an investor conference specifically to discuss GE Capital. During the conference, GE revealed that it cut the 2009 profit estimate for GE Capital in half, and increased loss estimates for asset categories including commercial real estate. Following this disclosure, GE's stock price fell again.

## III. ARGUMENT

### A. The Actions Should Be Consolidated For All Purposes

The Actions all arise from substantially the same set of events and allege substantially similar factual and legal issues. All of the Actions have been filed pursuant to Sections 11, 12 (a)(2) and 15 of the Securities Act of 1933 and/or Section 10(b) and 20(A) of the Exchange Act, and name, principally, the same defendants.

All of the Actions were brought by investors who were injured by purchasing and/or obtaining GE common stock during the Class Period. Moreover, each of the Actions alleges that during the Class Period the prices of GE common stock were inflated due to the intentional and/or reckless dissemination of materially false and/or misleading statements by the defendants.

Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B.    Kirk and DiVillahermosa Should Be Appointed Lead Plaintiffs

#### 1.    The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in each private action arising under the Securities Act and the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See, e.g.*, 15 U.S.C. §77z-1 and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See, e.g.*, 15 U.S.C. §77z-1(a)(3)(A)(i). The first notice regarding the pendency of the Actions was published on *Business Wire*, a national, business-oriented newswire service, on March 4, 2009. *See* Fisch Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See, e.g.*, 15 U.S.C. §§77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See, e.g.*, 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2.   Kirk and DiVillahermosa Satisfy the "Lead Plaintiff" Requirements of the PSLRA

#### a.   Kirk and DiVillahermosa Have Complied with the PSLRA and Should Be Appointed Lead Plaintiffs

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) and 15 U.S. C. §77z-1(a)(3)(A)(i) expires on May 4, 2009.[4] Kirk and DiVillahermosa are timely moving this Court to be appointed Lead Plaintiffs on behalf of all members of the Class.

Kirk and DiVillahermosa have duly signed and filed certifications stating that they are willing to serve as the representative parties on behalf of the Class. *See* Fisch Decl., Ex. C. In addition, Kirk and DiVillahermosa have selected and retained competent counsel to represent themselves and the Class. *See* Fisch Decl., Exs. D-E.

#### b.   Kirk and DiVillahermosa Have the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Fisch Decl., Ex. C, Kirk and DiVillahermosa incurred a substantial aggregate loss of $273,000 on their transactions in GE common stock. *See* Fisch Decl., Ex. B. Kirk and

---

[4] The first notice filed announced the lead plaintiff filing date of May 2, 2009, which is a Saturday. Thus, May 4, 2009 is the appropriate date for the lead plaintiff motion to be filed.

DiVillahermosa, thus, have a significant financial interest in this case which they believe is the largest financial interest of all movants.[5]

### c.    Kirk and DiVillahermosa Otherwise Satisfy Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re McDermott Int'l, Inc., Sec. Litig.*, 2009 U.S. Dist. LEXIS 21539 (S.D.N.Y. March 6, 2009); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp 2d 388 (S.D.N.Y. 2008) Kirk and DiVillahermosa satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 126 (S.D.N.Y. 1997). Typicality does not require that there be no factual

---

[5] Although the PSLRA is silent as to the manner in which the "largest financial interest" should be calculated, courts have addressed the following relevant factors: (1) the number of shares; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiff during the class period; and (4) the approximate losses suffered by the plaintiff. *In re McDermott Int'l, Inc., Sec. Litig.*, 2009 U.S. Dist. LEXIS 21539, at *6 (S.D.N.Y. March 6, 2009); *In re GPC Biotech AG Sec. Litig.*, 2008 U.S. Dist. LEXIS 3045, at *5 (S.D.N.Y. Jan. 8, 2008).

differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath,* 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 20, 2004)

Kirk and DiVillahermosa satisfy the typicality requirement because, just like all other Class members, they: (1) purchased GE common stock during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Kirk and DiVillahermosa to represent the Class to the existence of any conflicts between the interest of Kirk and DiVillahermosa and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the Class representatives' claims conflict with those of the Class; and (ii) whether Class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.,* 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 24, 2004).

Here, Kirk and DiVillahermosa are adequate representatives of the Class. As evidenced by the injuries suffered by Kirk and DiVillahermosa and the Class, the interests of Kirk and DiVillahermosa are clearly aligned with the members of the Class, and there is no evidence of any

antagonism Kirk's and DiVillahermosa's interests and those of the other members of the Class. Importantly, Kirk and DiVillahermosa are committed to actively staying involved in the monitoring and oversight of this litigation, as well as continuing to oversee the filing and preparation of pleadings by counsel.

Further, Kirk and DiVillahermosa have taken significant steps which demonstrate they will protect the interests of the Class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Kirk and DiVillahermosa proposed Lead Counsel and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Kirk and DiVillahermosa *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

Accordingly, Kirk and DiVillahermosa have satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of Lead Counsel and Liaison Counsel, as set forth herein, considered and approved by the Court.

### C. The Court Should Approve Kirk and DiVillahermosa Choice of Lead Counsel and Liaison Counsel

Pursuant to the PSLRA, the proposed lead plaintiffs shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Kirk and DiVillahermosa's selection of Law Offices Bernard M. Gross, P.C., as Lead Counsel and Abbey Spanier, as Liaison Counsel, have substantial experience in the litigation of shareholder and securities class actions. *See* Fisch Decl., Exs. D-E. Accordingly, the Court should approve Kirk and DiVillahermosa's selection of Lead Counsel and Liaison Counsel.

## IV. CONCLUSION

For all the foregoing reasons, Kirk and DiVillahermosa respectfully request that the Court: (i) consolidate the Actions; (ii) appoint Kirk and DiVillahermosa as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead Counsel and Liaison Counsel; and (iv) grant such other relief as the Court may deem just and proper.

Dated: May 4, 2009

**ABBEY SPANIER RODD & ABRAMS, LLP**

By: /s/ Karin E. Fisch
Karin E. Fisch (KF-1082)
Nancy Kaboolian (NK-6346)
212 East 39th Street
New York, NY 10016
Tel.: 212-889-3700
Fax: 212-684-5191
Kfisch@abbeyspanier.com
Nkaboolian@abbeyspanier.com

*Proposed Liaison Counsel*

**LAW OFFICES
BERNARD M. GROSS, P.C.**
Deborah R. Gross
Robert P. Frutkin
Suite 450, Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107
Telephone: 215-561-3600
Fax: 215-561-3000

*Proposed Lead Counsel*