**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREN A. CHRISTIANSEN, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>JEFFREY R. IMMELT, BRACKETT B. DENNISTON, III, PAMELA DALEY, KATHRYN A. CASSIDY, JAMIE S. MILLER, JOHN KRENICKI, JOHN F. LYNCH, JOHN G. RICE, and GENERAL ELECTRIC COMPANY,<br><br>        Defendants. | ECF Case<br><br>Case No. 09 Civ. 1951 (DC)<br><br>Honorable Denny Chin<br><br>Oral Argument Requested |
| BRUCE MORGAN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>GENERAL ELECTRIC COMPANY and JEFFREY R. IMMELT,<br><br>        Defendants. | Case No. 09 Civ. 2084 (DC) |
| [Caption continued on following page] | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**JACK ANTARAMIAN'S MOTION FOR**
**(1) CONSOLIDATION OF RELATED ACTIONS;**
**(2) APPOINTMENT OF LEAD PLAINTIFF; AND**
**(3) APPROVAL OF SELECTION OF LEAD COUNSEL**

{00014233.1 }

| | |
|---|---|
| DENIS G. PARE, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JEFFREY R. IMMELT, BRACKETT B. )<br>DENNISTON, III, PAMELA DALEY, )<br>KATHRYN A. CASSIDY, JAMIE S. )<br>MILLER, JOHN KRENICKI, JOHN F. )<br>LYNCH, JOHN G. RICE, and )<br>GENERAL ELECTRIC COMPANY, )<br>)<br>Defendants. ) | Case No. 09 Civ. 2566 (DC) |
| JAMES KLEIN, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GENERAL ELECTRIC )<br>COMPANY, JEFFREY R. IMMELT, )<br>KEITH S. SHERIN, and JAMIE S. )<br>MILLER, )<br>)<br>Defendants. ) | Case No. 09 Civ. 2582 (DC) |
| BIMAL K. GUPTA and POONAM GUPTA, on behalf of themselves and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>JEFFREY R. IMMELT and GENERAL ELECTRIC COMPANY, )<br>)<br>Defendants. ) | Case No. 09 Civ. 4130 (UA) |

{00014233.1 }

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | STATEMENT OF FACTS | | 3 |
| | A. | The Related Actions Arise from GE's Alleged False Promises to Pay Stock Dividends | 3 |
| | | 1. GE's Alleged Reassurance | 4 |
| | | 2. GE's Dividend Cuts and Stock Price Plunge | 4 |
| | | 3. Common Theory of Recovery | 4 |
| | B. | As a Class Member, Mr. Antaramian Lost $3,420,800 and Timely Moves for Appointment As Lead Plaintiff | 5 |
| | C. | *Brockton* Differs from the Related Actions in Terms of Parties, Underlying Events, and Class Definitions | 6 |
| III. | ARGUMENT | | 7 |
| | A. | Consolidation of the Related Actions Serves Judicial Economy Because They Raise Common Issues of Law and Fact | 7 |
| | | 1. The Related Actions Arise from the Same Events and Seek Recovery for the Same Class of Plaintiffs Based on the Same Theory | 7 |
| | | 2. *Brockton* Differs from the Related Actions in Terms of Class Definition, Parties, and Underlying Events and Should Therefore Proceed Separately | 8 |
| | B. | Mr. Antaramian Should Be Appointed Lead Plaintiff Because He Has a Significant Financial Interest – approximately $3,420,800 – in the Related Actions | 9 |
| | | 1. Mr. Antaramian Has Satisfied the PSLRA's Three Procedural Requirements | 9 |

2. Mr. Antaramian Is the Presumptive Lead Plaintiff Because He Lost Approximately $3,420,800 as a Result of the Alleged Fraud and Because He Meets Rule 23's Requirements ............................................................................. 10

    (a) Mr. Antaramian Has the Requisite Financial Interest in the Related Actions to Serve as Lead Plaintiff ................................................................................. 11

    (b) Mr. Antaramian's Claims Meet Rule 23's Requirements ................................................................................ 11

        (i) Typicality .......................................................................... 11

        (ii) Adequacy .......................................................................... 12

3. No Evidence Exists to Rebut Mr. Antaramian's Presumptive Lead-Plaintiff Status ............................................................... 13

C. The Court Should Approve Mr. Antaramian's Selection of Lead Counsel Because Johnson Bottini, LLP Has Substantial Experience and the Resources to Pursue the Class Claims ................................... 13

IV. CONCLUSION .............................................................................................. 14

## I.  INTRODUCTION

As this Court recently observed, to protect parties with "significant financial interests" in securities class actions, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") affords a presumption that the class member who has suffered the largest financial loss should be designated as lead plaintiff upon his motion so that he can control the management of the litigation. *In re McDermott Int'l, Inc. Secs. Litig.*, No. 08 Civ. 9943 (DC), 2009 U.S. Dist. LEXIS 21539, at *3 (S.D.N.Y. Mar. 6, 2009) (Chin, J.).  Jack Antaramian is entitled to the presumption of lead plaintiff in five putative securities class actions against General Electric Company ("GE") and its officers under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA (15 U.S.C. §§ 78(j)(b) and 78(t) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5)) because:

- (1) he purchased 900,000 shares of GE common stock during the class period – between December 16, 2008 and February 27, 2009; and
- (2) as a result of his purchases, he lost approximately $3,420,800.

Accordingly, he seeks this Court's approval for him to manage these actions as Lead Plaintiff under Section 21D(a)(3)(B) of the Exchange Act.  Mr. Antaramian also moves the Court to approve his selection of Johnson Bottini, LLP as Lead Counsel and consolidate the following five related actions:

- *Christiansen v. Immelt et al.*, No. 09 Civ. 1951 (DC);
- *Morgan v. General Electric Co. et al.*, No. 09 Civ. 2084 (DC);
- *Pare v. Immelt et al.*, No. 09 Civ. 2566 (DC);

- *Klein v. General Electric Co. et al.*, No. 09 Civ. 2582 (DC); and

- *Gupta et al. v. Immelt et al.*, No. 09 Civ. 4130 (UA).

*Christiansen*, *Morgan*, *Pare*, *Klein*, and *Gupta* (collectively, the "Related Actions") are predicated upon GE's alleged promises to maintain its century-old practice of paying substantial stock dividends in 2009.  Because the Related Actions raise common issues of law and fact, consolidation is necessary to promote efficiency and judicial economy.

In contrast, *City of Brockton Contributory Retirement System v. General Electric Co. et al.*, No. 09 Civ. 3787 (DC) ("*Brockton*"), is predicated upon alleged misrepresentations made by GE's officers and directors, as well as its underwriters.  These alleged misrepresentations were made between September 2008 and March 2009, and were related to GE's October 2008 public offering.  *Brockton* raises issues beyond the Related Actions' scope and class period and should therefore proceed separately.

Mr. Antaramian requests that the Court appoint him as Lead Plaintiff because, as demonstrated in his certification, his purchase of 900,000 shares of GE common stock during the class period resulted in a loss to him of approximately $3,420,800.  The magnitude of his damages not only erases any doubt of his interest in maximizing recovery for the class, but also ensures his active management of the Related Actions.  Thus, appointing him as Lead Plaintiff will promote the PSLRA's policy of protecting investors who have a significant financial interest in the litigation.

Finally, Mr. Antaramian has selected Johnson Bottini, LLP as Lead Counsel because the firm has the requisite experience and resources to pursue the class claims.  Accordingly, the Court should approve Mr. Antaramian's selection of Lead Counsel.

## II.     STATEMENT OF FACTS

The following facts are derived from:

- the complaints filed in the Related Actions and *Brockton* (attached as Exhibits E through J to the Declaration of Albert Y. Chang in Support of Jack Antaramian's Motion for (1) Consolidation of Related Actions; (2) Appointment of Lead Plaintiff; and (3) Approval of Selection of Lead Counsel ("Chang Decl."));

- the class notice in *Christiansen* (attached as Exhibit A to Chang Decl.);

- a loss sheet listing Mr. Antaramian's trading of GE common stock during the class period (attached as Exhibit B to Chang Decl.); and

- Mr. Antaramian's Certification of Proposed Lead Plaintiff (attached as Exhibit C to Chang Decl.).

Central to this motion are three questions: (1) whether the Related Actions raise common issues of law or fact; (2) whether Mr. Antaramian has a significant financial interest in the Related Actions and is the most adequate movant to serve as Lead Plaintiff; and (3) whether the Related Actions should proceed separately from *Brockton*. As discussed below, the record compels a positive answer to each question.

### A.     The Related Actions Arise from GE's Alleged False Promises to Pay Stock Dividends

GE has paid a substantial dividend on its common stock in the past 100 years. *E.g.*, *Pare* Compl. ¶24. Between December 16, 2008 and February 27, 2009, GE allegedly made statements reassuring investors that its dividend payments would continue. *See id.* ¶¶ 24-26; *see also Gupta* Compl. ¶¶ 10-12.

### 1. GE's Alleged Reassurance

GE's Chairman, defendant Jeffrey R. Immelt, allegedly made some of the reassuring statements. *Pare* Compl. ¶¶ 24-25; *see also Christiansen* Compl. ¶¶ 24-25; *Morgan* Compl. ¶¶ 22-24; *Klein* Compl. ¶¶ 23-25; *Gupta* Compl. ¶ 12. At a January 23, 2009 televised interview, he allegedly stated "that GE had $48 billion in cash, and that its operating model would unequivocally assure continued dividend payments." *Pare* Compl. ¶ 24; *see also Christiansen* Compl. ¶ 24; *Morgan* Compl. ¶ 22; *Klein* Compl. ¶ 24; *Gupta* Compl. ¶ 12.

In addition to Immelt's statements, GE allegedly boasted its earnings in a December 16, 2008 press release. *Gupta* Compl. ¶ 10. And in a presentation on the same day, GE projected a $1.24-per-share dividend payment for 2009. *Id.* ¶ 11.

### 2. GE's Dividend Cuts and Stock Price Plunge

Despite these statements, GE announced on February 27, 2009 that its quarterly dividend payment would drop by 68%. *Pare* Compl. ¶ 26; *see alsoChristensen* Compl. ¶ 26; *Morgan* Compl. ¶ 28; *Klein* Compl. ¶ 33; *Gupta* Compl. ¶ 13. This announcement stunned investors, and immediately after the announcement, the price of GE common stock plunged by 10.7%. *Pare* Compl. ¶ 27; *see also Christensen* Compl. ¶ 27; *Morgan* Compl. ¶ 28; *Klein* Compl. ¶ 34; *Gupta* Compl. ¶ 14.

### 3. Common Theory of Recovery

On March 3, 2009, the first of the Related Actions was commenced. The Related Actions allege one unified theory of recovery against GE and eight of its officers: defendants intentionally or recklessly disseminated false promises to pay dividends, causing damages to the class. *E.g.*, *Pare* Compl. ¶¶ 35-39.

The Related Actions provide nearly identical class definitions – all purchasers of GE common stock who suffered damages as a result of the alleged false statements. The earliest false statement alleged in *Christensen*, *Morgan*, *Pare*, and *Klein* was made on January 23, 2009. *E.g.*,*Pare* Compl. ¶ 24. *Gupta* alleges that GE made false statements on December 16, 2008. *Gupta* Compl. ¶¶ 10-11.Accordingly, the class period for the Related Actions is between December 16, 2008 and February 27, 2009. *Id.* ¶ 1.

### B. As a Class Member, Mr. Antaramian Lost $3,420,800 and Timely Moves for Appointment As Lead Plaintiff

Like other class members, Mr. Antaramian relied on the alleged misrepresentations. As demonstrated in his certification, he paid a total of $12,947,100 for 900,000 shares of GE common stock in nine transactions during the class period:

| Transaction Date | Number of Shares | Share Price | Total Cost |
| --- | --- | --- | --- |
| December 26, 2008 | 100,000 | $16.000 | $1,600,000 |
| January 2, 2009 | 100,000 | $16.489 | $1,648,900 |
| January 2, 2009 | 100,000 | $16.620 | $1,662,000 |
| January 6, 2009 | 100,000 | $16.588 | $1,658,800 |
| January 8, 2009 | 100,000 | $15.774 | $1,577,400 |
| January 21, 2009 | 100,000 | $12.998 | $1,299,800 |
| February 3, 2009 | 100,000 | $11.786 | $1,178,600 |
| February 6, 2009 | 100,000 | $10.990 | $1,099,000 |
| February 10, 2009 | 100,000 | $12.226 | $1,222,600 |
| **Total Purchase** | **900,000** | | **$12,947,100** |

Chang Decl. Exs. B-C. He sold all 900,000 shares within the class period and suffered approximately $3,420,800 in damages. *Id.*

To ensure his lead role in the Related Actions, Mr. Antaramian files the present motion on May 4, 2009 – within 60 days of the March 4, 2009 publication of the class notice in *Christiansen*. *See* Chang Decl. Ex. B.

### C. *Brockton* Differs from the Related Actions in Terms of Parties, Underlying Events, and Class Definitions

Compared with the Related Actions, *Brockton* seeks recovery for a wider class of plaintiffs and implicates a larger group of defendants. *Brockton*'s class period stretches from September 25, 2008 to March 19, 2009. *Brockton* Compl. ¶ 1. The *Brockton* complaint names GE, *ten officers, 14 directors, and 26 underwriters as defendants*. *Id.* ¶¶ 11-64. As a result, *Brockton* involves dozens more parties than the Related Actions.

More importantly, *Brockton*'s central allegation concerns GE's October 2008 offering of common stock. *Brockton* Compl. ¶ 1. Alleging that GE, through its officers, directors, and underwriters, misrepresented its financial conditions before and after this offering, the complaint is predicated upon events that go far beyond GE's alleged false promises to pay dividends. *Id.* ¶¶ 69-80. For example, the complaint identifies a series of public statements in which GE allegedly exaggerated its cash reserve and concealed its risks:

- September 25, 2008 press release and investor update;
- Form 10-Q dated October 30, 2008;
- November 13, 2008 online statement; and
- December 2, 2008 press release.

*Id.* ¶¶ 76-79. These alleged statements fall outside the scope of the Related Actions. Accordingly, as discussed below, *Brockton* and the Related Actions should proceed separately.

### III. ARGUMENT

#### A. Consolidation of the Related Actions Serves Judicial Economy Because They Raise Common Issues of Law and Fact

##### 1. The Related Actions Arise from the Same Events and Seek Recovery for the Same Class of Plaintiffs Based on the Same Theory

Under Federal Rule of Civil Procedure Rule 42, the Court has broad discretion to consolidate actions that "involve a common question of law or fact." FED. R. CIV. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). In exercising discretion, the Court should favor consolidation in order to conserve judicial resources and avoid unnecessary costs or delay. *Johnson*, 899 F.2d at 1285; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (requiring courts to determine a motion to consolidate before appointing lead plaintiffs).

Here, the complaints in the Related Actions unmistakably identify common issues of law and fact for two reasons. First, each complaint alleges that GE made various statements indicating its intention to pay substantial stock dividends in 2009. For example, on December 16, 2009, GE stated that it planned to pay dividends at $1.24 per share in 2009. *Gupta* Compl. ¶ 11. And on January 23, 2009, Immelt stated that GE would continue its century-old practice of paying dividends. *Id.* ¶ 12; *see also Christiansen* Compl. ¶ 24; *Morgan* Compl. ¶ 22; *Pare* Compl. ¶ 24; *Klein* Compl. ¶ 24.

Second, each complaint seeks redress on behalf of all purchasers of GE common stock who were damaged as a result of the GE's alleged false promises to pay dividends. *E.g.*, *Pare* Compl. ¶ 17. The events giving rise to the class claims occurred within a three-month period between December 16, 2008 and February 27, 2009. *Id.* ¶ 1; *see also Christiansen* Compl. ¶ 1; *Morgan* Compl. ¶ 1; *Klein* Compl. ¶ 1; *Gupta* Compl. ¶ 1.

Accordingly, the Related Actions allege a common theory of recovery based on common events. As a result, consolidation of the Related Actions is appropriate. *See*, *e.g.*,*Ellison v. Am. Image Motor Co., Inc.*, Nos. 97 Civ. 3608 (DC) *et al.*, 2000 U.S. Dist. LEXIS 22311, at *12 (S.D.N.Y. Jan. 31, 2000) (Chin, J.) (consolidating securities-fraud actions where plaintiffs raised similar arguments to prove liability).

### 2. *Brockton* Differs from the Related Actions in Terms of Class Definition, Parties, and Underlying Events and Should Therefore Proceed Separately

In sharp contrast, *Brockton* seeks recovery for a much larger class of plaintiffs – all purchasers of GE common stock between September 25, 2008 and March 19, 2009, as well as all purchasers in GE's October 2008 public offering. *Brockton* Compl. ¶ 1. *Brockton* also implicates 26 underwriters and over a dozen GE officers and directors, who are not parties to the Related Actions. Nor is the core event giving rise to *Brockton* – GE's October 2008 public offering – implicated in the Related Actions.

The differences in class definition, parties, and underlying events between *Brockton* and the Related Actions counsel against consolidating these actions. The Related Actions involve a fewer number of factual issues than *Brockton*, because of the shorter class period, the smaller number of defendants, and the narrower scope of alleged misrepresentations. As a result, plaintiffs in the Related Actions may be subjected to lengthier and more complex discovery if they are required to litigate in a consolidated case with the *Brockton* class. Thus, prejudice may result from consolidating *Brockton* and the Related Actions. *See Johnson*, 899 F.2d at 1285 (instructing the district courts to consider "risks of prejudice and confusion" before consolidating cases).

Accordingly, where, as here, consolidation may hinder the "just, speedy, and inexpensive" resolution of an action, the Court should allow the Related Actions to proceed separately from *Brockton*. FED. R. CIV. P. 1. The fact that the Related Actions and *Brockton* share some common allegations, such as Immelt's televised statements, cannot change this conclusion because issues surrounding GE's October 2008 public offering predominate *Brockton*.

**B. Mr. Antaramian Should Be Appointed Lead Plaintiff Because He Has a Significant Financial Interest – approximately $3,420,800 – in the Related Actions**

**1. Mr. Antaramian Has Satisfied the PSLRA's Three Procedural Requirements**

Mr. Antaramian's motion is properly before the Court because he has complied with the PSLRA's procedural requirements. First, in compliance with 15 U.S.C. § 78u-4(a)(2), he submits a sworn Certification of Proposed Lead Plaintiff stating that (1) he reviewed the complaint; (2) he did not purchase the securities at the direction of counsel or to participate in a lawsuit; and (3) he attached a list identifying his transactions of GE common stock during the class period. Chang Decl. Ex. C. Second, in compliance with 15 U.S.C. § 78u-4(a)(3)(A), a notice was published on Global Newswire on March 4, 2009 – within 20 days after the *Christiansen* complaint was filed, informing class members of the pendency of the action and their right to move for appointment as lead plaintiff. *See* Chang Decl. Ex. A. This notice clearly states the class claims and the class period and therefore satisfies the requirements of 15 U.S.C. § 78u-4(a)(3)(A). *See id.* Third, Mr. Antaramian timely files the present motion on May 4, 2009 – within 60 days after the March 4, 2009 publication of the notice. 15 U.S.C. § 78u-4(a)(3)(B).

Because the PSLRA's procedural requirements are met, the Court should apply a two-step analysis to determine Mr. Antaramian's lead-plaintiff status: (1) whether he is entitled to the statutory presumption as the most adequate plaintiff; and (2) if he is, whether the presumption can withstand rebuttal. As demonstrated below, the Court should answer both questions in the positive.

### 2. Mr. Antaramian Is the Presumptive Lead Plaintiff Because He Lost Approximately $3,420,800 as a Result of the Alleged Fraud and Because He Meets Rule 23's Requirements

The PSLRA requires the Court to appoint a "lead plaintiff" in private securities class actions. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "lead plaintiff" is "the member or members of the purported plaintiff class that the [C]ourt determines to be most capable of adequately representing the interests of class members." *Id.* The PSLRA sets forth a rebuttable presumption that "the most adequate plaintiff" is "the person or group of persons" who (a) has either filed the complaint or made a motion for appointment as lead plaintiff, (b) has "the largest financial interest in the relief sought by the class," and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Accordingly, the Court must first determine which member or group of members of the class is entitled to this statutory presumption. *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004) (Stein, J.). To make this determination, the Court may consider the gross number of shares purchased and the net loss. *Id.*

### (a) Mr. Antaramian Has the Requisite Financial Interest in the Related Actions to Serve as Lead Plaintiff

As demonstrated in Mr. Antaramian's certification, he purchased 900,000 shares of GE common stock between December 16, 2008 and February 27, 2009. Chang Decl. Exs. B-C. As a result of these purchases, he suffered approximately $3,420,800 in damages. Chang Decl. Ex. B. Based on the number of shares and the amount of loss, he is qualified to become the presumptive most adequate plaintiff. *See In re McDermott Int'l, Inc. Secs. Litig.*, 2009 U.S. Dist. LEXIS 21539, at *9-10 (holding that a class member with nearly $3 million in damages was entitled to the presumption).

### (b) Mr. Antaramian's Claims Meet Rule 23's Requirements

In addition to the amount of damages, Mr. Antaramian must show that his claims satisfy Rule 23's requirements. To meet this burden, he need only make a "preliminary showing" that he his claims are typical of the class claims and that he is an adequate class representative. *Id.* at *6. As demonstrated below, he can easily pass muster.

### (i) Typicality

Under Rule 23, typicality exists where Mr. Antaramian's claims and the class claims arise from the same series of events and are based on the same legal theories. *Rossini v. Oglivy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). To establish typicality, his claims need not be identical to those of the class. *Wright v. Stern*, No. 01 Civ. 4437 (DC), 2003 U.S. Dist. LEXIS 11589, at *18 (S.D.N.Y. July 9, 2003) (Chin, J.).

Mr. Antaramian's claims are typical because, just like other class members, he (1) purchased GE common stock during the class period; (2) made these purchases in reliance upon the alleged misrepresentations regarding dividend payments; and (3) suffered damages as a result of these purchases. Chang Decl. Ex. C. Because his claims

arise from the same course of conduct that give rise to the class claims, he satisfies the typicality requirement. *Caiafa v. Sea Containers, Ltd.*, No. 06 Civ. 2565 (RMB), 2006 U.S. Dist. LEXIS 57776, at *6 (S.D.N.Y. Aug. 14, 2006) (Berman, J.).

### (ii)     Adequacy

To determine adequacy, the Court should consider two issues:  (1) whether Mr. Antaramian's claims conflict with those of the class; and (2) whether class counsel is qualified. *In re the Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  Mr. Antaramian clears both hurdles.

First, the fact that he suffered over $3 million in damages compels the conclusion that his interest is aligned with that of the class.  *Id.* To maximize recovery for himself and other class members, he has retained experienced counsel to pursue the class claims. *See Caiafa*, 2006 U.S. Dist. LEXIS 57776, at *8 n.3 (appointing lead plaintiff who retained experienced counsel).

Second, as demonstrated below, his proposed Lead Counsel, Johnson Bottini, LLP, and his Proposed Liaison Counsel, Horwitz, Horwitz & Paradis, are highly qualified, experienced, and able to litigate the class claims in a professional manner. Accordingly, Mr. Antaramian has sufficiently established his entitlement to the presumption of the most capable plaintiff.

### 3.     No Evidence Exists to Rebut Mr. Antaramian's Presumptive Lead-Plaintiff Status

Once the court finds a presumptive lead plaintiff, other members of the purported class may try to rebut the presumption by showing that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is, because of "unique defenses," incapable of adequately representing the class.  *See* 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II).  As demonstrated above, the record clearly demonstrates the typicality of Mr. Antaramian's claims and the adequacy of his role as Lead Plaintiff.  Absent evidence rebutting this strong showing, Mr. Antaramian's presumptive status as Lead Plaintiff stands.  *In re McDermott Int'l, Inc. Secs. Litig.*, 2009 U.S. Dist. LEXIS 21539, at **9-10.

### C. The Court Should Approve Mr. Antaramian's Selection of Lead Counsel Because Johnson Bottini, LLP Has Substantial Experience and the Resources to Pursue the Class Claims

Under the PSLRA, Mr. Antaramian, as Lead Plaintiff, must select and retain counsel to represent the class.  15 U.S.C. § 78u-4(a)(3)(B)(v).  His selection is subject to this Court's approval.  *Id.*  To comply with this provision, Mr. Antaramian has retained Johnson Bottini, LLP as Lead Counsel and Horwitz, Horwitz & Paradis as Liaison Counsel.  Chang Decl. ¶ 1.  As demonstrated in its resume, Johnson Bottini, LLP and its attorneys have played a significant role in numerous securities class actions.  Chang Decl. Ex. D.  Johnson Bottini, LLP's success record reflects the skills and dedication of its attorneys.  *See id.* In addition to its substantial experience, Johnson Bottini, LLP has the necessary resources to pursue the class claims.  *See id.*

Moreover, Johnson Bottini, LLP has the support of Horwitz, Horwitz& Paradis as Liaison Counsel.  Horwitz, Horwitz & Paradis is headquartered in New York City and has substantial experience in securities class actions.  *See* Chang Decl. Ex. K.  Accordingly, the Court should approve Mr. Antaramian's selection of Lead Counsel and Liaison Counsel. *In re McDermott Int'l, Inc. Secs. Litig.*, 2009 U.S. Dist. LEXIS 21539, at *17 (approving counsel selection based on lead plaintiff's choice).

## IV. CONCLUSION

In view of Mr. Antaramian's significant stake in the Related Actions, this Court should appoint him as Lead Plaintiff because the PSLRA aims to protect investors who have the most significant financial interest in the litigation. The Court should also approve his selection of Lead and Liaison Counsel and consolidate the Related Actions.

Dated:  May 4, 2009                                   Respectfully submitted,

HORWITZ, HORWITZ& PARADIS

BY:   s/ Michael A. Schwartz

Michael A. Schwartz (MS-2352)
Paul O. Paradis (PP-9335)
Frank R. Schirripa (FS-1960)

28 West 44th Street, 16th Floor
New York, NY 10036
Tel: (212) 404-2200
Fax: (212) 404-2226

*Liaison Counsel for Jack Antaramian*

JOHNSON BOTTINI, LLP
Francis A. Bottini, Jr.
Albert Y. Chang (AC-5415)
655 West Broadway, Suite 1400
San Diego, CA 92101
Tel:  (619) 230-0063
Fax:  (619) 233-5535
E-Mail:  frankb@johnsonbottini.com
           albertc@johnsonbottini.com

*Attorneys for Jack Antaramian*