# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ──────────────────────── | ) | |
| | ) | **Civ. No. 09-CIV-1951 (DLC)** |
| | ) | |
| **In re General Electric Co. Sec. Litig.** | ) | **ECF CASE** |
| | ) | |
| | ) | |
| ──────────────────────── | ) | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Lead Plaintiff, the State Universities Retirement System of Illinois, on behalf of itself and the proposed Settlement Class,[1] and General Electric Company, Jeffrey R. Immelt, and Keith S. Sherin. Subject to the terms and conditions set forth herein, and the Court's approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, the settlement embodied in this Stipulation is intended by the Settling Parties to: (a) be a full and final disposition of the Action with respect to the Settling Defendants; and (b) fully, finally, and forever resolve, discharge, dismiss, and settle the Released Plaintiffs' Claims against the Released Defendants.

**WHEREAS**:

    A.  Beginning in March 2009, several class action complaints were filed in the United States District Court for the Southern District of New York by and on behalf of investors in GE Common Stock alleging claims arising under the federal securities laws, naming as defendants GE, certain of GE's officers and directors, and the underwriters for GE's October 2008 secondary offering of GE Common Stock:

---

[1] All capitalized words or terms not otherwise defined herein have the meaning set forth in Paragraph 1 of this Stipulation, entitled "Definitions."

      i.   *Christiansen v. Immelt*, No. 09 Civ. 1951;

     ii.   *Morgan v. General Electric Company*, No. 09 Civ. 2084;

   iii.   *Pare v. Immelt*, No. 09 Civ. 2566;

   iv.   *Klein v. General Electric Company*, No. 09 Civ. 2582;

    v.   *City of Brockton Contributory Retirement System v. General Electric Co.*, No. 09 Civ. 3787;

   vi.   *Gupta v. Immelt*, No. 09 Civ. 4130; and

  vii.   *Watson v. General Electric Company*, No. 09 Civ. 4152.

B.  On July 29, 2009, the Court[2] issued a Memorandum Decision (i) consolidating the above-referenced actions under the caption *In re General Electric Co. Securities Litigation*, 09 Civ. 1951 (DC); (ii) appointing the State Universities Retirement System of Illinois as Lead Plaintiff; and (iii) appointing Berman DeValerio as Lead Counsel and Lowey Dannenberg Cohen & Hart, P.C. as Liaison Counsel.

C.  On October 2, 2009, Lead Plaintiff filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "CAC"). The CAC alleged violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder on behalf of a proposed class of all persons or entities that, between September 25, 2008 and March 19, 2009, inclusive, purchased or otherwise acquired GE Common Stock.

D.  On November 24, 2009, Defendants filed motions to dismiss the CAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[2] As stated below, the Action was reassigned to the Honorable Richard J. Holwell and thereafter to the Honorable Denise L. Cote. For consistency in the "WHEREAS" section of this Stipulation, the Court shall mean the Judge assigned to the Action at the time.

E.   On April 28, 2010, following Judge Chin's appointment to the United States
Court of Appeals for the Second Circuit, the Action was reassigned to the Honorable Richard J.
Holwell.

F.   While the motions to dismiss were pending, on June 9, 2010, Lead Plaintiff
amended its complaint, filing the Second Consolidated Class Action Complaint for Violations of
the Federal Securities Laws ("SAC"), which is the operative complaint in the Action. The class
period alleged in the SAC remained as set forth in Paragraph C, above.

G.   On June 30, 2010, Defendants filed motions to dismiss the SAC.

H.   On January 11, 2012, the Court granted in part and denied in part Defendants'
motions to dismiss. As part of that Order, the Court dismissed all claims against defendants
Michael A. Neal, Jeffrey S. Bornstein, and William H. Cary.

I.   On January 26, 2012, Defendants (other than Messrs. Neal, Bornstein, and Cary)
jointly filed motions for partial reconsideration with respect to all remaining claims brought
under the Securities Act. Also on January 26, 2012, GE and Keith S. Sherin filed a motion for
partial reconsideration with respect to certain of the remaining claims brought under the
Exchange Act.

J.   While the motions for reconsideration were pending, on February 7, 2012, after
Judge Holwell's retirement, the Action was reassigned to the Honorable Denise L. Cote.

K.   On February 29, 2012, Defendants (other than Messrs. Neal, Bornstein, and Cary)
filed Answers to the SAC, denying its material allegations and alleging affirmative defenses
thereto.

L.   The Court held a scheduling conference on March 6, 2012. At that conference, the
Court ordered that the January 26, 2012 motions would be construed as joint motions for

reconsideration and for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. The Court also directed the parties to engage in settlement discussions. In conformity with that direction, the Settling Parties engaged the Honorable Daniel R. Weinstein (ret.) ("Judge Weinstein"), a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the Action. On April 18, 2012, the Court granted the joint motions for partial reconsideration and for judgment on the pleadings with respect to the Securities Act claims and denied those motions with respect to the Exchange Act claims. The Court also dismissed all remaining claims against the Underwriter and the Director Defendants, leaving only the Exchange Act claims pending against the remaining Defendants: GE, Jeffrey R. Immelt, and Keith S. Sherin.

M.  Discovery commenced, including the production of documents by Defendants (except the Underwriter Defendants), Lead Plaintiff, and third parties, which resulted in the production of nearly two million pages of documents, including the production of over 1.8 million pages by GE and the Individual Defendants.

N.  On May 9, 2012, Lead Plaintiff moved for leave to file an amended complaint to reallege certain of its Securities Act claims dismissed in the Court's April 18, 2012 Opinion and Order. On July 12, 2012, the Court denied Lead Plaintiff's motion.

O.  On July 31, 2012, the Settling Parties, through counsel, met with Judge Weinstein concerning a possible settlement of the Action. The July 31 mediation was productive, but it did not result in a resolution of the Action.

P.  On November 2, 2012, Lead Plaintiff moved for leave to file an amended complaint supplementing the loss-causation allegations of the SAC. In support of this motion, Plaintiff submitted a declaration from its consulting expert, Mr. Frank Torchio of Forensic

Economics, Inc., that analyzed the statistical significance of movements in the price of GE Common Stock between September 25, 2008 through March 19, 2009, inclusive, and other economic evidence concerning Lead Plaintiff's claims. Based on Lead Plaintiff's expert's analysis, in its motion, Lead Plaintiff informed the Court that (i) "as to certain of the curative disclosures alleged in the Complaint, specifically February 27, 2009, March 2, 2009, and March 19, 2009, while they are related to the allegations regarding defendants' misrepresentations and correspond with significant declines in GE's stock price, under accepted economic theories, the declines are not statistically significant to a 95% or greater confidence level or the disclosure lacks sufficient economic correspondence to the allegations"; and (ii) Lead Plaintiff would thus "not pursue claims that the declines related to the disclosures on February 27, 2009, March 2, 2009 and March 19, 2009 are sufficiently material to have caused damages." CM/ECF No. 173, at 3-4.

Q.  On January 11, 2013, the Court heard oral argument on Lead Plaintiff's motion for leave to file an amended complaint. At that hearing, Lead Plaintiff agreed to withdraw its motion. Lead Plaintiff represented to the Court that the SAC would be the operative complaint in the Action but that (i) the only corrective disclosures alleged in the SAC that purportedly caused cognizable damage to the proposed class were GE's January 23, 2009 disclosures; and (ii) all post-January 23, 2009 corrective disclosures alleged in the SAC (including the February 27, 2009, March 2, 2009, and March 19, 2009 disclosures) did not cause cognizable damage to the proposed class. Lead Plaintiff further represented that, based on its expert's findings described in Paragraph P above, it would seek to certify a proposed class of all Persons that purchased or otherwise acquired GE Common Stock from September 25, 2008 through January 23, 2009, inclusive, instead of from September 25, 2008 through March 19, 2009, inclusive.

R.  On January 25, 2013, the Settling Defendants moved for judgment on the pleadings and dismissal of the SAC with prejudice, which Lead Plaintiff opposed.

S.  In early 2013, the Settling Parties renewed their efforts to resolve the remaining claims. While the motion for judgment on the pleadings was pending, the Settling Parties engaged in lengthy, arm's-length negotiations under the auspices of Judge Weinstein and reached an agreement to settle in principle.

T.  The Settling Parties agree that the Settlement Amount to be paid and the other terms of the Settlement set forth herein were negotiated at arm's length and in good faith and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

U.  Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Settling Defendants through trial and appeals. Lead Plaintiff and Lead Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action here, as well as the difficulties and delays inherent in such litigation. Lead Counsel is also mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers a meaningful benefit on the Settlement Class and is in the best interests of Lead Plaintiff and the Settlement Class.

V.  Defendants have denied and continue to deny (i) all the claims alleged by Lead Plaintiff on behalf of the Settlement Class, including all claims in the SAC, the CAC, all the

complaints filed in the actions referenced in Paragraph A above, and in any of the proposed

amended complaints that Lead Plaintiff attempted to file; (ii) all allegations of wrongdoing, fault,

liability, or damages to Lead Plaintiff and the Settlement Class; and (iii) that they have

committed any act or omission giving rise to any liability or violation of law, including the U.S.

securities laws. Defendants believe that they acted at all times properly, in good faith, and

consistently with their legal duties and obligations. Although the Settling Defendants believe that

the claims in the Action lack merit and that they ultimately would prevail upon a determination

of the January 25, 2013 motion for judgment on the pleadings, at summary judgment, or at trial,

to eliminate the significant burden, expense, and distraction of further litigation, the Settling

Defendants wish to settle and resolve the Action on the terms and conditions set forth in this

Stipulation and to put the remaining claims to rest finally and forever without in any way

acknowledging any wrongdoing, fault, liability, or damages to Lead Plaintiff or the Settlement

Class Members.

W. This Stipulation, whether or not consummated, any proceedings relating to any

settlement, or any of the terms of any settlement, whether or not consummated, shall in no event

be construed as, or deemed to be evidence of, an admission or concession on the part of

Defendants with respect to any fact or matter alleged in the Action, or any claim of fault or

liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has

or could have been asserted. The Settling Defendants are entering into this Settlement solely to

eliminate the significant burden, expense, and distraction of further litigation.

**NOW THEREFORE**, without any concession by Lead Plaintiff, on behalf of itself and

the Settlement Class Members, that the Action lacks merit, and without any concession by the

Settling Defendants of any liability or wrongdoing or the lack of merit of any of their defenses, it

is hereby **STIPULATED AND AGREED** by and between Lead Plaintiff, on behalf of itself and the Settlement Class Members, and the Settling Defendants, through their undersigned counsel, subject to approval by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Settling Parties, all Released Claims as against all Released Parties shall be fully, finally, and forever settled, released, discharged, and dismissed with prejudice, and without costs, as follows:

### DEFINITIONS

1.     As used in this Stipulation and its exhibits, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)     "Action" means the civil action captioned *In re General Electric Co. Securities Litigation*, No. 09 Civ. 1951, pending in the Court currently before the Honorable Denise L. Cote.

(b)     "Authorized Claimant" means a Settlement Class Member that timely submits a valid Proof of Claim and Release form to the Claims Administrator under the terms of this Stipulation that is accepted for payment by the Court.

(c)     "Claims Administrator" means the firm designated by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process Proofs of Claim, and to administer the Settlement.

(d)     "Class Period" means the period from September 25, 2008  through March 19, 2009, inclusive.

(e)     "Court" means the United States District Court for the Southern District of New York.

(f)     "Defendants" means collectively the Settling Defendants, Jeffrey S. Bornstein, William H. Cary, Michael A. Neal, the Underwriter Defendants, and the Director Defendants.

(g)     "Defense Counsel" means the law firm of Weil, Gotshal & Manges LLP.

(h)     "Director" means any member of the board of directors of any of the Defendants.

(i)     "Director Defendants" means collectively James I. Cash, Jr., Sir William M. Castell, Ann M. Fudge, Claudio X. Gonzalez, Andrea Jung, Alan G. Lafley, Robert W. Lane, Ralph S. Larsen, Rochelle B. Lazarus, Samuel A. "Sam" Nunn, Jr., Roger S. Penske, Robert J. Swieringa, Robert C. Wright, Douglas A. Warner, III, Susan Hockfield, and James J. Mulva.

(j)     "Dismissed Defendants" means collectively Jeffrey S. Bornstein, William H. Cary, Michael A. Neal, the Underwriter Defendants, and the Director Defendants, who were dismissed as Defendants in the Action pursuant to *In re General Electric Co. Securities Litigation*, 857 F. Supp. 2d 367 (S.D.N.Y. 2012), and *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645 (S.D.N.Y. 2012).

(k)     "Distribution Order" means an Order of the Court approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously paid, including the fees and expenses of the Claims Administrator and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

(l)      "Effective Date" means the date upon which the Settlement shall become effective, as set forth in Paragraph 52 below.

(m)      "Escrow Account" means  one or more separate interest-bearing escrow account(s) maintained by the Escrow Agent(s) into which the Settlement Amount will be deposited for the benefit of the Settlement Class.

(n)      "Escrow Agent" means the financial institution(s) designated by Lead Counsel to receive, hold, invest, and disburse the Settlement Amount under the terms of this Stipulation.

(o)      "Fee and Expense Application" means Lead Counsel's application for an award from the Settlement Fund of attorneys' fees and reimbursement of litigation expenses incurred in prosecuting the Action in an amount not to exceed the attorneys' fees and expense reimbursement disclosure contained in the Postcard Notice and Full Notice.

(p)      "Final," with respect to a court order, means the latest of (i) if there is an appeal from that court order, the date of final affirmance on appeal and the expiration of the time (including on a showing of excusable neglect or good cause) for any further judicial review whether by appeal, reconsideration, or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review under the grant; (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought). No appeal or proceeding seeking subsequent judicial review pertaining

solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees and expenses, shall in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

(q)      "GE" means General Electric Company (NYSE: GE).

(r)      "GE Common Stock" means the publicly traded common stock of GE (CUSIP No. 369604103).

(s)      "Immediate Family" means, as set forth in the Instructions to 17 C.F.R. § 229.404, any child, stepchild, parent, stepparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law.

(t)      "Individual Defendants" means Jeffrey R. Immelt, Keith S. Sherin, Jeffrey S. Bornstein, William H. Cary, Michael A. Neal, and the Director Defendants.

(u)      "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor but of which any Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(v)      "Judgment" means the proposed judgment and order (i) finally approving the Settlement; and (ii) dismissing the Action with prejudice, substantially in the form attached as Exhibit 6.

(w)      "Lead Counsel" means the law firm of Berman DeValerio.

(x)      "Lead Plaintiff" means the State Universities Retirement System of Illinois.

(y)     "Liaison Counsel" means the law firm of Lowey Dannenberg Cohen & Hart, P.C.

(z)     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other costs, fees, or expenses approved by the Court, including any award to Lead Plaintiff or Lead Counsel in connection with the Fee and Expense Application.

(aa)    "Notice" means the Postcard Notice (which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 1) that is to be sent to Settlement Class Members, the Summary Notice (which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 3), and the Full Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees, and Settlement Hearing (which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2) that the Claims Administrator shall post in downloadable form on a website specific to the Settlement and a copy of which the Claims Administrator shall provide to any putative Settlement Class Member who requests a copy.

(bb)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) identifying potential Settlement Class Members; (ii) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (iii) receiving and reviewing claims; (iv) executing the Plan of Allocation; (v) communicating with Persons regarding the proposed Settlement and claims administration process; (vi) distributing the proceeds of the Settlement; and (vii) fees related to the Escrow Account and investment of the Settlement Fund.

(cc) "Officer" means any officer of any of the Defendants as the term Officer is defined in 17 C.F.R. § 240.16a-1(f).

(dd) "Person" or "Persons" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, as well as each of their spouses, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

(ee) "Plan of Allocation" means the plan that Lead Counsel will submit to the Court for approval upon notice to the Settlement Class to be utilized for distribution of the Net Settlement Fund to Authorized Claimants consistently with the terms of this Stipulation.

(ff) "Preliminary Approval Order" means the proposed order to be entered by the Court preliminarily certifying a Settlement Class, preliminarily approving the Settlement, scheduling a Settlement hearing date, and directing notice thereof to the Settlement Class, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit 5.

(gg) "Proof of Claim" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 4.

(hh) "Released Claims" means collectively Released Plaintiffs' Claims and Released Defendants' Claims.

(ii) "Released Defendants" or "Releasing Defendants" means each and all of the following: (a) Defendants; (b) the Defendants' respective present and former parents,

13

affiliates, subsidiaries, divisions, general partners, limited partners, and any Person in which any Defendant has or had a controlling interest; and (c) the present and former Immediate Family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, Officers, managers, Directors, general partners, limited partners, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, insurers, and reinsurers of each of the Persons listed in subpart (a) or (b) of this definition.

(jj)    "Released Defendants' Claims" means all claims, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or administrative law, or any other law, that the Released Defendants could have asserted against any of the Released Plaintiffs that arise out of or relate to the commencement, prosecution, or settlement of the Action (other than claims to enforce the Settlement or the Judgment).

(kk)    "Released Parties" or "Releasing Parties" means collectively the Released Defendants and the Released Plaintiffs.

(ll)    "Released Plaintiffs' Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known claims and Unknown Claims (defined in Paragraph 5 below), whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, or that exist as of the date of the

Court approval of the Settlement or that may arise in the future, that Lead Plaintiff or any other

Settlement Class Member asserted in the Action or could have asserted in the Action or any other

action or in any forum (including, without limitation, any federal or state court, or in any other

court, arbitration proceeding, administrative agency, or other forum in the United States or

elsewhere), that in any way arise out of, are based upon, relate to, or concern the claims,

allegations, transactions, facts, events, acts, disclosures, statements, representations, or omissions

or failures to act alleged, set forth, referred to, involved in, or which could have been raised in

the Action or any of the complaints filed or proposed to be filed therein, and that in any way

arise out of, are based upon, relate to, or concern the holding, ownership, purchase, acquisition,

disposition, or sale of, or other transaction in GE Common Stock during the Class Period,

including, without limitation, claims that arise out of or relate to any disclosures, SEC filings,

press releases, registration statements, offering memoranda (including, but not limited to, all

materials issued in connection with the secondary offering of GE Common Stock in October

2008), web postings, presentations or any other statements by GE during the Class Period.

Released Plaintiffs' Claims do not include (i) claims to enforce the Settlement or (ii) the claims

asserted in *Lerner v. Immelt*, No. 10 Civ. 1807 (DLC) (S.D.N.Y.), or *Kenney v. Immelt*, No.

650542/2012 (N.Y. Sup. Ct.).

(mm)   "Releasing Plaintiffs" or "Released Plaintiffs" means each and all of the

following: (a) Lead Plaintiff, Lead Counsel, and Liaison Counsel and each and every Settlement

Class Member (regardless of whether that Person actually submits a Proof of Claim, seeks or

obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the

Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of

Allocation, or the Fee and Expense Application); (b) the foregoing Persons' respective present

and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, and any Person in which any of the foregoing Persons listed in subpart (a) has or had a controlling interest; (c) the present and former Immediate Family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, Officers, managers, Directors, general partners, limited partners, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, insurers, and reinsurers of each of the Persons listed in subpart (a) or (b) of this definition; and (d) any other Person who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Released Plaintiffs' Claims (or to obtain the proceeds of any recovery therefrom), whether in whole or in part.

(nn)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(oo)    "Settlement Amount" means the total principal amount of forty million dollars ($40,000,000) in cash. Under no circumstances shall the total that the Settling Defendants pay under this Stipulation exceed the Settlement Amount.

(pp)    "Settlement Class" or "Settlement Class Member" means all Persons that, from September 25, 2008 through March 19, 2009, inclusive, purchased or otherwise acquired GE Common Stock either in the open market and/or pursuant or traceable to a registration statement. Excluded from the Settlement Class are: (i) the Defendants; the Officers and Directors of GE during the Class Period; the members of the Immediate Families of the Individual Defendants; any firm, trust, partnership, corporation, or entity in which any Defendant has a majority interest; the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person, provided that the Settlement Class shall not exclude any Investment Vehicle as

defined herein; and (ii) any Person that would otherwise be a Settlement Class Member, but properly excludes himself, herself, or itself by submitting a valid and timely request for exclusion from the Settlement Class in accordance with the requirements set forth herein and in the Notice.

(qq)   "Settlement Fund" means the Settlement Amount deposited in the Escrow Account under the terms of this Stipulation and any interest earned thereon.

(rr)   "Settlement Hearing" means the final hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, adequate, and should be approved.

(ss)   "Settling Defendants" means collectively GE, Jeffrey R. Immelt, and Keith S. Sherin.

(tt)   "Settling Party" or "Settling Parties" means collectively the Settling Defendants and Lead Plaintiff, on behalf of itself and the other Settlement Class Members.

(uu)   "Stipulation" means this Stipulation and Agreement of Settlement.

(vv)   "Summary Notice" means the Summary of Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees, and Settlement Hearing to be published in *Investor's Business Daily* and transmitted over *PR Newswire*, that, subject to the approval of the Court, shall be substantially in the form attached as Exhibit 3.

(ww)   "Taxes" means all (i) taxes on any income earned by the Settlement Fund; (ii) taxes imposed on payments by the Settlement Fund, including withholding taxes; and (iii) reasonable expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties, and the reasonable expenses of tax attorneys and accountants).

(xx)    "Underwriter Defendants" means Goldman, Sachs & Co., Banc of America Securities LLC, Citigroup Global Markets Inc., Deutsche Bank Securities Inc., J.P. Morgan Securities Inc., Morgan Stanley & Co. Incorporated, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, UBS Securities LLC, ABN AMRO Incorporated, Banca IMI S.p.A., BNP Paribas Securities Corp., Daiwa Securities America Inc. (now known as Daiwa Capital Markets America Inc.), HSBC Securities (USA) Inc., ING Financial Markets LLC, Lloyds TSB Bank Plc, Merrill Lynch, Pierce Fenner & Smith Incorporated, Mitsubishi UFJ Securities International plc, Mizuho Securities USA Inc., Santander Investment Securities Inc., SG Americas Securities, LLC, Blaylock Robert Van, LLC, CastleOak Securities, L.P., Samuel A. Ramirez & Company, Inc., Utendahl Capital Group, L.L.C., and The Williams Capital Group, L.P.

## RELEASES

2.      Subject to approval by the Court, and that approval becoming final, the obligations incurred pursuant to this Stipulation are in full and final disposition of all Released Claims.

3.      By operation of the Judgment, upon the Effective Date, the Releasing Plaintiffs (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendants; (ii) have and be deemed to have covenanted not to sue, directly or indirectly, any of the Released Defendants with respect to any and all of the Released Plaintiffs' Claims; and (iii) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise), or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether

in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates to any and all of the Released Plaintiffs' Claims against any and all of the Released Defendants or any other Person who may seek to claim any form of contribution or indemnity from any Released Party. All Releasing Plaintiffs shall be bound by the terms of the releases set forth in this Stipulation whether or not they submit a valid and timely Proof of Claim, take any other action to obtain recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

4.      By operation of the Judgment, upon the Effective Date, the Releasing Defendants shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiffs and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Defendants' Claims against any of the Released Plaintiffs.

5.      The Released Claims includes any and all claims that the Releasing Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, with respect to Lead Plaintiff or any other Settlement Class Member, the decision to exclude himself, herself, or itself from the Settlement Class, or to object or not to object to the Settlement (collectively, "Unknown Claims"). With respect to any and all Released Claims, the Settling Defendants and Lead Plaintiff stipulate and agree that, upon the Effective Date, the Releasing Defendants and Lead Plaintiff shall expressly, and each other Releasing Plaintiff shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and

benefits conferred by any law of any state or territory of the United States, or principle of

common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which

provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

The Releasing Parties acknowledge that they may hereafter discover facts, legal theories, or

authorities in addition to or different from those which he, she, or it now knows or believes to be

true with respect to the subject matter of the Released Claims, but that Lead Plaintiff and the

Releasing Defendants nevertheless intend to and shall expressly, fully, finally, and forever settle

and release, and each other Releasing Plaintiff shall be deemed to have settled and released, and

upon the Effective Date and by operation of the Judgment shall have settled and released, fully,

finally, and forever, any and all Released Claims as applicable, known or unknown, suspected or

unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist,

or heretofore have existed, upon any theory of law or equity now existing or coming into

existence in the future, including, but not limited to, conduct, which is negligent, reckless,

intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the

subsequent discovery or existence of such different or additional facts, legal theories, or

authorities. Lead Plaintiff and the Releasing Defendants acknowledge, and each other Releasing

Plaintiff by operation of law shall be deemed to have acknowledged, that the inclusion of

"Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants'

Claims was separately bargained for and was a material and essential element of the Settlement.

**THE BAR ORDER**

6.      The proposed Judgment shall include, and the Settling Parties agree to the entry by the Court of an order containing, a provision providing for the Bar Order in Paragraph 7, subject to the terms in Paragraph 8 of this Stipulation.

7.      The Bar Order shall provide that, upon the Effective Date, except as provided in Paragraph 8 below, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that Person is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action) based upon, relating to, or arising out of the Released Plaintiffs' Claims, against each and every one of the Released Defendants, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court, any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in Paragraph 8 below, the Released Defendants are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Released Defendant is that Released Defendant's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action) based upon, relating to, or arising out of the Released Plaintiffs' Claims, against any Person, other than a Person whose liability to the Settlement Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in

21

this Court, any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum.

8.      Notwithstanding the Bar Order in Paragraph 7 above, nothing in this Stipulation shall (i) bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation, the Settlement, the Preliminary Approval Order, or the Judgment; or (ii) bar any action by the Underwriter Defendants to enforce the protections from liability granted to them under this Stipulation; or (iii) bar the Released Defendants from asserting any claims against their own insurers; or (iv) release, discharge, or alter in any way the contractual rights, if any, among the Underwriter Defendants relating to the Released Plaintiffs' Claims, or otherwise; or (v) release, discharge, or alter in any way the contractual rights, if any, between the Underwriter Defendants, on the one hand, and GE, on the other hand, with respect to any right of indemnification or contribution relating to the Released Plaintiffs' Claims or the October 2008 secondary offering of GE common stock.

## THE SETTLEMENT CONSIDERATION

9.      In full settlement of the Released Plaintiffs' Claims (including, but not limited to, all claims asserted in the Action) against the Released Defendants and in consideration of the releases in Paragraph 3 above, GE shall pay, or cause to be paid, the Settlement Amount in cash into the Escrow Account on or before five (5) business days after both (i) the Court has entered the Preliminary Approval Order; and (ii) Lead Counsel has provided to Defense Counsel all information necessary to effectuate a transfer of funds, including but not limited to, wiring instructions, payment address, and a complete, accurate, and signed W-9 form for the Settlement Fund that reflects a valid taxpayer identification number.

10.     The Settlement Amount represents the entirety of the Released Defendants' financial obligations under this Stipulation and in connection with this Settlement, meaning that

it includes all attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and costs of any kind whatsoever associated with the Settlement. The payment of the Settlement Amount into the Escrow Account by GE in accordance with Paragraph 9 above fully discharges the Released Defendants' financial obligations under this Stipulation and in connection with the Settlement, meaning that no other Released Defendants shall have any obligation to make any payment into the Escrow Account or to any Settlement Class Member, or any other Person, under this Stipulation or as part of the Settlement. For the avoidance of doubt, under no circumstances shall the total to be paid by Released Defendants under this Stipulation exceed the Settlement Amount.

### USE AND TAX TREATMENT OF SETTLEMENT FUND

11.     The Settlement Fund shall be applied as follows and only as follows: (i) to pay any attorneys' fees and expenses awarded by the Court; (ii) to pay Notice and Administration Expenses; (iii) to pay any Taxes; (iv) to pay any other costs, fees, or expenses approved by the Court, including any award to Lead Plaintiff for reasonable costs and expenses under the PSLRA; and (v) to pay the Net Settlement Fund to Authorized Claimants.

12.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in Paragraphs 17-20 hereof. The Net Settlement Fund shall remain in the Escrow Account until the Effective Date unless the Stipulation is terminated under the provisions of this Stipulation, the Settlement is not approved, or the Effective Date otherwise does not occur. All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed or returned, pursuant to the terms of this Stipulation, or further Order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments) and shall collect and

reinvest all interest accrued thereon. Settling Defendants and Defense Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.

13.    Lead Plaintiff intends to structure the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the sole responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur.

(a)    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or its successor(s), who shall be solely responsible for timely and properly filing, or causing to be filed, all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Those tax returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of those funds as provided in subparagraph (c) of this Paragraph.

(b)     All Taxes shall be paid by the Escrow Agent out of the Settlement Fund. In all events, Settling Defendants and Defense Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority. If any Taxes of any kind whatsoever, including, but not limited to, any Taxes payable by reason of indemnification, are owed by any of the Settling Defendants on any earnings on the funds on deposit in the Escrow Account, those amounts shall also be paid out of the Settlement Fund. The Settling Defendants shall notify Lead Counsel promptly if they receive any notice of any claim for Taxes related to the Settlement Fund.

(c)     Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by the Settling Defendants, and the Escrow Agent and the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(1)(2)).

(d)     Authorized Claimants shall provide any and all information that the Claims Administrator may reasonably require or that is required by applicable law regarding Taxes and filings and reporting for Taxes, before any distributions are made to Authorized Claimants as contemplated hereby, and the Claims Administrator may, without liability to the Authorized Claimants, delay those distributions unless and until such information is provided in the form required by the Claims Administrator.

14.     The Settling Defendants and Defense Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation or its implementation, administration, or interpretation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

## ADMINISTRATION EXPENSES

15.     Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

16.     Before the Effective Date, without further approval from the Settling Defendants or further Order of the Court, Lead Counsel may expend up to $3 million from the Settlement Fund to pay Notice and Administration Expenses actually and reasonably incurred. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of the Settling Defendants or further Order of the Court. After the Effective Date, without further approval of the Settling Defendants or further Order of the Court, Notice and Administration Expenses may be paid as incurred.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

17.     Lead Counsel will apply to the Court for a Distribution Order, on notice to Defense Counsel, approving the Claims Administrator's determinations concerning the

acceptance and rejection of the claims submitted pursuant to this Stipulation, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants.

18.     The Claims Administrator shall administer the Settlement under Lead Counsel's supervision in accordance with the terms of this Stipulation and subject to the jurisdiction of the Court.

19.     The allocation and distribution of the Net Settlement Fund to Settlement Class Members shall be subject to the Plan of Allocation, which Lead Plaintiff shall propose in its discretion, subject to notice to the Settlement Class Members and approval by the Court. Except for payment of the Settlement Amount by GE as set forth in Paragraph 9, Settling Defendants and Defense Counsel shall have no responsibility for, interest in, obligation, or liability whatsoever with respect to the administration of the Settlement, the actions or decisions of the Claims Administrator, the Plan of Allocation or other allocation of the Net Settlement Fund, reviewing or challenging claims, the Distribution Order or distribution of the Net Settlement Fund.

20.     The Settling Defendants will take no position with respect to the Plan of Allocation. Any proceeding or decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of this Stipulation or the Settlement. The Plan of Allocation is not a necessary term of this Stipulation, the Settlement, the Preliminary Approval Order, or the Judgment, and it is not a condition of this Stipulation or the Settlement that any particular plan of allocation be approved by the Court or any appellate court. Lead Plaintiff (either on its own behalf or on behalf of the Settlement Class) and Lead Counsel may not cancel or terminate this Stipulation or the Settlement (whether in accordance with the provisions of this Stipulation or

otherwise) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.

## ATTORNEYS' FEES AND EXPENSES

21.      Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and reimbursement of litigation expenses incurred in prosecuting the Action in an amount not to exceed the attorneys' fees and expense reimbursement disclosure contained in the Postcard Notice and Full Notice. The Settlement Fund shall be the sole source of payment from the Settling Defendants for the award of attorneys' fees and litigation expenses ordered by the Court. The Settling Defendants will take no position with respect to the Fee and Expense Application, provided that it is consistent with the terms of this Stipulation and the Settlement.

22.      The amount of attorneys' fees and litigation expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and litigation expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel promptly upon entry of the order awarding such attorneys' fees and litigation expenses, notwithstanding the existence of any timely objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.

23.      Any payment of attorneys' fees and litigation expenses pursuant to Paragraphs 21-22 above shall be subject to Lead Counsel's joint and several obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if: (a) as a result of any appeal or further proceedings on remand or successful collateral attack, the fee, expense or cost award is reduced, vacated, or reversed; (b) this Stipulation is terminated or cancelled for any reason; (c) the Settlement is not approved or is reversed or modified by any court.

24.     If any one or more of the events set forth Paragraph 23(a)-(c) occur, Lead Counsel shall repay the full amount of attorneys' fees and the litigation expenses award that is reversed or vacated (or, as applicable, the amount by which any award of attorneys' fees and litigation expenses is reduced or modified), plus accrued earnings at the same net rate as is earned by the Settlement Fund, no later than thirty (30) calendar days after receiving notice of the events in Paragraph 23, including, as applicable, notice of any reduction, vacatur, or reversal of the award of attorneys' fees and litigation expenses, of termination or cancellation of this Stipulation, or of the Court's declining to approve the Settlement, or reversing or modifying the Settlement, by Final non-appealable court order. It shall be the responsibility and obligation of Lead Counsel (or its successor) to ensure repayment under this Paragraph, and Lead Counsel (or its successor) submits itself to the jurisdiction of the Court in the event of any dispute in connection with this Paragraph.

25.     Lead Counsel's refund and repayment obligations under this Stipulation shall be joint and several among any person who was an equity partner/owner of Lead Counsel at the time when attorneys' fees and litigation expenses are paid to Lead Counsel. Each of those equity partners/owners will agree in a writing to be provided to Defense Counsel and before the release of any monies from the Escrow Account to Lead Counsel that he or she will be jointly and severally liable for the return of those funds under the terms of this Stipulation. If Lead Counsel does not comply with the obligation to repay those funds within the specified thirty (30)-day period under Paragraph 24, Lead Counsel shall pay any expenses or fees (including attorneys' fees) incurred by the Settling Defendants in connection with enforcing this obligation; Lead Counsel's obligation in this regard shall be joint and several among any person who was an equity partner/owner of Lead Counsel at the time that attorneys' fees and/or litigation expenses

are paid to Lead Counsel. The obligations in this Paragraph and Paragraphs 23-24 shall survive

and remain in full force and effect and be binding in all respects on the Settling Parties even if

this Stipulation is terminated, the Settlement is not approved, or the Effective Date does not

occur.

26.     With the sole exception of GE's causing the payment of the Settlement Amount

into the Escrow Account as provided for in Paragraph 9 above, the Released Defendants shall

have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever

to Lead Counsel in the Action. Lead Plaintiff, Lead Counsel, and the Settlement Class Members

shall have no recourse against the Released Defendants for the payment of any attorneys' fees or

litigation expenses.

27.     Settling Defendants shall have no responsibility for, and no liability whatsoever

with respect to, any allocation of any attorneys' fees or litigation expenses between Lead

Counsel and Liaison Counsel in the Action, or any other Person who may assert some claim

thereto, or any attorneys' fees or litigation expenses that the Court may award in the Action.

28.     Settling Defendants shall have no responsibility for, and no liability whatsoever

with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of the Settlement

Class Members, whether or not paid from the Escrow Account.

29.     Any proceeding or decision by the Court concerning the Fee and Expense

Application shall not affect the validity or finality of this Stipulation or the Settlement. The Fee

and Expense Application and the payment of attorneys' fees or litigation expenses is not a

necessary term of this Stipulation, the Settlement, the Preliminary Approval Order, or the

Judgment, and it is not a condition of this Stipulation or the Settlement that any particular award

of attorneys' fees or litigation expenses be approved by the Court or any appellate court. Any

order or proceeding relating to any Fee and Expense Application, including an award of

attorneys' fees, costs, or expenses in an amount less than the amount requested by Lead Counsel,

or any appeal from any order relating thereto, or reversal or modification thereof, shall not

operate to terminate, cancel, or affect the enforceability of this Stipulation or the Settlement,

impose any obligation on the Settling Defendants or any other person to increase the

consideration paid in connection with the Settlement, or affect or delay either the Effective Date

or the finality of the Judgment approving the Settlement set forth herein, including, but not

limited to, the release, discharge, and relinquishment of the Released Plaintiffs' Claims against

the Released Defendants, or any other orders entered relating to this Stipulation. Lead Plaintiff

(either on its own behalf or on behalf of the Settlement Class) and Lead Counsel may not cancel

or terminate this Stipulation or the Settlement (whether in accordance with the provisions of this

Stipulation or otherwise) based on the Court's or any appellate court's ruling with respect to the

Fee and Expense Application or any application for the award of attorneys' fees or litigation

expenses in the Action.

30.    All proceedings with respect to any disputes arising under Paragraphs 21-29

above (including but not limited to any proceedings concerning Lead Counsel's repayment

obligations under Paragraphs 23-25 above) shall be subject to the jurisdiction of the Court.

## ADMINISTRATION OF THE SETTLEMENT

31.    Any Settlement Class Member who fails timely to submit a valid Proof of Claim

(substantially in the form of Exhibit 4 hereto) will not be entitled to receive any of the proceeds

from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be

bound by all of the terms of this Stipulation and the Settlement, including the terms of the

Judgment to be entered in the Action and all releases provided for herein, and will be barred

from bringing any action against the Released Defendants concerning the Released Plaintiffs' Claims.

32.     Upon receiving any request(s) for exclusion pursuant to the Notice, Lead Counsel shall promptly notify Defense Counsel of such request(s) for exclusion upon receiving each request for exclusion, and certainly no later than ten (10) business days after receiving a request for exclusion or twenty-one (21) calendar days before the Settlement Hearing, whichever is earlier, and provide copies of such request(s) for exclusion and any documentation accompanying them by email.

33.     Lead Counsel shall be responsible for designating the Claims Administrator, subject to approval by the Court, and shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Proofs of Claim submitted.

34.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Proof of Claim, substantially in the form attached as Exhibit 4, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless that deadline is extended by Order of the Court. Any Settlement Class Member who fails to submit a Proof of Claim by that

date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation unless, extended by Lead Counsel or Order of the Court, late-filed Proofs of Claim are accepted, but shall in all other respects be bound by all the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendants concerning the Released Plaintiffs' Claims. If it is received before the motion for the Distribution Order is filed, a Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)      Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court;

(d)      Proofs of Claim that do not meet the submission requirements may be rejected. Before rejecting a Proof of Claim, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject for curable deficiencies, setting forth the reasons therefor, and shall indicate in that notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part for curable deficiency desires to contest that rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The determinations of the Claims Administrator accepting or rejecting disputed claims shall be presented to the Court, on notice to Defense Counsel, for approval by the Court in the Distribution Order.

35.     Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

36.     Payment under the Distribution Order shall be deemed final and conclusive against any and all Settlement Class Members. Each Settlement Class Member whose claims are not approved by the Court shall be deemed to have waived his, her, or its right to share in the Settlement Fund and shall forever be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases

provided for herein and therein, and will be barred from bringing any action against the Released

Defendants concerning the Released Plaintiffs' Claims.

37.     If there is any balance remaining in the Net Settlement Fund after at least six (6)

months from the date of distribution of the Net Settlement Fund (whether by reason of tax

refunds, uncashed checks, or otherwise), Lead Counsel shall, if feasible and economical,

reallocate such balance among Authorized Claimants who have cashed their checks in an

equitable and economic fashion. Any balance that still remains in the Net Settlement Fund, after

payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if

any, shall be contributed to non-sectarian, not-for-profit charitable organizations serving the

public interest, designated by Lead Plaintiff and approved by the Court.

38.     All proceedings with respect to the administration, processing, and determination

of claims described by this Stipulation and the determination of all controversies relating thereto,

including disputed questions of law and fact with respect to the validity of claims, shall be

subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the

Judgment.

39.     No Person shall have any claim of any kind against the Released Defendants or

Defense Counsel with respect to the matters set forth in Paragraphs 31-37, or otherwise related in

any way to the administration of the Settlement, the Plan of Allocation, or the Distribution Order,

including, without limitation, the processing of claims and distributions.

40.     No Person shall have any claim against Lead Plaintiff or their counsel (including

Lead Counsel), or the Claims Administrator, or other agent designated by Lead Counsel, based

on the distributions made in accordance with this Stipulation and the Settlement contained

herein, the Plan of Allocation, or further order(s) of the Court.

41.     No Person that is not a Settlement Class Member (including, without limitation, those who exclude themselves from the Settlement Class) shall have any right to any share of the Net Settlement Fund or to receive any distribution therefrom.

42.     This is not a claims-made settlement. As of the Effective Date, the Settling Defendants shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## CONDITIONAL CLASS CERTIFICATION

43.     Solely for purposes of this Settlement, and without prejudice to their right to challenge class certification if this Stipulation is terminated, the Settlement is not approved by the Court, or the Effective Date does not occur, the Settling Defendants stipulate to: (i) certification of the Action as a class action, under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class as defined in Paragraph 1(pp) above; (ii) the appointment of Lead Plaintiff as class representative for the Settlement Class; and (iii) the appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g). If this Stipulation is terminated, the Settlement is not approved by the Court, or the Effective Date does not occur, the Action shall proceed as if the Settlement Class had never been conditionally certified. Nothing in this Stipulation or the Settlement shall in any way affect Defendants' right to oppose any motion for certification of a class in the Action other than that set forth in subpart (i) of this Paragraph; and Defendants expressly reserve all rights to oppose any motion for class certification other than as set forth in subpart (i) of this Paragraph.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

44.     Concurrently with its application for preliminary Court approval of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially

in the form attached as Exhibit 5. The Preliminary Approval Order will, *inter alia*, set the date

for the Settlement Hearing and prescribe the method for giving notice of the Settlement to the

Settlement Class. Settling Defendants shall not oppose the application, provided it is otherwise

consistent with the terms of this Stipulation, and shall cooperate in good faith with Lead Plaintiff

concerning the filing of the application.

      45.     If the Preliminary Approval Order is entered by the Court, (i) GE shall promptly

provide or cause to be provided to Lead Counsel in electronic form (a) a list of Persons that were

record holders of GE Common Stock as of September 24, 2008 and (b) a list of any Persons who

became record holders during the Class Period; (ii) Lead Counsel shall cause the Claims

Administrator, as set forth in the Preliminary Approval Order, to send by first-class mail, postage

prepaid, the Postcard Notice to all putative Settlement Class Members whose addresses can be

identified through reasonable effort on or before ten (10) business days after the date of entry of

the Preliminary Approval Order ("Notice Date"); (iii) the Claims Administrator shall cause

copies of the Full Notice and Proof of Claim to be posted in downloadable form on a website

specific to the Settlement contemporaneously with the mailing of the Postcard Notice; and (iv)

Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and

transmitted over *PR Newswire* on or before fourteen (14) calendar days after the date of the

Notice Date, and again fourteen (14) calendar days thereafter. The Claims Administrator shall

send by first-class mail, postage prepaid, the Full Notice to all putative Settlement Class

Members that request a copy of the Full Notice, no later than seven (7) calendar days after

receipt of that request. Lead Counsel shall, no later than seven (7) calendar days before the

Settlement Hearing, serve on Defense Counsel and file with the Court proof, by affidavit or

declaration, of mailing, publication, and website posting, as applicable, of the Postcard Notice, Full Notice, Summary Notice, and Proof of Claim form.

46.     Any putative Settlement Class Member that wishes to exclude himself, herself or itself from the Settlement Class must serve that request on the Claims Administrator, in the manner set forth in the Postcard Notice and Full Notice, no later than twenty-one (21) calendar days before the Settlement Hearing. Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Plan of Allocation, to any terms of the Settlement or this Stipulation, or to the Fee and Expense Application must serve on Lead Counsel and Defense Counsel and file with the Court by no later than fourteen (14) calendar days before the Settlement Hearing, or as the Court may otherwise direct, a statement of all of his, her, or its objection(s); provided, however, that a putative Settlement Class Member who submits a request for exclusion from the Class (according to the process described in the Notice) shall not be able to submit an objection. If a Settlement Class Member timely and properly serves and files written objections, as set forth in this Paragraph, Lead Counsel and Defense Counsel may, as they deem appropriate, submit papers in support of the Settlement, the Plan of Allocation, any term(s) of this Stipulation, or the Fee and Expense Application no later than seven (7) calendar days before the Settlement Hearing.

47.     The statement of objection of a Settlement Class Member shall: (i) contain the Settlement Class Member's name, address, telephone number, and signature; (ii) identify the date(s), price(s) and number(s) of shares of all purchases, acquisitions and sales of GE Common Stock made by the objecting Settlement Class Member during the Class Period; (iii) state the reasons why the objecting Settlement Class Member objects to the Settlement and which part(s) of the Settlement the objecting Settlement Class Member objects to as well as any legal support

for the objection; (iv) include copies of any papers, briefs or other documents upon which the objection is based; (v) list all Persons who will be called to testify in support of the objection at the Settlement Hearing; and (vi) state whether the objecting Settlement Class Member intends to appear at the Settlement Hearing. Failure to provide this information and documentation shall be grounds to void the objection.

48.     Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a notice of appearance to Lead Counsel and Defense Counsel, at the addresses set forth in the Full Notice, such that it is received no later than thirty (30) calendar days before the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

49.     Any Settlement Class Member who fails to comply with any of the requirements of this Stipulation and the Full Notice concerning objecting to the Settlement shall waive and forfeit any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing or to object to any aspect of this Stipulation, the Settlement, the Plan of Allocation, or the Fee and Expense Application, unless otherwise ordered by the Court, but shall in all other respects (i) be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided in this Stipulation; (ii) be bound by all proceedings, orders, releases, and judgments in the Action; and (iii) will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendants concerning the Released Plaintiffs' Claims.

## TERMS OF THE JUDGMENT

50.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead

Counsel and Defense Counsel shall jointly request that the Court enter a Judgment substantially

in the form annexed hereto as Exhibit 6. The proposed Judgment shall contain, *inter alia,* the

releases described in Paragraphs 2-3 of this Stipulation, the Bar Order set forth in Paragraph 7 of

this Stipulation, and the following provisions:

(a)     Upon the Effective Date, the Releasing Plaintiffs (i) have and shall be

deemed to have fully, finally, and forever waived, released, relinquished, discharged, and

dismissed each and every one of the Released Plaintiffs' Claims against each and every one of

the Released Defendants; (ii) have and be deemed to have covenanted not to sue, directly or

indirectly, any of the Released Defendants with respect to any and all of the Released Plaintiffs'

Claims; and (iii) shall forever be barred and enjoined from directly or indirectly filing,

commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class

member or otherwise), or receiving any benefits or other relief, from any action, suit, cause of

action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United

States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises

out of, or relates to any and all of the Released Plaintiffs' Claims against any and all of the

Released Defendants or any other Person who may seek to claim any form of contribution or

indemnity from any Released Party. All Releasing Plaintiffs shall be bound by the terms of the

releases set forth in the Stipulation and this Judgment, whether or not they submit a valid and

timely Proof of Claim, take any other action to obtain recovery from the Settlement Fund, or

seek, or actually receive a distribution from the Net Settlement Fund.

(b)     Upon the Effective Date, the Releasing Defendants shall be deemed to

have fully, finally, and forever waived, released, discharged, and dismissed each and every one

of the Released Defendants' Claims against each and every one of the Released Plaintiffs and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Defendants' Claims against any of the Released Plaintiffs.

51.     Nothing in this Stipulation shall prevent any Person that timely submits a valid request for exclusion from commencing, prosecuting, or asserting any of the Released Plaintiffs' Claims against any of the Released Defendants. If any such Person commences, prosecutes, or asserts any of the Released Plaintiffs' Claims against any of the Released Defendants, nothing in this Stipulation shall prevent the Released Defendants from asserting any claim of any kind against such Person, including any of the Released Defendants' Claims, or from seeking contribution or indemnity from any Person, including another Released Defendant, in respect of the claim of that Person who is excluded from the Settlement Class pursuant to a timely and valid request for exclusion.

## EFFECTIVE DATE OF SETTLEMENT

52.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be substantially in the form set forth in Exhibit 5;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(d)     a Judgment, which shall be substantially in the form set forth in Exhibit 6, has been entered by the Court and has become Final; and

(e)      expiration of the time for Lead Plaintiff and the Settling Defendants to exercise their termination rights set forth in Paragraphs 54-60 below and the Supplemental Agreement.

53.      The time set forth in Paragraph 52 above for the Effective Date to occur shall not be affected in any respect whatsoever by any appeal or proceeding seeking judicial review pertaining to: (i) Court approval of the Plan of Allocation; (ii) the Fee and Expense Application; or (iii) the Court's findings and conclusions under Section 21D(c)(1) of the Exchange Act, 15 U.S.C. § 78u-4(c)(1).

## TERMINATION

54.      The Settling Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Settling Parties hereto within fourteen (14) calendar days of: (i) the Court's declining to enter the Preliminary Approval Order in any material respect; (ii) the Court's declining to approve this Stipulation or any material part of it (including, without limitation, by making any changes to the Releases or Bar Order provisions of this Stipulation); (iii) the Court's declining to enter the Judgment or any material part of it (including, without limitation, by making any changes to the releases or Bar Order provisions of this Stipulation); or (iv) the date upon which the Judgment is vacated, modified, or reversed in any material respect by a Final order of the United States Court of Appeals or the Supreme Court of the United States.

55.      No order or decision of the Court or modification or reversal of any order or decision of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of this Stipulation or the Settlement.

56.     Simultaneously herewith, Defense Counsel and Lead Counsel are executing a Confidential Supplemental Agreement (the "Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which the Settling Defendants shall have the sole option to terminate the Settlement and render this Stipulation null and void if requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold"). The Settling Parties agree to maintain the confidentiality of the Termination Threshold in the Supplemental Agreement, which, unless otherwise ordered by the Court, shall not be filed with the Court, but it may be examined *in camera*, if so requested by the Court or otherwise required by Court rule.

57.     Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation if GE does not pay, or cause to be paid, the Settlement Amount within the period provided in Paragraph 9 above, by providing written notice of its election to terminate to all Settling Parties and, thereafter, if GE fails to pay, or cause to be paid, the Settlement Amount within fourteen (14) calendar days of that written notice.

58.     If an option to withdraw from and terminate the Settlement and this Stipulation arises under Paragraphs 54-57 above: (i) neither the Settling Defendants nor Lead Plaintiff, as the case may be, will be required, for any reason, or under any circumstance, to exercise that option; and (ii) any exercise of that option shall be made in good faith.

59.     If this Stipulation is terminated, the Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason:

(a)     the Settlement Fund (including the Settlement Amount and accrued interest thereon), less any Notice and Administration Expenses actually incurred or paid, and less any Taxes paid or due or owing, shall be refunded to the Settling Defendants in accordance with

43

instructions provided by the Settling Defendants to Lead Counsel no later than five (5) business days after the Stipulation is terminated, the Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason;

        (b)    Lead Counsel shall refund the full amount of any award of attorneys' fees and litigation expenses already paid to Lead Counsel, of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, no later than thirty (30) calendar days after receiving notice of the events in Paragraph 23;

        (c)    the Settlement shall be null, void, and without prejudice, and none of its terms shall have any further force or effect or be enforceable except as specifically provided herein;

        (d)    the Action shall proceed in all respects as if this Stipulation had not been entered and all negotiations, discussions, acts, Court orders, and other proceedings in connection therewith treated as if they never existed;

        (e)    the parties to this Stipulation shall be deemed to have reverted to their respective litigation positions in the Action as of February 24, 2013 (when the parties reached an agreement-in-principle to settle the Action);

        (f)    any judgment(s) or order(s) entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*;

        (g)    the provisional certification of the Action as a class action shall be null and void and the Settling Defendants shall have the full and complete right and ability in any future proceedings in this Court to oppose certification of any putative class and defend the claims asserted in the Action on the merits; and

(h)     the facts and terms of this Stipulation shall not be admissible in any trial of this Action or any other action.

60.     If either of the Settling Parties terminates the Settlement and this Stipulation (whether in accordance with the provisions hereof or otherwise) but the other disputes the basis for that termination, the Settling Parties agree that (i) in the first instance, they shall consult with Judge Weinstein (or, if he is not available, a mediator agreed upon by the Settling Parties) in a good-faith effort to achieve a mediated resolution of the dispute; and (ii) if that mediation is unsuccessful, then they shall submit that dispute to the Court, which shall have exclusive jurisdiction to resolve and rule on the terminating party's right to terminate the Settlement and this Stipulation.

## NO ADMISSION OF WRONGDOING

61.     Defendants have denied and continue to deny, *inter alia*, that Lead Plaintiff and putative Settlement Class Members have suffered any or all damages alleged in the SAC; that the price of GE Common Stock was artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; that Defendants acted fraudulently or wrongfully in any way; or that the alleged harm suffered by Lead Plaintiff and other putative Settlement Class Members, if any, was causally linked to any alleged misrepresentations or omissions. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

62.     Nonetheless, the Settling Defendants have concluded that further litigation of the Action, especially given the complexity of cases such as this one, would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that they secure releases to the fullest extent permitted by law and that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

63.     Except as set forth in Paragraph 64 below, this Stipulation, whether or not

consummated, and whether or not approved by the Court, and any discussions, negotiations, acts

performed, proceedings, communications, drafts, documents, or agreements relating to this

Stipulation, the Settlement, and any matters arising in connection with settlement discussions or

negotiations, proceedings, communications, or agreements, shall not be offered or received

against or to the prejudice of the Settling Parties for any purpose other than in an action to

enforce the terms of this Stipulation and the Settlement, and in particular:

(a)     do not constitute, shall not be described as, construed as, or offered or

received against, or to the prejudice of the Settling Defendants as, evidence of (or deemed to be

evidence of) any admission, concession, or presumption by any of the Settling Defendants with

respect to (i) the truth of any allegation in any complaint filed, or any amended complaint

proposed to be filed, in the Action (whether by Lead Plaintiff or otherwise); (ii) the validity of

any claim that has been or could have been asserted in the Action or in any litigation or

proceeding in any forum, including but not limited to the Released Plaintiffs' Claims; (iii) the

deficiency of any defense that has been or could have been asserted in the Action or in any other

litigation or proceeding in any forum; or (iv) of any liability, damages, negligence, fault, or

wrongdoing of the Settling Defendants or any Person whatsoever;

(b)     do not constitute, shall not be described as, construed as, or offered or

received against, or to the prejudice of the Settling Defendants as, evidence of (or deemed to be

evidence of) any admission, concession, or presumption of any fault, misrepresentation, or

omission with respect to any statement or written document approved or made by the Settling

Defendants, or against or to the prejudice of Lead Plaintiff or any Settlement Class Member as

evidence of any infirmity in the claims of Lead Plaintiff or any Settlement Class Member;

(c)     do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of the Settling Defendants, Lead Plaintiff or any Settlement Class Member as, evidence of (or deemed to be evidence of) any admission, concession, or presumption with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Parties, in any other civil, criminal, or administrative action or proceeding;

(d)     do not constitute, shall not be described as, construed as, or offered or received against or to the prejudice of the Settling Defendants, Lead Plaintiff, or any Settlement Class Member as, evidence of (or deemed to be evidence of) any admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     do not constitute, shall not be described as, construed as, or offered or received against or to the prejudice of Lead Plaintiff or any Settlement Class Member as, evidence of (or deemed to be evidence of) any admission, concession, or presumption that any of their claims are without merit or infirm or that damages recoverable under the SAC (or any other complaint filed or proposed to be filed in the Action) would not have exceeded the Settlement Amount.

64.     Notwithstanding Paragraph 63 above, the Released Defendants may file or use this Stipulation or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statutes of limitations, statutes of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted to them. The Settling Parties may file or refer to this

Stipulation or the Judgment in any action that may be brought to enforce the terms of this

Stipulation or the Judgment, and the Underwriter Defendants may file or refer to this Stipulation

or the Judgment in any action that they may bring to enforce the protections from liability

granted to them under this Stipulation. All Settling Parties submit to the jurisdiction of the Court

for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

65.     All the exhibits to this Stipulation, and the Supplemental Agreement and the

exhibits thereto, are fully incorporated herein by reference. This Stipulation (including exhibits)

and the Supplemental Agreement may not be modified or amended, nor may any of its

provisions be waived, except by a writing signed by all counsel who have executed this

Stipulation or their successors. Any condition contained in this Stipulation may be waived by the

party entitled to enforce the condition in a writing signed by that party or his, her, or its counsel.

The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party

shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

66.     The Settling Defendants warrant that, at the time of payment of the Settlement

Amount, the Settling Defendants will not be insolvent; nor will payment of the Settlement

Amount render the Settling Defendants insolvent, within the meaning of or for the purposes of

the United States Bankruptcy Code, including Sections 101 and 547 thereof.

67.     Pending final determination of whether the Settlement should be approved, Lead

Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to

act on their behalf, shall not institute, commence, participate in, or prosecute any action or

proceeding that asserts, whether directly or indirectly, any of Released Plaintiffs' Claims against

the Released Defendants.

68.     The Settling Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or which could have been asserted by the Settling Parties with respect to the Released Claims. The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties and their respective counsel in connection with a mediation conducted under the auspices of Judge Weinstein, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

69.     Accordingly, the Settling Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Settling Parties and their counsel agree not to make any applications for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claims or defenses in this Action.

70.     The Settling Parties agree that the terms of this Stipulation and the fact that it has been executed are strictly confidential until this Stipulation has been filed with the Court, except to the extent required by law or as mutually agreed to by the Settling Parties hereto in writing. While maintaining their position that the claims asserted in the Action are meritorious, Lead Plaintiff and Lead Counsel shall not make any public statements or statements to the media (whether or not for attribution) that disparage the business, conduct, or reputation of any of the Defendants based on the subject matter of the Action, provided that this sentence does not apply to statements in any judicial proceeding. While maintaining their position that the claims asserted in the Action are not meritorious, the Settling Defendants and Defense Counsel shall not make any public statements or statements to the media (whether or not for attribution) that disparage the business, conduct, or reputation of Lead Plaintiff or Lead Counsel based on the subject matter of the Action, provided that this sentence does not apply to statements in any judicial

proceeding. In all events, Lead Plaintiff, Lead Counsel and Liaison Counsel, and the Settling

Defendants and Defense counsel, shall not make any accusations of wrongful or actionable

conduct by any party to the Action concerning the resolution of the Action, and shall not

otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

The obligations in this Paragraph shall survive and remain in full force and effect and be binding

in all respects on the Settling Parties even if this Stipulation is terminated, the Settlement is not

approved, or the Effective Date does not occur.

71.      Defendants, Lead Plaintiff, and more than 16 non-parties collectively have

produced nearly two million pages of discovery in the Action (including the production of

approximately 1.8 million pages of documents by GE and the Individual Defendants), the Parties

have exchanged initial disclosures under Rule 26 of the Federal Rules of Civil Procedure, the

Settling Defendants have provided written responses to Lead Plaintiff's Rule 30(b)(6) deposition

notices, and Lead Plaintiff has responded to interrogatories under Rule 33 of the Federal Rules of

Civil Procedure. The Settling Parties agree that no further discovery is necessary to confirm the

fairness, adequacy, and reasonableness of the Settlement as embodied in this Stipulation. The

Settling Parties agree not to request any such discovery in connection with the Settlement.

72.      The headings herein are used for the purpose of convenience only and are not

meant to have legal effect or affect the interpretation or construction of this Stipulation.

73.      The administration and consummation of the Settlement as embodied in this

Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

purpose of entering orders providing for awards of attorneys' fees and any expenses, and

implementing and enforcing the terms of this Stipulation.

74.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement and understanding between the Settling Parties concerning the Settlement, and no representations, warranties, or inducements have been made by any Settling Party concerning this Stipulation and the Supplemental Agreement and their exhibits other than those contained and memorialized in such documents. In entering into this Stipulation, none of the Settling Parties is relying on any promise, warranty, inducement, or representation other than those set forth in this Stipulation and Supplemental Agreement and the Settling Parties disclaim the existence of any such promise, warranty, inducement, or representation.

75.     Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney client privilege, the joint defense privilege, or work product protection.

76.     Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

77.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive and remain in full force and effect and be binding in all respects on the Settling Parties even if this Stipulation is terminated, the Settlement is not approved, or the Effective Date does not occur. Consistently with the terms of Section 12 of this Stipulation and Order For The Production and Use of Confidential Information (entered May 9, 2012), which shall survive this Stipulation, all Confidential, Highly Confidential, or NPBI Discovery Material, including all copies thereof and material derived therefrom, shall be returned to the Producing Party or destroyed within sixty (60) days after receiving notice of entry of an order, judgment or decree finally ending the

Action (including without limitation any appeals therefrom, or the running of time to take such an appeal, if later).

78.     This Stipulation shall be binding when signed, but the Settlement shall be effective only on the condition that the Effective Date occurs. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties. The provisions of this Stipulation that grant the Underwriter Defendants protection from liability shall be binding upon, and inure to the benefit of, the Underwriter Defendants, and their successors and assigns.

79.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by and construed according to the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

80.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties, and all the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

81.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

82.     The Settling Parties and their counsel agree to cooperate fully with one another in promptly seeking Court approval of the Settlement, and to agree promptly upon and execute all

other documentation as reasonably may be required to obtain Final approval by the Court of the
Settlement.

83.     If any disputes arise out of the finalization of the settlement documentation or the
Settlement itself prior to joint submission to the Court of the application for preliminary approval
of the Settlement as set forth in Paragraphs 44-49 above, those disputes will be resolved by
Judge Weinstein first by way of expedited telephonic mediation and, if unsuccessful, then by
way of final, binding, non-appealable resolution.

84.     Pending final determination of the Court's approval of the Settlement, Lead
Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to
act on their behalf, shall not institute, commence or prosecute any action which asserts Released
Plaintiffs' Claims against the Released Defendants.

85.     If one of the Settling Parties institutes any legal action against any other party
hereto to enforce the provisions of the Settlement or this Stipulation prior to or after the Effective
Date, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or
Parties reasonable attorneys' fees and costs incurred in connection with any such enforcement
action.

86.     The provisions of and obligations in Paragraphs 23-25, 63, 70, and 77 shall
survive and remain in full force and effect and be binding in all respects on the Settling Parties
even if this Stipulation is terminated, the Settlement is not approved, or the Effective Date does
not occur.

87.     Whenever this Stipulation requires or contemplates that a Party shall or may give
notice to the other, notice shall be provided by electronic mail or next-day express delivery

service as follows and shall be deemed effective upon such transmission or delivery, as set forth

below:

    If to Defendants, then to:

                Greg A. Danilow (greg.danilow@weil.com)
                Paul I. Dutka (paul.dutka@weil.com)
                Caroline H. Zalka (caroline.zalka@weil.com)
                **WEIL, GOTSHAL & MANGES LLP**
                767 Fifth Avenue
                New York, New York 10153
                Telephone:     (212) 310-8000

    If to Lead Plaintiff, then to:

                Joseph J. Tabacco, Jr.
                (jtabacco@bermandevalero.com)
                **BERMAN DEVALERIO**
                One California Street, Suite 900
                San Francisco, California 94111
                Telephone: (415) 433-3200

                Kathleen Donovan-Maher
                (kdonovanmaher@bermandevalerio.com)
                **BERMAN DEVALERIO**
                One Liberty Square
                Boston, Massachusetts 02109
                Telephone: (617) 542-8300

    88.     Except as otherwise provided herein, each Settling Party shall bear its own costs.

89.     This Stipulation may be executed in one or more counterparts. All executed

counterparts and each of them shall be deemed to be one and the same instrument. Signatures

sent by facsimile or PDF'd via e-mail shall deemed originals.

**IN WITNESS WHEREOF**, the Settling Parties have caused this Stipulation to be

executed, by their duly authorized attorneys, as of April 29, 2013.

Dated: April 29, 2013                     **BERMAN DeVALERIO**

Joseph J. Tabacco, Jr.
Nicole Lavallee
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 433-3200

Glen DeValerio
Kathleen M. Donovan-Maher
Kristin J. Moody
Steven J. Buttacavoli
Daryl D. Andrews
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300

Kyle G. DeValerio
3507 Kyoto Gardens Drive, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 835-9400

*Lead Counsel for the Lead Plaintiff State
Universities Retirement System of Illinois*

**LOWEY DANNENBERG COHEN &
HART, P.C.**
Richard W. Cohen
White Plains Plaza
One North Broadway
White Plains, NY 10601
Telephone: (914) 733-7239

*Liaison Counsel for the Lead Plaintiff State
Universities Retirement System of Illinois*

55

Dated: April 29, 2013                    **WEIL, GOTSHAL & MANGES LLP**

Greg A. Danilow
Paul I. Dutka
Christopher L. Garcia
Ashish D. Gandhi
Caroline H. Zalka
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8182

*Counsel for General Electric Company, Jeffrey
Immelt, and Keith Sherin*