**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOCUMENT
ELECTRONICALLY FILED

5/30/13

|  |  |
|---|---|
| ) | **Civ. No. 09-CIV-1951 (DLC)** |
| ) | |
| **In re General Electric Co. Sec. Litig.** ) | **ECF CASE** |
| ) | |
| ) | |
| ) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Lead Plaintiff, the State Universities Retirement System of Illinois, on

behalf of itself and the Settlement Class, and the Settling Defendants entered into a Stipulation

and Agreement of Settlement, dated April 29, 2013, in the above-captioned Action (the

"Stipulation"), which is subject to Rule 23 of the Federal Rules of Civil Procedure and which,

together with the exhibits thereto, sets forth the terms and conditions of the proposed Settlement

of the claims alleged in the Second Consolidated Class Action Complaint for Violations of the

Federal Securities Laws, dated June 9, 2010 (the "Complaint") on the merits and with prejudice;

and

WHEREAS, Lead Plaintiff has made an application pursuant to Rule 23 of the Federal

Rules of Civil Procedure for an order preliminarily approving the Settlement in accordance with

the Stipulation, preliminarily certifying the Settlement Class for purposes of the Settlement only,

and directing notice thereof to the Settlement Class, as more fully described herein.

WHEREAS, the Court has read and considered Lead Plaintiff's motion, the declarations,

and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions

and arguments presented with respect to the proposed Settlement; and

WHEREAS, the Settling Parties have consented to the entry of this Order; and

WHEREAS, all capitalized terms used but not defined in this Order shall have the meanings set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _30th_ day of _May_ 2013 that:

1.      **Preliminary Approval of the Settlement**. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described in Paragraph 5 below.

2.      **Provisional Certification of the Settlement Class**. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby provisionally certifies, for the purposes of the Settlement only, the Settlement Class of: all Persons that, from September 25, 2008 through March 19, 2009, inclusive, purchased or otherwise acquired GE Common Stock either in the open market and/or pursuant or traceable to a registration statement. Excluded from the Settlement Class are: (i) the Defendants; the Officers and Directors of GE during the Class Period; the members of the Immediate Families of the Individual Defendants; any firm, trust, partnership, corporation, or entity in which any Defendant has a majority interest; the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person, provided that the Settlement Class shall not exclude any Investment Vehicle; and (ii) any Person that would otherwise be a Settlement Class Member, but properly excludes himself, herself, or itself by submitting a valid and timely request for exclusion from the Settlement Class in accordance with the requirements set forth herein and in the Notice.

3.      **Class Findings**. Solely for purposes of the proposed Settlement of this Action, the Court finds and concludes that the prerequisites for class action certification under Rules 23(a)

and (b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined in Paragraph 2 of this Order, in that:

      (a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

      (b)    there are questions of law and fact common to the Settlement Class;

      (c)    the claims of Lead Plaintiff are typical of the claims of the Settlement Class;

      (d)    Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

      (e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

      (f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

    4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is preliminarily certified as class representative for the Settlement Class and Berman DeValerio is preliminarily appointed class counsel for the Settlement Class.

5.    **Settlement Hearing**. A hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _August 16_, 2013, at _2_:_00_ _p_.m. for the following purposes:

(a)    to determine whether the proposed Settlement on the terms and conditions set forth in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court;

(b)    to determine whether the proposed Judgment, as provided for in the Stipulation, should be entered; and whether the release of the Released Plaintiffs' Claims should be provided to the Released Defendants as set forth in the Stipulation;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as class representative for the Settlement Class; and whether Lead Counsel should be finally appointed as class counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the distribution of the Settlement Fund is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award from the Settlement Fund of attorneys' fees and reimbursement of litigation expenses incurred in prosecuting the Action in an amount not to exceed the attorneys' fees and expense reimbursement disclosure contained in the Postcard Notice, Second Revised Full Notice, and Summary Notice; and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court may approve the Settlement with or without modification and with or without further notice of any kind to Settlement Class Members. The Court may also enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation

or the Fee and Expense Application. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to Settlement Class Members.

       7.      **Retention of Claims Administrator and Manner of Notice**. The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

       (a)     After the entry of this Order, GE shall promptly provide or cause to be provided to Lead Counsel in electronic form (a) a list of Persons that were record holders of GE Common Stock as of September 24, 2008 and (b) a list of any Persons that became record holders of GE Common Stock during the Class Period;

       (b)     On or before ten (10) business days after the date of the entry of this Order, Lead Counsel shall cause the Claims Administrator to send a copy of the Postcard Notice, substantially in the form annexed hereto as Exhibit A, by first-class mail, postage prepaid, to all putative Settlement Class Members whose addresses can be identified through reasonable effort ("Notice Date");

       (c)     Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the *Second Revised* Full Notice and Proof of Claim, substantially in the form annexed hereto as Exhibits B and D, respectively, to be posted in downloadable form on a website specific to the Settlement, www.gesecuritieslitigation.com; and

       (d)     On or before fourteen (14) calendar days after the Notice Date, and again fourteen (14) calendar days thereafter, Lead Counsel shall cause the Summary Notice,

substantially in the form annexed hereto as Exhibit C, to be published in *Investor's Business Daily* and transmitted over *PR Newswire*;

       (e)    No later than seven (7) calendar days after receipt of a request for a copy of the [Second Revised] Full Notice, the Claims Administrator shall cause a copy of the [Second Revised] Full Notice, substantially in the form annexed hereto as Exhibit B, to be mailed by first-class mail, postage prepaid, to any putative Settlement Class Member that makes such a request.

       (f)    No later than seven (7) calendar days before the Settlement Hearing, Lead Counsel shall serve on Defense Counsel and file with the Court proof, by affidavit or declaration, of mailing, publication, and website posting, as applicable, of the [Second Revised] Full Notice, Summary Notice, and Proof of Claim form.

8.    **Approval of Form and Content of Notice**. The Court:

       (a)    approves the form and content of the Postcard Notice, [Second Revised] Full Notice, Summary Notice, and Proof of Claim; and

       (b)    finds that the mailing, website posting, and publication of the [Second Revised] Full Notice, the Postcard Notice, and the Summary Notice, as applicable, in the manner set forth in Paragraph 7 of this Order: (i) constitutes the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise putative Settlement Class Members of the proposed Settlement, the effect of the proposed Settlement (including the releases contained therein), their right to exclude themselves from the Settlement Class or object to any aspect of the proposed Settlement and appear at the Settlement Hearing, the Fee and Expense Application, and the proposed Plan of Allocation; (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements

of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules.

9. **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons that purchased or otherwise acquired GE Common Stock during the Class Period as record owners but not as beneficial owners. Those nominee purchasers are directed, within seven (7) calendar days of their receipt of the Postcard Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Postcard Notice promptly to those identified beneficial owners by first-class mail, postage prepaid; or (ii) request additional copies of the Postcard Notice, and within seven (7) calendar days of receipt of those copies send them directly to the beneficial owners by first-class mail. Nominee purchasers that elect to send the Postcard Notice to beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Postcard Notice shall be made available to any nominee purchasers requesting them for distribution to beneficial owners. Those nominee purchasers shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Postcard Notice to beneficial owners.

10. **Participation in the Settlement**. In order to be eligible to receive a distribution from the Net Settlement Fund, if the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)      A Proof of Claim, substantially in the form annexed hereto as Exhibit D, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable, must be submitted to the Claims Administrator at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date, unless that deadline is extended by Order of the Court. Any Settlement Class Member who fails to submit a Proof of Claim by that date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Stipulation unless, extended by Lead Counsel or Order of the Court, late-filed Proofs of Claim are accepted, but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided in the Stipulation, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendants concerning the Released Plaintiffs' Claims, as provided by Paragraphs 11 and 16 of this Order. Each Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon, provided such Proof of Claim is received before the motion for the Distribution Order is filed. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

(b)      The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the

broker containing the transactional information found in a broker confirmation slip, or such other

documentation as is deemed adequate by Lead Counsel or the Claims Administrator;; (iii) if the

person executing the Proof of Claim is acting in a representative capacity, a certification of his,

her, or its current authority to act on behalf of the Settlement Class Member must be included in

the Proof of Claim to the satisfaction of Lead Counsel or the Claims Administrator; and (iv) the

Proof of Claim must be complete and contain no material deletions or modifications of any of the

printed matter contained therein and must be signed under penalty of perjury.

      (c)     Each claimant who submits a Proof of Claim shall submit to the

jurisdiction of the Court with respect to the claim submitted.

      11.    **Exclusion from the Settlement Class**. Settlement Class Members shall be bound

by all orders, determinations, and judgments in this Action concerning the Settlement, whether

favorable or unfavorable, the terms of the Stipulation and the Settlement, including the terms of

the Judgment to be entered in the Action and all releases provided in the Stipulation, and will be

permanently barred and enjoined from bringing any action, claim, or other proceeding of any

kind against any Released Defendants concerning the Released Plaintiffs' Claims. A putative

Settlement Class Member that wishes to exclude himself, herself, or itself from the Settlement

Class must serve a request on the Claims Administrator, in the manner set forth in the [Second Revised] Full

Notice, postmarked no later than twenty-one (21) calendar days before the Settlement Hearing.

Such request for exclusion must state the name, address, and telephone number of the Person

seeking exclusion, and must be signed by such Person. Such Persons requesting exclusion are

also directed to state the information requested in the Notice, including, but not limited to: the

date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of GE Common

Stock during the Class Period, and the amount of holdings of GE Common Stock at the close of

business on September 24, 2008, and June 18, 2009. The request for exclusion shall not be

effective unless it provides the required information and is made within the time stated above, or

otherwise accepted by Order of the Court.

12.     Any Persons who timely and validly requests exclusion in compliance with the

terms set forth in this Order shall not be a Settlement Class Member, shall not be bound by the

terms of the Settlement or any orders or judgments in the Action, and shall not receive any

payment out of the Net Settlement Fund.

13.     **Appearance and Objections to the Settlement**. Any Settlement Class Member

may enter an appearance in this Action, at his, her, or its own expense, individually or through

counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a

notice of appearance to Lead Counsel and Defense Counsel, at the addresses set forth in the _Second Revised_ Full

Notice, such that it is received no later than thirty (30) calendar days before the Settlement

Hearing. Any Settlement Class Member who does not enter an appearance will be represented by

Lead Counsel.

14.     Any Settlement Class Member who wishes to object to the fairness,

reasonableness, or adequacy of the Plan of Allocation, to any terms of the Settlement, or to the

Fee and Expense Application must mail to Lead Counsel and Defense Counsel, in the manner set

forth in the Notice, postmarked no later than fourteen (14) calendar days before the Settlement

Hearing, and file with the Court no later than fourteen (14) calendar days before the Settlement

Hearing, or as the Court may otherwise direct, a statement of all of his, her, or its objection(s);

provided, however, that a putative Settlement Class Member who submits a timely and valid

request for exclusion from the Class (according to the process described in the Notice) shall not

be able to submit an objection. If a Settlement Class Member timely and properly serves and

files written objections, as set forth in this Order and the Notice, Lead Counsel and Defense

Counsel may, as they deem appropriate, submit papers in support of the Settlement, the Plan of

Allocation, any term(s) of the Stipulation, or the Fee and Expense Application no later than

seven (7) calendar days before the Settlement Hearing.

15.     The statement of objection of a Settlement Class Member shall: (i) contain the

Settlement Class Member's name, address, and telephone number, and include a signature; (ii)

identify the date(s), price(s) and number(s) of shares of all purchases, acquisitions, and sales of

GE Common Stock made by the objecting Settlement Class Member during the Class Period;

(iii) state the reasons why the objecting Settlement Class member objects to the Settlement and

which part(s) of the objecting Settlement Class Member objects to, as well as any legal support

for the objection; (iv) include copies of any papers, briefs, or other documents upon which the

objection is based; (v) list all Persons who will be called to testify in support of the objection at

the Settlement Hearing; and (vi) state whether the objecting Settlement Class Member intends to

appear at the Settlement Hearing. Failure to provide this information and documentation shall be

grounds to void the objection. Attendance at the hearing is not necessary, however, Settlement

Class Members wishing to be heard orally in opposition to the Settlement, the Plan of Allocation,

or the Fee and Expense Application are required to indicate in their written objection their

intention to appear at the hearing.

16.     Any Settlement Class Member who fails to comply with any of the requirements

of the Stipulation and the Full Notice concerning objecting to the Settlement shall waive and

*[handwritten: (second Revised)]*

forfeit any and all rights he, she, or it may otherwise have to appear separately at the Settlement

Hearing or to object to any aspect of the Settlement, the Plan of Allocation, or the Fee and

Expense Application, unless otherwise ordered by the Court, but shall in all other respects (i) be

11

bound by all of the terms of the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided in the Stipulation; (ii) be bound by all proceedings, orders, releases, and judgments in the Action; and (iii) will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendants concerning the Released Plaintiffs' Claims. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17.    **Stay**. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, or anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Plaintiffs' Claims against the Released Defendants.

18.    **Settlement Administration Fees and Expenses**. As provided in the Stipulation, before the Effective Date, Lead Counsel may expend up to $3 million from the Settlement Fund to pay Notice and Administration Expenses actually and reasonably incurred without further approval from the Settling Defendants or further Order of the Court. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of the Settling Defendants or further Order of the Court. After the Effective Date, without further approval of the Settling Defendants or further Order of the Court, Notice and Administration Expenses may be paid as incurred.

19.    **Supporting Papers**. All papers in support of the Settlement, Plan of Allocation, and the Fee and Expense Application shall be filed with the Court and served on or before _30_ calendar days prior to the date set for the Settlement Hearing in Paragraph 5 of this Order. If reply papers are necessary, they are to be filed with the Court and served on or before _7_ calendar days before the Settlement Hearing.

20.     **Settlement Fund**. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person that is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21.     All funds held in escrow shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as those funds shall be disbursed pursuant to the Stipulation or further Order of the Court.

22.     **Plan of Allocation**. The Settling Defendants and Defense Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the Plan of Allocation or any Fee and Expense Application submitted by Lead Counsel or Lead Plaintiff.

23.     **Termination**. If the Settlement does not become effective in accordance with the terms of the Stipulation or is terminated as provided in the Stipulation (including any amendments thereof), then this Order shall be vacated, rendered null and void, and be of no further force and effect, except as provided by and in accordance with the Stipulation, and in that event, all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action as of February 24, 2013. Consistent with the Stipulation, the Settlement Fund (including the Settlement Amount and accrued interest thereon), less any Notice and Administration Expenses actually incurred or paid, and less any Taxes paid or due or owing, shall be refunded to the Settling Defendants in accordance with instructions provided by the Settling Defendants to Lead Counsel no later than five (5) business days after the Stipulation is terminated, the Settlement is not approved by the

Court, the Effective Date does not occur, or the Settlement otherwise fails for any other reason. Consistently with Paragraph 59 of the Stipulation, if the Settlement does not become effective in accordance with the terms of the Stipulation or is terminated as provided in the Stipulation (including any amendments thereof), Lead Counsel shall refund the full amount of any award of attorneys' fees or litigation expenses already paid to Lead Counsel, plus accrued earnings at the same net rate as is earned by the Settlement Fund, no later than thirty (30) calendar days after receiving notice of the events in Paragraph 23 of the Stipulation.

24.     **Use of this Order**. This Order, the Stipulation, the Settlement, and any discussions, negotiations, acts performed, proceedings, communications, drafts, documents, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, communications, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties for any purpose other than in an action to enforce the terms of the Stipulation and the Settlement, and in particular:

(a)     do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of the Settling Defendants as, evidence of (or deemed to be evidence of) any admission, concession, or presumption by any of the Settling Defendants with respect to (i) the truth of any allegation in any complaint filed, or any amended complaint proposed to be filed, in the Action (whether by Lead Plaintiff or otherwise); (ii) the validity of any claim that has been or could have been asserted in the Action or in any litigation or proceeding in any forum, including but not limited to the Released Plaintiffs' Claims; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding in any forum; or (iv) of any liability, damages, negligence, fault, or wrongdoing of the Settling Defendants or any Person whatsoever;

(b)      do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of the Settling Defendants as, evidence of (or deemed to be evidence of) any admission, concession, or presumption of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Settling Defendants, or against or to the prejudice of Lead Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiff or any Settlement Class Member;

(c)      do not constitute, shall not be described as, construed as, or offered or received against, or to the prejudice of the Settling Defendants, Lead Plaintiff or any Settlement Class Member as, evidence of (or deemed to be evidence of) any admission, concession, or presumption with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Parties, in any other civil, criminal, or administrative action or proceeding;

(d)      do not constitute, shall not be described as, construed as, or offered or received against or to the prejudice of the Settling Defendants, Lead Plaintiff, or any Settlement Class Member as, evidence of (or deemed to be evidence of) any admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)      do not constitute, shall not be described as, construed as, or offered or received against or to the prejudice of Lead Plaintiff or any Settlement Class Member as, evidence of (or deemed to be evidence of) any admission, concession, or presumption that any of their claims are without merit or infirm or that damages recoverable under the Complaint (or any other complaint filed or proposed to be filed in the Action) would not have exceeded the Settlement Amount.

25.    **<u>Retention of Jurisdiction</u>**. The Court retains exclusive jurisdiction over the

Action to consider all further matters arising out of or connected with the Settlement.


Dated: _____ May   30 _____, 2013        _____

Honorable Denise L. Cote
UNITED STATES DISTRICT JUDGE

**Exhibit A**

***Court-Ordered Legal Notice***

**IN RE: GENERAL ELECTRIC CO. SEC. LITIG.**
**C/O [CLAIMS ADMINISTRATOR]**

[NAME1]
[ADDR2]
[CITY] [ST] [ZIP]
[COUNTRY]

Important Legal Notice authorized by the United States District Court for the Southern District of New York about a Securities Class Action Settlement

**If you purchased or acquired the publicly traded common stock of General Electric Company ("GE"), during the period from September 25, 2008 through March 19, 2009, inclusive, you may be entitled to a payment from a class action settlement.**

*You may be entitled to a CASH payment.*

*This Notice may affect your legal rights.*

*Please read it carefully.*

*In re General Electric Co. Securities Litigation*, No. 09-CIV-1951 (S.D.N.Y.)
THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.
PLEASE VISIT www.gesecuritieslitigation.com FOR MORE INFORMATION.

There is a proposed Settlement of claims against General Electric Company ("GE") and certain officers of GE (collectively, "Defendants"). The proposed Settlement would resolve a lawsuit in which the Plaintiff alleges that Defendants misled investors by issuing false and misleading public filings and statements between September 25, 2008 and March 19, 2009, inclusive (the "Class Period"), and seeks money damages for violations of the federal securities laws. Defendants deny any wrongdoing. The parties disagree on how much money, if any, could have been won if the case went to trial.  If approved by the Court, the Settlement will resolve the case against Defendants and will pay money to eligible Settlement Class Members.

**Who's Included?** You are included if you or someone in your family acquired shares of GE Common Stock during the Class Period.  You may have held these shares through a broker-dealer or other financial intermediary.

**What Can You Get?** The Settlement establishes a $40,000,000 ($40 million) Settlement Fund that, after payment of certain Court-approved expenses such as attorneys' fees and administration costs, is intended for distribution to Settlement Class Members in exchange for the settlement of this case and the release by Settlement Class Members of the claims described above and other related claims against Defendants.    The Settlement is explained in detail in the Full Notice, and in the Stipulation, available at the website below.  The Proof of Claim is also located at the website listed below. Your share of the Settlement Fund will depend on a number of factors including the number of valid Proofs of Claim that Settlement Class Members submit, the number of shares of GE Common Stock that you purchased or sold during the Class Period and the dates of such purchases and sales.  The exact amount, if any, of your payment will be determined according to a Court-approved Plan of Allocation (a proposed version of which is available at the website listed below). If every eligible Settlement Class Member sends in a valid Proof of Claim, the average recovery per share will be approximately $0.01 per share, before deduction of Court-approved expenses.  You may contact the Claims Administrator or Lead Counsel (see below) with any further questions.

**How to Get Money?** To qualify for payment, you must submit a valid Proof of Claim to *In re General Electric Company Securities Action c/o* A.B. Data, Ltd.  **PROOFS OF CLAIM ARE DUE BY _____, 2013.**

**Your Other Rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2013, or you will not be able to sue the Defendants for any claims relating to this case.  If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement Class, you may object to the Settlement by _____, 2013. The Full Notice, located at the website listed below, explains how to exclude yourself from, or object to, the Settlement. The Court will hold a hearing in this case on _____, 2013 at _____ [a.m./p.m.] to consider whether to approve the Settlement, Plan of Allocation, and a request by the lawyers representing all Class Members for up to 12% in attorneys' fees, plus expenses not to exceed $2,000,000 ($2 million), for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to.  **If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against the Defendants.**

For more information or a Claim Form: 1- ___ - ___ - ___ or www.gesecuritieslitigation.com; www.bermandevalerio.com
**Do not contact the Court, Defendants or their counsel in this Action with questions.**

# Exhibit B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ) | **Civ. No. 09-CIV-1951 (DLC)** |
| ) | ECF CASE |
| ) |  |
| ) | **SECOND REVISED FULL NOTICE OF** |
| **In re General Electric Co. Sec. Litig.** ) | **CLASS ACTION, PROPOSED** |
| ) | **SETTLEMENT, MOTION FOR** |
| ) | **ATTORNEYS' FEES, AND SETTLEMENT** |
| ) | **HEARING** |
| ) |  |

**IF YOU PURCHASED OR ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF GENERAL ELECTRIC COMPANY ("GE") FROM SEPTEMBER 25, 2008 THROUGH MARCH 19, 2009, INCLUSIVE (THE "CLASS PERIOD"), YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

The purpose of this Notice is to inform you of (a) the pendency of this class action (the "Action"); (b) the proposed settlement of the Action (the "Settlement"); and (c) the upcoming hearing to be held by the Court to consider (i) whether the settlement should be approved, (ii) the application by plaintiff's counsel for attorneys' fees and expenses, and (iii) certain other matters (the "Settlement Hearing"). This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Settlement Class.[1]

---

[1] All capitalized terms used in this Notice are defined in the Stipulation and Agreement of Settlement (the "Stipulation") dated April 29, 2013, available for download at www.gesecuritieslitigation.com. For convenience, certain capitalized terms are also defined in this Notice. To the extent there is any conflict between the definitions of capitalized terms in this Notice and the Stipulation, the definition in the Stipulation controls.

If you have any questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, GE, any other Defendant in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (see Question 24 below).

- If approved by the Court, the Settlement will provide a $40 million cash settlement fund for the benefit of Settlement Class Members (after the deduction of Court-approved expenses) and will resolve all claims in the Action.

- The Settlement (1) resolves claims by the State Universities Retirement System of Illinois ("Lead Plaintiff" or "SURS") that GE, Jeffrey R. Immelt, and Keith S. Sherin (the "Settling Defendants") misled investors about GE's financial position from September 25, 2008 through March 19, 2009, inclusive (claims that the Settling Defendants deny), (2) avoids the risks and costs of continuing the litigation, (3) pays money to investors like you, and (4) releases the Defendants from liability.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

- The Court will review the Settlement at a Settlement Hearing to **be held on _____, 2013.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM BY_____, 2013.** | **The only way to get a payment.** If you are a potential Settlement Class Member and you remain in the Settlement Class, you will be bound by the terms of the Settlement and all judgments and orders in the Action, and you will give up the ability to prosecute the Released Plaintiffs' Claims (see p. [] below) against the Released Defendants (see p. [] below). |

2

| | |
|---|---|
| **EXCLUDE YOURSELF BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION BY_____, 2013.** | **Get no payment.** This is the only option that allows you to ever bring or be part of any <u>other</u> lawsuit about the Released Plaintiffs' Claims against the Released Defendants. You will not have the right to object to the Settlement if you exclude yourself from the Settlement Class. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION BY_____, 2013.** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation and/or the request for attorneys' fees and expenses. You will still be a Settlement Class Member, which means that you will be bound by the terms of the Settlement and all judgments and orders in the Action, and you will give up the right to prosecute any of the Released Plaintiffs' Claims against the Released Defendants. You cannot object to the Settlement if you exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2013 AT __:_____. M.** | Ask to speak in Court about the Settlement at the Settlement Hearing. If you wish to speak at the Settlement Hearing, you will need to enter an appearance in the Action by _____, as described on page ___ below. You do not need to appear at the Hearing in order to participate in the Settlement. |
| **DO NOTHING.** | **Get no payment.** If you are a potential Settlement Class Member and you do not submit a Proof of Claim form by _____, 2013, you will not be eligible to receive any payment from the Settlement Fund. However, you will remain a Settlement Class Member, which means that you will be bound by the terms of the Settlement and all judgments and orders in the Action, and you will give up the ability to prosecute the Released Plaintiffs' Claims against the Released Defendants. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement and whether to finally certify this case as a class action. Payments will be made if the Court

3

finally approves the Settlement and finally certifies the Settlement Class, and after any appeals are resolved.

## SUMMARY OF THIS NOTICE

**(a)    Statement of Recovery**

Pursuant to this proposed Settlement, a Settlement Fund consisting of $40 million in cash ("Settlement Amount"), plus any accrued interest, has been established. Based on Lead Plaintiff's estimate of the number shares of GE common stock (CUSIP No. 369604103) ("GE Common Stock) entitled to participate in the Settlement, and assuming that all such shares entitled to participate do so, Lead Plaintiff estimates the average recovery per eligible share would be approximately $0.01, before deduction of Court-approved expenses, such as attorneys' fees and expenses and administrative costs.[2] A Settlement Class Member's actual recovery will be a portion of the Net Settlement Fund, determined by comparing his, her, or its "Recognized Loss" to the total Recognized Losses of all Settlement Class Members that timely submit valid Proofs of Claim. An individual Settlement Class Member's actual recovery will depend on, for example: (1) the total amount of Recognized Losses of other Settlement Class Members; (2) how many shares of GE Common Stock you purchased or acquired; (3) how much you paid for them; (4) when you bought them; and (5) whether or when you sold your shares, and, if so, for how much. See the Plan of Allocation beginning on page __ for information on your Recognized Loss. Please note that no distributions will be made to Settlement Class Members that are entitled to receive less than $10 because of the administrative expenses of processing and mailing such checks.

---

[2] An eligible share might have been traded more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each purchase or acquisition of such eligible shares.

**(b)      Statement of Potential Outcome if the Action Continued to Be Litigated**

The Settling Parties disagree on both liability and damages and on the average amount of damages, if any, that would be recoverable if Lead Plaintiff were to prevail on each claim alleged. The issues on which the Settling Parties disagree include, but are not limited to: (1) whether the Settling Defendants made any material misstatements or omissions in GE's public statements; (2) whether the Settling Defendants acted with the required fraudulent intent; (3) whether this Action is maintainable as a class action; (4) the amount by which GE Common Stock was allegedly artificially inflated (if at all) during the Class Period; (5) the extent to which the various matters that Lead Plaintiff alleged were false and misleading influenced (if at all) the trading price of GE Common Stock at various times during the Class Period; (6) whether any purchasers/acquirers of GE Common Stock have suffered damages as a result of the alleged misstatements and omissions in GE public statements; (7) the extent of such damages, assuming they exist; (8) the appropriate economic model for measuring damages; and (9) the extent to which external factors, such as general market and industry conditions, influenced the trading price of GE Common Stock at various times during the Class Period.

The Settling Defendants have denied and continue to deny: (1) all the claims alleged on behalf of the Settlement Class, including all claims in the complaints filed or proposed to be filed in the Action; (2) all allegations of wrongdoing, fault, liability, or damages to Lead Plaintiff and/or the Settlement Class; and (3) that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants believe that they acted at all times properly, in good faith, and consistently with their legal duties and obligations. While Lead Plaintiff

believes that it has meritorious claims, it recognizes that there are significant obstacles in the way to recovery.

**(c)     Statement of Attorneys' Fees and Litigation Expenses Sought**

Berman DeValerio ("Lead Counsel") intends to make a motion asking the Court to award attorneys' fees not to exceed 12% of the Settlement Fund and approve payment of litigation expenses incurred to date in prosecuting this action in an amount not to exceed $2,000,000 ($2 million), plus any interest on such amounts at the same rate and for the same periods as earned by the Settlement Fund ("Fee and Expense Application").  Litigation expenses shall be deducted from the Settlement Fund prior to deducting the Court-awarded attorneys' fee. Lead Counsel's Fee and Expense Application may include a request for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses, including lost wages, directly related to its representation of the Settlement Class in an amount not to exceed $10,000.

If the Court approves the Fee and Expense Application, the average cost per eligible share of GE Common Stock for such fees and expenses would be approximately $0.002 (2 tenths of 1 cent).[3] The average cost per eligible share will vary depending on the number of acceptable claims submitted. Lead Counsel has expended considerable time and effort in the prosecution of this litigation without receiving any payment, and has advanced the expenses of the litigation, such as the cost of experts, with the expectation that if it were successful in obtaining a recovery for the Settlement Class it would be paid from such recovery. In this type of litigation it is

---

[3] An eligible share might have been traded more than once during the Class Period, and the average cost indicated above represents the estimated average cost for each purchase or acquisition of such eligible shares.

customary for counsel to be awarded a percentage of the Settlement Fund recovered as attorneys' fees.

**(d)    Further Information**

Further information regarding this Action and the Settlement may be obtained by contacting the Claims Administrator: A.B. Data, Ltd., 1-800-391-9724, www.gesecuritieslitigation.com, info@gesecuritieslitigation.com or Lead Counsel: Berman DeValerio, (800) 516-9926, www.bermandevalerio.com, info@bermandevalerio.com.

**All questions should be directed to Lead Counsel or the Claims Administrator.**

**(e)    Reasons for the Settlement**

For Lead Plaintiff, the principal reason for the Settlement is the immediate benefit to the Settlement Class. This benefit must be compared to the risk that no recovery might be achieved after contested motion practice, a trial, and likely appeals, possibly years into the future. The Settling Defendants have denied and continue to deny all allegations of wrongdoing or liability whatsoever and believe that they would ultimately prevail in the Action. They are entering into the Settlement solely to eliminate the burden, expense, and distraction of further litigation.

**[END OF COVER PAGE]**

**A.        BASIC INFORMATION**

| 1.    Why did I get this notice package? |
| --- |

You or someone in your family may have purchased or acquired GE Common Stock during the period from September 25, 2008 through March 19, 2009, inclusive.

7

The Court in charge of the case is the United States District Court for the Southern District of New York. The lawsuit is known as *In re General Electric Co. Securities Litigation, No. 09-CIV-1951 (D L C)*, and is assigned to the Honorable Denise Cote. The people who sued are called plaintiffs, and the companies and persons they sued are called defendants.

The Lead Plaintiff in the Action, representing the Settlement Class, is S U R S . The Defendants in the Action currently are the Settling Defendants, and previously included Jeffrey S. Bornstein, William H. Cary, Michael A. Neal, the Underwriter Defendants,[4] and the Director Defendants.[5]

The Court directed that this Notice be posted in downloadable form on the website www.gesecuritieslitigation.com because potential Settlement Class Members have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. The Court will review the Settlement at a Settlement Hearing **to be held at __:___ .m on _____, 2013**, at the United States District Court for the Southern District of New York in the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 15B, New York, NY 10007. If the

---

[4] "Underwriter Defendants" means collectively Goldman, Sachs & Co., Banc of America Securities LLC, Citigroup Global Markets Inc., Deutsche Bank Securities Inc., J.P. Morgan Securities Inc., Morgan Stanley & Co. Incorporated, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, UBS Securities LLC, ABN AMRO Incorporated, Banca IMI S.p.A., BNP Paribas Securities Corp., Daiwa Securities America Inc. (now known as Daiwa Capital Markets America Inc.), HSBC Securities (USA) Inc., ING Financial Markets LLC, Lloyds TSB Bank Plc, Merrill Lynch, Pierce Fenner & Smith Incorporated, Mitsubishi UFJ Securities International plc, Mizuho Securities USA Inc., Santander Investment Securities Inc., SG Americas Securities, LLC, Blaylock Robert Van, LLC, CastleOak Securities, L.P., Samuel A. Ramirez & Company, Inc., Utendahl Capital Group, L.L.C., and The Williams Capital Group, L.P.

[5] "Director Defendants" means collectively James I. Cash, Jr., Sir William M. Castell, Ann M. Fudge, Claudio X. Gonzalez, Andrea Jung, Alan G. Lafley, Robert W. Lane, Ralph S. Larsen, Rochelle B. Lazarus, Samuel A. "Sam" Nunn, Jr., Roger S. Penske, Robert J. Swieringa, Robert C. Wright, Douglas A. Warner, III, Susan Hockfield, and James J. Mulva.

Court approves the Settlement, and after objections and appeals are resolved, a claims administrator appointed by the Court will make the payments that the Settlement and Court allow.

This package explains the Action, the Settlement, potential Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. | **What is this lawsuit about and what has happened so far?** |
|---|---|

This Action was commenced in March 2009 by the filing of several class action complaints alleging that Defendants violated the federal securities laws. On July 29, 2009, the Court issued a Memorandum Decision (i) consolidating the actions under the caption *In re General Electric Co. Securities Litigation*, No. 09 Civ. 1951 (DLC); (ii) appointing SURS as Lead Plaintiff; and (iii) appointing Berman DeValerio as Lead Counsel and Lowey Dannenberg Cohen & Hart, P.C. as Liaison Counsel.

On June 9, 2010, Lead Plaintiff filed the operative Second Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint generally alleged, among other things, that the Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by making alleged misstatements and omissions during the Class Period concerning GE's business condition including its commercial paper program, its shareholder dividend, its AAA credit rating, the GE Capital earnings projection for 2009, the credit quality of GE Capital's loan portfolio, and certain of GE's accounting practices related to loan loss reserves and the reclassification of assets, and that the Defendants violated Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 by making alleged misstatements and omissions concerning certain of the foregoing subject matters

in the offering materials that GE issued in connection with GE's October 2008 secondary offering of GE Common Stock. The Complaint further alleged that Lead Plaintiff and other Settlement Class Members purchased or acquired GE Common Stock during the Class Period at prices that were artificially inflated as a result of these alleged misstatements and omissions, and were damaged thereby.

On June 30, 2010, Defendants filed two motions to dismiss the Complaint, which Lead Plaintiff opposed. On January 11, 2012, the Court granted in part and denied in part Defendants' motions to dismiss, dismissing all claims against defendants Jeffrey S. Bornstein, William H. Cary, and Michael A. Neal in their individual capacities.

On January 26, 2012, the remaining Defendants filed motions for partial reconsideration of the Court's January 11, 2012 Order, which Lead Plaintiff opposed. While the motions for partial reconsideration were pending, on February 29, 2012, the remaining Defendants filed their Answers, denying the substantive allegations in the Complaint. On April 18, 2012, the Court granted in part and denied in part the motions for reconsideration, dismissing the remaining claims under the Securities Act of 1933 against the Director Defendants and Underwriter Defendants in their entirety, leaving only the Settling Defendants (GE, Jeffrey R. Immelt, and Keith S. Sherin) as defendant parties to the Action with respect to the remaining claims under the Securities Exchange Act of 1934.

On May 9, 2012, Lead Plaintiff moved for leave to file an amended complaint to reallege certain of its Securities Act claims dismissed by the Court on April 18, 2012, which the Defendants opposed. On July 12, 2012, the Court denied Lead Plaintiff's motion.

Discovery commenced, including the production of documents by Lead Plaintiff, certain of the Defendants and third parties, which resulted in the production of nearly two million pages of documents, of which over 1.8 million pages were produced by the Settling Defendants.

At the Court's direction, the parties participated in a mediation process and the parties engaged the former California Superior Court Judge Daniel R. Weinstein, a well-respected and highly experienced mediator, to assist the parties in exploring a potential negotiated settlement of the Action. The parties held their first mediation session in July 2012.

On November 2, 2012, Lead Plaintiff moved for leave to file an amended complaint, supplementing its allegations concerning when the alleged truth about GE's financial position was revealed to investors (what is known as a "corrective disclosure"), that allegedly caused the price of GE Common Stock to decline and thereby damaged GE investors. In support of this motion, Lead Plaintiff submitted a declaration from its consulting expert that analyzed the statistical significance of movements in GE Common Stock price during the Class Period and other economic evidence concerning Lead Plaintiff's claims. Based on Lead Plaintiff's expert's analysis, Lead Plaintiff informed the Court in its motion that (i) certain of the corrective disclosures alleged in the Complaint—specifically the disclosures made on February 27, 2009, March 2, 2009, and March 19, 2009—did not cause statistically significant movements to a 95% confidence level in the price of GE Common Stock and/or the alleged corrective disclosure lacked economic correspondence to the allegations of the Complaint; and (ii) that Lead Plaintiff would not pursue claims that the declines in GE's common stock price on February 27, 2009, March 2,

2009 and March 19, 2009 were sufficiently material to have caused damage to the proposed class of GE investors.

At a hearing before the Court on January 11, 2013, Lead Plaintiff withdrew its motion for leave to file an amended complaint. Lead Plaintiff represented to the Court that the Second Amended Class Action Complaint, filed June 9, 2010, would be the operative complaint in the Action and the case would proceed on the basis that (i) the only corrective disclosures alleged in the Complaint that purportedly caused cognizable damage to the proposed class were GE's disclosures on January 23, 2009; and (ii) none of the post-January 23, 2009 corrective disclosures alleged in the Complaint (including the February 27, 2009, March 2, 2009, and March 19, 2009 disclosures) caused cognizable damage to the proposed class. Lead Plaintiff further represented that, based on its expert's findings described above, it would seek to certify a proposed class of all Persons that purchased or otherwise acquired GE Common Stock from September 25, 2008 through January 23, 2009, inclusive, instead of from September 25, 2008 through March 19, 2009, inclusive.

On January 25, 2013, the Settling Defendants moved for judgment on the pleadings and dismissal of the Complaint with prejudice, which Lead Plaintiff opposed.

In February 2013, while the Settling Defendants' motion for judgment on the pleadings was still pending, and after the parties had engaged in extensive discovery, Lead Plaintiff and the Settling Defendants renewed their settlement discussions, again with the assistance of Judge Weinstein. Following lengthy, arm's-length, and mediated negotiations, the Settling Defendants and Lead Plaintiff reached an agreement in principle to settle the remaining claims.

Before agreeing to the Settlement, Lead Counsel had conducted an extensive investigation into the events and transactions underlying the claims alleged in the Complaint and had also conducted extensive discovery. Lead Counsel analyzed the evidence adduced during its investigation and through discovery, which included reviewing and analyzing publicly available information and data concerning GE, interviewing numerous former GE employees and other persons with relevant knowledge, and consulting with experts on accounting, valuation, damages, and causation issues. Lead Counsel also researched the applicable law with respect to the claims against the Settling Defendants and their potential defenses. Thus, at the time the agreement to settle was reached, Lead Counsel had a thorough understanding of the strengths and weaknesses of the Settling Parties' positions.

On _____, 2013, the Court entered the Order Preliminarily Approving Proposed Settlement and Providing For Notice, which preliminarily approved the Settlement, authorized that this Notice be sent to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called class representatives (in this case Lead Plaintiff) sue on behalf of people who they believe have similar claims. These people are known as class members. Here, the Court preliminarily certified the Settlement Class for purposes of the Settlement only. Generally, bringing a case as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring individually. One court resolves the issues for all class members, except for those who exclude

13

themselves from the class. The Court will decide whether to finally certify the Settlement Class in this Action at the Settlement Hearing.

| | |
|---|---|
| **4.** | **What are the reasons for a Settlement?** |

The Court did not finally decide in favor of Lead Plaintiff or the Settling Defendants. Instead, both sides, with the assistance of former California Superior Court Judge Daniel Weinstein acting as a mediator, agreed to this Settlement.

Lead Plaintiff and Lead Counsel believe that the claims asserted against the Settling Defendants have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Settling Defendants through trial and appeals, as well as the difficulties in establishing liability and damages. Lead Plaintiff and Lead Counsel have considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits like this one, as well as the difficulties and delays inherent in such litigation. For example, the Settling Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial), including that there were no actionable misstatements and omissions and that Lead Plaintiff would not be able to establish the Settling Defendants acted with the requisite fraudulent intent. Even assuming Lead Plaintiff could establish liability, the Settling Defendants maintained that any potential investment losses suffered by Lead Plaintiff and the Settlement Class were caused by external, independent factors, and not caused by Defendants' alleged conduct. In the absence of a Settlement, the Settling Parties would present factual and expert testimony on each of these

issues, and there is considerable risk that the Court or jury would resolve these issues against Lead Plaintiff and the Settlement Class.

In light of the Settlement Amount and the immediate recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. The Settlement Amount, which totals $40 million in cash (less the various deductions described in this Notice), provides benefits now as compared to the risk that a similar or smaller recovery would be achieved after trial and appeal, possibly years in the future, or that no recovery would be achieved at all.

Defendants have denied and continue to deny (i) all the claims alleged by Lead Plaintiff on behalf of the Settlement Class; (ii) all allegations of wrongdoing, fault, liability, or damages to Lead Plaintiff and/or the Settlement Class; and (iii) that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants believe that they acted at all times properly, in good faith, and consistently with their legal duties and obligations. Although the Settling Defendants believe that the claims in the Action lack merit and that they ultimately would prevail upon a determination of their motion for judgment on the pleadings, at summary judgment, or at trial, the Settling Defendants agreed to enter into the Settlement solely to eliminate the burden, expense, and distraction of continuing to litigate the Action.

### B.     WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Settlement Class Member.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Court directed, for the purpose of the proposed Settlement, that everyone who fits this description is a "Settlement Class Member," unless they are an excluded person or entity or they take steps to exclude themselves (see below):

> all Persons that, from September 25, 2008 through March 19, 2009, inclusive, purchased or otherwise acquired GE Common Stock either in the open market and/or pursuant or traceable to a registration statement.

| 6. | Are there exceptions to being included in the Settlement Class? |
|---|---|

Excluded from the Settlement Class are: (i) the Defendants; the Officers and Directors of GE during the Class Period; the members of the Immediate Families of the Individual Defendants; any firm, trust, partnership, corporation, or entity in which any Defendant has a majority interest; the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person, provided that the Settlement Class shall not exclude any Investment Vehicle; and (ii) any Person that would otherwise be a Settlement Class Member, but properly excludes himself, herself, or itself by submitting a valid and timely request for exclusion from the Settlement Class in accordance with the requirements explained in Question 13.

If one of your mutual funds purchased or acquired GE Common Stock during the Class Period, that alone does not make you a Settlement Class Member. You are eligible to be a Settlement Class Member only if you individually purchased or acquired GE Common Stock during the Class Period. Check your investment records or contact your broker to see if you have eligible purchases/acquisitions.

If you only sold GE Common Stock during the Class Period, your sale alone does not make you a Settlement Class Member. You are eligible to be a Settlement Class Member only if you purchased or acquired GE Common Stock during the Class Period.

| 7. | What if I am still not sure if I am included? |

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-391-9724 or visit www.gesecuritieslitigation.com for more information. Or you can fill out and return the Proof of Claim and Release Form ("Proof of Claim"), described in Question 10, to see whether you qualify.

### C.    THE SETTLEMENT BENEFITS—WHAT YOU GET

| 8. | What does the Settlement provide? |

In exchange for the Settlement and the release of the Released Claims (defined below) against the Released Defendants (defined below), the Settling Defendants have agreed to create a $40 million cash fund, which will earn interest, to be divided, after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs, and any applicable taxes (the "Net Settlement Fund"), among all Settlement Class Members who send in timely and valid Proofs of Claim.

| 9. | How much will my payment be? |

Your share of the fund will depend on several things, including: (i) the total amount of Recognized Losses of other Settlement Class Members; (ii) how many GE shares you purchased or acquired; (iii) how much you paid for them; (iv) when you bought them; and (v) whether

or when you sold your shares, and, if so, for how much. **No distributions will be made to Settlement Class Members that are entitled to receive less than $10 because of the administrative expenses of processing and mailing such checks. Given the large number of potential Settlement Class Members, it is possible that the claims of many Settlement Class Members will fall under this *de minimis* amount and, therefore, will not be entitled to recover a payment in this Settlement.**

Your Recognized Losses will be calculated according to the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for all your Recognized Losses, given the number of potential Settlement Class Members. After all Settlement Class Members have sent in their Proofs of Claim, the payment you get will be a portion of the Net Settlement Fund based on your Recognized Losses divided by the total of everyone's Recognized Losses. *See* the Plan of Allocation in Question 25 for more information on your Recognized Losses.

### D.        HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM

| **10.     How can I get a payment?** |
| --- |

To qualify for a payment, you must send in a completed Proof of Claim. A Proof of Claim is available for download at the websites for the Claims Administrator or Lead Counsel at www.gesecuritieslitigation.com or www.bermandevalerio.com. The Claims Administrator can also help you if you have questions about the form. Please read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it **postmarked no later than _____, 2013.**

| 11. | When would I get my payment? |
|-----|------------------------------|

The Court will hold a Settlement Hearing **on** _____, **2013**, to decide, among other things, whether to approve the Settlement. Even if the Court approves the Settlement, there may still be appeals, which can take time to resolve, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. All Proofs of Claim need to be postmarked no later than _____, 2013.

Once all the Proofs of Claim are processed and claims are calculated, Lead Counsel, without further notice to the Settlement Class, will apply to the Court for an order distributing the Net Settlement Fund to Settlement Class Members. Lead Counsel will also ask the Court to approve payment of the Claims Administrator's fees and expenses incurred in connection with giving notice and administering the Settlement. Please be patient.

| 12. | What am I giving up to get a payment and by staying in the Settlement Class? |
|-----|------------------------------------------------------------------------------|

Unless you exclude yourself (described more fully in Question 13), you will stay in the Settlement Class, which means that upon the "Effective Date" you will release all "Released Plaintiffs' Claims" (as defined below) against the "Released Defendants" (as defined below).

"Releasing Parties" means collectively the Released Defendants and the Released Plaintiffs.

"Released Defendants" means each and all of the following: (a) Defendants; (b) the Defendants' respective present and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, and any Person in which any Defendant has or had a controlling interest; and (c) the present and former Immediate Family, heirs, principals, trustees, trusts,

19

executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, Officers, managers, Directors, general partners, limited partners, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, insurers, and reinsurers of each of the Persons listed in subpart (a) or (b) of this definition.

"Released Plaintiffs" means each and all of the following: (a) Lead Plaintiff, Lead Counsel, and Liaison Counsel and each and every Settlement Class Member (regardless of whether that Person actually submits a Proof of Claim, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or the Fee and Expense Application); (b) the foregoing Persons' respective present and former parents, affiliates, subsidiaries, divisions, general partners, limited partners, and any Person in which any of the foregoing Persons listed in subpart (a) has or had a controlling interest; (c) the present and former Immediate Family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, Officers, managers, Directors, general partners, limited partners, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, insurers, and reinsurers of each of the Persons listed in subpart (a) or (b) of this definition; and (d) any other Person who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Released Plaintiffs' Claims (or to obtain the proceeds of any recovery therefrom), whether in whole or in part.

"Released Claims" means collectively Released Plaintiffs' Claims and Released Defendants' Claims.

"Released Defendants' Claims" means all claims, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or administrative law, or any other law, that the Released Defendants could have asserted against any of the Released Plaintiffs that arise out of or relate to the commencement, prosecution, or settlement of the Action (other than claims to enforce the Settlement or the Judgment).

"Released Plaintiffs' Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known claims and Unknown Claims (defined in the next paragraph), whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, or that exist as of the date of the Court approval of the Settlement or that may arise in the future, that Lead Plaintiff or any other Settlement Class Member asserted in the Action or could have asserted in the Action or any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere), that in any way arise out of, are based upon, relate to, or concern the claims,

allegations, transactions, facts, events, acts, disclosures, statements, representations, or omissions or failures to act alleged, set forth, referred to, involved in, or which could have been raised in the Action or any of the complaints filed or proposed to be filed therein, and that in any way arise out of, are based upon, relate to, or concern the holding, ownership, purchase, acquisition, disposition, or sale of, or other transaction in GE Common Stock during the Class Period, including, without limitation, claims that arise out of or relate to any disclosures, SEC filings, press releases, registration statements, offering memoranda (including, but not limited to, all materials issued in connection with the secondary offering of GE Common Stock in October 2008), web postings, presentations or any other statements by GE during the Class Period. Released Plaintiffs' Claims do not include (i) claims to enforce the Settlement or (ii) the claims asserted in *Lerner v. Immelt*, No. 10 Civ. 1807 (DLC) (S.D.N.Y.), or *Kenney v. Immelt*, No. 650542/2012 (N.Y. Sup. Ct.).

"Unknown Claims" means any and all claims that the Releasing Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, with respect to Lead Plaintiff or any other Settlement Class Member, the decision to exclude himself, herself, or itself from the Settlement Class, or to object or not to object to the Settlement.

The Releasing Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but that Lead

Plaintiff and the Releasing Defendants nevertheless intend to and shall expressly, fully, finally, and forever settle and release, and each other Releasing Plaintiff shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct, which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and the Releasing Defendants acknowledge, and each other Releasing Plaintiff by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material and essential element of the Settlement.

The "Effective Date" will occur when an Order by the Court approving the Settlement becomes Final and is not subject to appeal as set out more fully in Paragraph 52 of the Stipulation on file with the Court and available for download at www.gesecuritieslitigation.com and www.bermandevalerio.com.

If you remain a Settlement Class Member, all of the Court's orders about the Settlement will apply to you and legally bind you.

### E.      EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Settling Defendants and the other Released Defendants, on your own, about the Released Plaintiffs' Claims, then you must take steps to exclude yourself from the Settlement Class. This is called excluding yourself from—or "opting out" of—the Settlement Class. The Settling Defendants may withdraw from and terminate the Settlement if Settlement Class Members representing a certain number of GE Common Stock shares are excluded from the Settlement Class in accordance with the Stipulation.

| 13. | How do I get out of the proposed Settlement? |
|-----|----------------------------------------------|

To exclude yourself from the Settlement Class, you must send a signed letter by mail stating that you request to be "excluded from the Settlement Class in *In re General Electric Co. Securities Litigation,* No. 09-CIV-1951 (DLC) (S.D.N.Y.)." Your letter must state, by date, the date(s), price(s) and number(s) of shares of all your purchases, acquisitions, and sales of GE Common Stock during the Class Period and the amount of your holdings of these units at the close of trading on September 24, 2008, and the close of trading on June 18, 2009. In addition, you must include your name, address, telephone number, and your signature. You must mail your exclusion request **postmarked no later than _____, 2013,** to:

*In re General Electric Company Securities Action*

Claims Administrator
c/o A.B. Data, Ltd.
EXCLUSIONS
3410 West Hopkins Street
Milwaukee, WI 53217

24

You cannot exclude yourself by telephone or by email. Your exclusion request must comply with these requirements in order to be valid. If you write to request to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in connection with this Settlement, and you may be able to sue (or continue to sue) the Settling Defendants and the other Released Defendants in the future.

| 14. | If I do not exclude myself, can I sue the Settling Defendants and the other Released Defendants for the same thing later? |
|-----|------|

No. Unless you exclude yourself, you give up any rights to sue the Settling Defendants and the other Released Defendants for any and all Released Plaintiffs' Claims. If you have a pending lawsuit speak to your lawyer in that case **immediately**. **You must exclude yourself from *this* Settlement Class to continue your own lawsuit.** Remember, the exclusion deadline is _____, 2013.

| 15. | If I exclude myself, can I get money from the proposed Settlement? |
|-----|------|

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Settling Defendants and the other Released Defendants about the Released Plaintiffs' Claims.

### F.        THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|-----|----------------------------------|

The Court appointed the law firm of Berman DeValerio to represent all Settlement Class Members. These lawyers are called Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|-----|-------------------------------|

Lead Counsel has not received any payment for its services in pursuing the claims against Defendants on behalf of the Settlement Class, nor has it been paid for its litigation expenses. At the Settlement Hearing, or at such other time as the Court may order, Lead Counsel will ask the Court to award it, from the Settlement Fund, attorneys' fees of no more than 12% of the Settlement Fund, plus any interest on such amount at the same rate and for the same periods as earned by the Settlement Fund, and litigation expenses (such as the cost of experts) that have been incurred in pursuing the Action. The request for reimbursement of litigation expenses will not exceed $2,000,000 ($2 million), plus interest on the expenses at the same rate as may be earned by the Settlement Fund. Litigation expenses shall be deducted from the Settlement Fund prior to deducting the Court-awarded attorneys' fee.

### G.        OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 18. | How do I tell the Court that I do not like the proposed Settlement? |
| --- | --- |

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the certification of the Settlement Class, the proposed Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any part or all of the Settlement terms or arrangements. The Court will only consider your views if you file a proper written objection within the deadline and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed settlement in "*In re General Electric Co. Securities Litigation,* No. 09-CIV-1951 (DLC) (S.D.N.Y.)." Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of GE Common Stock you made during the Class Period, and state the reason(s) why you object to the Settlement and which part(s) of the Settlement you object to. In addition, any objection must include: (i) a written statement of all grounds for the objection accompanied by any legal support for the objection; (ii) copies of any papers, briefs, or other documents upon which the objection is based; (iii) list of all Persons, if any, who will be called to testify in support of the objection at the Settlement Hearing; and (iv) a statement of whether the objector intends to appear at the Settlement Hearing. You do not need to appear in person at the Hearing in order to object to the Settlement. Persons who intend to object to the Settlement and/or to Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, and who desire to

27

present evidence at the Settlement Hearing, must include in their written objections the exhibits they intend to introduce into evidence at the Settlement Hearing. **Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the Settlement and the application for attorneys' fees and expenses.**

Your objection must be filed with the Court and mailed or delivered to both of the following *postmarked no later than_____, 2013*:

**COURT:**

Clerk of Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**LEAD COUNSEL:**

Kathleen M. Donovan-Maher, Esq.
BERMAN DEVALERIO
One Liberty Square
Boston, MA  02109

---

| **19.** | **What is the difference between objecting and seeking exclusion?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

28

## H.    THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend, and you may ask to speak, but you do not have to do so.

| 20. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Settlement Hearing **at _____.m. on _____, 2013**, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 1 5 B , New York, NY 10007.

At this hearing, the Honorable Denise Cote will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the proposed Plan of Allocation for the Net Settlement Fund and the application of Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions set out in Question 18 above. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the Settlement Hearing, but decisions regarding the conduct of the Settlement Hearing will be made by the Court. See Question 22 for more information about speaking at the Settlement Hearing. After the Settlement Hearing, the Court will decide whether to approve the Settlement, and, if the Settlement is approved, what amount of attorneys' fees and expenses should be awarded. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent. If you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the Settlement Hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval. If you submit an objection, you do not have to come to Court to talk about it. As long as you filed and sent your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 22. | May I speak at the Settlement Hearing? |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (described more fully in Question 18) a statement that it is your "Notice of Intention to Appear in *In re General Electric Co. Securities Litigation,* No. 09-CIV-1951 (DLC) (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the Settlement Hearing if (i) you excluded yourself from the Settlement Class or (ii) if you have not provided written notice of your objection and intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 18 and 22.

## I.      IF YOU DO NOTHING

| | |
|---|---|
| **23.** | **What happens if I do nothing at all?** |

If you do nothing and you are a Settlement Class Member, you will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Settling Defendants and the other Released Defendants about the Released Plaintiffs' Claims, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim (see Question 10). To start, continue, or be a part of any **other** lawsuit against the Settling Defendants and the other Released Defendants about the Released Plaintiffs' Claims you **must** exclude yourself from the Settlement Class (see Question 13).

## J.      GETTING MORE INFORMATION

| | |
|---|---|
| **24.** | **Where can I find more information about the Settlement?** |

This Notice summarizes the proposed Settlement. More details are in the Stipulation dated April 29, 2013. You may review the Stipulation filed with the Court or documents filed in the case on the website www.gesecuritieslitigation.com.

You also can call the Claims Administrator toll free at 1-800-391-9724; visit the websites of the Claims Administrator or Lead Counsel at www.gesecuritieslitigation.com or www.bermandevalerio.com, where you can find answers to common questions about the Settlement, download copies of the Stipulation or Proof of Claim and locate other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

Alternatively, write to either:

*In re General Electric Company Securities Action*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 2910
Milwaukee, WI  53201-2910
info@gesecuritieslitigation.com

or write to:

Lead Counsel
Kathleen M. Donovan-Maher, Esq.
BERMAN DEVALERIO
One Liberty Square
Boston, MA  02109
kdonovanmaher@bermandevalerio.com

| | |
|---|---|
| **25.** | **How will my claim be calculated?** |

The purpose of the Plan of Allocation (the "Plan") is to distribute the Net Settlement Fund equitably and in accordance with the federal securities laws to Settlement Class Members who suffered economic losses during the Class Period.

The $40 million Settlement Amount and any interest it earns is called the Settlement Fund. The Settlement Fund, minus all taxes, costs, fees and expenses (the Net Settlement Fund), will be distributed according to the Plan of Allocation described below to Settlement Class Members who timely submit valid Proofs of Claim that show Recognized Losses ("Authorized Claimants"), and are entitled to receive a payment from the Net Settlement Fund of no less than ten dollars ($10). Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the terms of the Settlement and all orders and judgments entered in the Action and will give up any

right to prosecute the Released Plaintiffs' Claims. The Court may approve the Plan, or modify it without additional notice to the Settlement Class. Any order modifying the Plan will be posted on the settlement website at www.gesecuritieslitigation.com or at www.bermandevalerio.com.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss," as described below. The Plan of Allocation is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor is it intended to estimate the amount that will be paid to Authorized Claimants. The Plan of Allocation is the basis upon which the Net Settlement Fund will be proportionately divided among all the Authorized Claimants. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants. **No distributions to Authorized Claimants who would receive less than $10 will be made because of the administrative expenses of processing and mailing such checks. Given the large number of potential Settlement Class Members, it is possible that the claims of many Settlement Class Members will fall under this *de minimis* amount and, therefore, will not be entitled to recover a payment in this Settlement.**

The Settling Defendants and their counsel had no involvement in the Plan of Allocation or the investment of the Settlement Fund, and have no responsibility for or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan

of Allocation or the payment of any claim. Lead Plaintiff and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

The following Plan of Allocation reflects Lead Plaintiff's allegations that the price of GE Common Stock during the Class Period was inflated artificially by reason of allegedly false and misleading statements made by the Settling Defendants about the financial position of GE. Lead Plaintiff alleges that the artificial inflation in the price of GE Common Stock began on September 25, 2008 when GE issued a press release regarding its third quarter earnings results for 2008 that allegedly contained false and misleading statements concerning GE's financial position. Lead Plaintiff alleges that the artificial inflation was partially eliminated on January 23, 2009, when GE disclosed its fourth quarter 2008 earnings results and announced higher projected delinquencies and credit losses at GE Capital (GE's financial services arm) for 2009. The Plan of Allocation described below was created with the assistance of a consulting damages expert who analyzed movements in the price of GE Common Stock after the alleged disclosures on January 23, 2009. It takes into account the portion of the drops in the price of GE Common Stock allegedly attributable to the alleged fraud.

## GENERAL PRINCIPLES OF THE PLAN OF ALLOCATION

**Preliminary Matters**

As discussed in this Notice, the Settling Defendants have agreed to establish a fund of $40 million in cash in connection with a settlement of the Action, known as the Settlement Amount. The Settlement Amount and the interest earned thereon is the "Settlement Fund. As defined above, the Settlement Fund, after deduction of Court-approved attorneys' fees and expenses,

notice and administration expenses, and taxes and tax expenses, is the "Net Settlement Fund." The Net Settlement Fund will be distributed according to this Plan of Allocation to all Authorized Claimants. As defined above, and explained more fully below, an "Authorized Claimant" is a Settlement Class Member who timely submits a valid Proof of Claim and is entitled to receive a payment from the Net Settlement Fund of no less than ten dollars ($10).

The purpose of this Plan of Allocation is to establish a reasonable and equitable method of distributing the Net Settlement Fund among Authorized Claimants. For purposes of determining the amount an Authorized Claimant may recover under this Plan, Lead Counsel has consulted with their damages consultants and others. The formulas described below for calculating Recognized Losses provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants.

**Additional Definitions and Principles**

This Plan is based on, among other things, the below-listed definitions, and principles. To the extent that these definitions and principles rely upon or incorporate the allegations of the Complaint, Defendants continue to deny the allegations. To the extent there is any conflict between a definition below and a definition elsewhere in this Notice, the definition below controls:

*Definitions*

An "Authorized Claimant" is a Class Member who is entitled under this Plan to share in the distribution of the Net Settlement Fund and who timely submits a valid Proof of Claim.

"Inflation" is the amount by which the price of GE Common Stock was allegedly overvalued on each day in the Class Period because of the alleged misrepresentations and omissions.

"Inflation Loss" is the amount of loss calculated based on the amount of Inflation in the price of GE Common Stock based on the methodology described below.

A "Net Trading Loss (Gain)" for each Authorized Claimant will be computed by adding up all Trading Losses and subtracting all Trading Gains for all transactions in GE Common Stock by the Authorized Claimant that qualify to participate in the Plan as described herein.

The "PSLRA 90-Day Lookback Period" is the period of ninety calendar days beginning on the trading day following the end of the Class Period from March 20, 2009, through June 17, 2009.

The "PSLRA 90-Day Lookback Price" is the average of the closing prices for GE Common Stock over the PSLRA 90-Day Lookback Period and equals $12.39 per share.

A "purchase" is the acquisition of GE Common Stock by any means other than a gift, inheritance, or operation of law (as discussed below) or a purchase transaction conducted for the purpose of covering a "short sale" transaction.

"Purchase Amount" is the Purchase Price Per Share multiplied by the number of shares of GE Common Stock purchased by a Claimant during the Class Period.

"Purchase Price Per Share" is the amount paid per share by a Claimant to purchase shares of GE Common Stock.

36

"Recognized Claim" is the amount of the Net Settlement Fund that an Authorized Claimant is entitled to receive after calculation of the Authorized Claimant's pro rata share of the Net Settlement Fund.

"Recognized Loss" is the amount of a claim under this Plan and is the number used to calculate an Authorized Claimant's Recognized Claim.

A "sale" is the disposition of GE Common Stock by any means other than a gift, inheritance, operation of law (as discussed below), or a "short sale" transaction.

"Sale Price Per Share" is the amount received per share by an Authorized Claimant upon the sale of shares of GE Common Stock.

"Sales Proceeds" equals the number of shares of GE Common Stock purchased during the Class Period by an Authorized Claimant multiplied by: (i) Sale Price Per Share if sold during the Class Period or the PSLRA 90-Day Lookback Period; or (ii) the PSLRA 90-Day Lookback Price of $12.39 share, if unsold at the end of the PSLRA 90-Day Lookback Period.

A "Total Inflation Loss" for each Authorized Claimant will be computed by adding up all Inflation Losses for all transactions in GE Common Stock by the Authorized Claimant that qualify to participate in the Plan as described herein.

"Trading Gain" means the amount by which the Sales Proceeds exceeds the Purchase Amount for each transaction by an Authorized Claimant in GE Common Stock.

"Trading Loss" means the amount by which the Purchase Amount exceeds the Sales Proceeds for each transaction by an Authorized Claimant in GE common stock.

"Short sales" means short selling GE Common Stock as well as the purchases to cover short sales (whether they occurred before, during, or after the Class Period), and are not included when calculating Inflation Loss or Trading Loss (Gain).

*Principles*

Authorized Claimants: Authorized Claimants must have purchased or otherwise acquired shares of GE Common Stock between September 25, 2008 and March 19, 2009, inclusive. It is assumed that the market price of GE Common Stock declined due to the corrective disclosure on January 23, 2009 of the alleged misrepresentations and omissions. Thus, those Authorized Claimants who purchased GE Common Stock during the Class Period and before January 23, 2009, and who retained some or all of those shares after January 22, 2009, will receive a larger share of the Net Settlement Fund. The Authorized Claimant must also have suffered a Net Trading Loss as described in the next section below.

FIFO Matching: For purposes of computing Inflation Losses, and Trading Losses (Gains) for an Authorized Claimant's multiple purchases or sales of GE Common Stock, purchases will be matched to sales using the "first-in/first out" (FIFO) inventory method, which matches sales to purchases based on the dates of those transactions. Specifically, when any Proof of Claim includes a sale of shares of GE Common Stock either during the Class Period, the earliest sale will be matched first against the Authorized Claimant's opening position on the first day of the Class Period, if any, and then matched chronologically thereafter against each purchase or acquisition during the Class Period. Sales matched to shares of GE Common Stock from an Authorized Claimant's opening position are excluded from the calculation of Inflation Loss and

Trading Loss (Gain). In addition, all sales before January 23, 2009 and purchases matched to those sales are excluded from the calculation of Inflation Loss

Effect of shares acquired from the exercise of call options: GE Common Stock acquired during the Class Period through the exercise of an exchange-traded call option shall be treated as a purchase of GE Common Stock on the date of exercise. The purchase price paid for such stock shall be the closing price of GE Common Stock on the date of exercise.

Effect of shares disposed of from the exercise of put options: GE Common Stock delivered during the Class Period or the PSLRA 90-Day Lookback Period pursuant to the exercise of an exchange-traded put option shall be treated as a sale of GE Common Stock on the date of exercise.  The sale price received for such stock shall be the closing price of GE Common Stock on the date of exercise.

Treatment of acquisition of shares of GE Common Stock by means of a gift, inheritance or operation of law: If an Authorized Claimant acquired shares of GE Common Stock by means of a gift, inheritance or operation of law, the purchase date for that acquisition will be the original date of purchase and not the date of transfer, unless the transfer resulted in a taxable event or other change in the cost basis of those shares of GE Common Stock. To the extent that any share of GE Common Stock that was sold during the Class Period or the PSLRA 90-Day Lookback Period and was originally purchased prior to the beginning of or after the end of the Class Period, and there was no taxable event or change in cost basis at the time of transfer during the Class Period, the Class Member's Inflation Loss and Trading Loss for that acquisition shall be zero.

Treatment of disposition of shares of GE Common Stock by means of a gift, inheritance or operation of law: If an Authorized Claimant disposed of shares of GE Common Stock by means of a gift, inheritance or operation of law, the sale date for that disposition will be the date of sale by the Transferee and not the date of transfer, unless the transfer resulted in a taxable event or other change in the cost basis of those shares of GE Common Stock. To the extent that a share of GE Common Stock that was purchased during the Class Period and was disposed of by means of a gift, inheritance or operation of law during the Class Period or the PSLRA 90-Day Lookback Period and the Transferee did not subsequently sell those shares during the Class Period or the PSLRA 90-Day Lookback Period, and there was no taxable event or change in cost basis at the time of transfer during the Class Period, the Class Member's Inflation Loss and Trading Loss for that disposition shall be zero.

**Computation of Inflation Loss and Trading Loss**

_Inflation Loss_

For each purchase of GE Common Stock during the Class Period, the Inflation Loss for each purchase transaction will be computed (using FIFO matching of purchases to sales) according to the "Transaction Period" in Table 1 below as follows:

(a)  *If sold on or before January 22, 2009*, the Inflation Loss for purchased shares matched to such sales is zero;

(b)  *If sold on or after January 23, 2009, but on or before June 17, 2009,* the Inflation Loss equals the number of shares purchased matched to such sales in such transaction multiplied by the lesser of: (i) the difference between the Inflation Loss

Per Share on the date of purchase and the Inflation Loss Per Share on the date of

sale during the Transaction Period shown in Table1 below; or (ii) the difference

between the purchase price per share and the sale price per share.

(c)     *If still held as of the close of trading on June 17, 2009*, the Inflation Loss Per Share

equals the number of shares purchased matched to such sales in such transaction

multiplied by the lesser of: (i) the Inflation Loss Per Share on the date of purchase

as shown in Table 1; or (ii) the difference between the purchase price per share and

the PSLRA 90-Day Lookback Price of $12.39 per share.

If the Inflation Loss is greater than zero, then the Authorized Claimant has an Inflation

Loss for that purchase transaction.

If the Inflation Loss is less than zero, then the Authorized Claimant has no Inflation Loss

for that purchase transaction.

Total Inflation Loss for an Authorized Claimant is the sum of all Inflation Losses for all

transactions in GE Common Stock.

If an Authorized Claimant has a Total Inflation Loss for an Authorized Claimant's

purchases of GE Common Stock, the Claims Administrator will then compute the Trading Loss

(Gain), as indicated below.

*Trading Loss (Gain)*

For each purchase of GE Common Stock during the Class Period, the Trading Loss (Gain)

for each purchase transaction (using FIFO matching of purchases to sales) will be computed as

follows:

41

(a)     *If sold on or before June 17, 2009*, the Trading Loss (Gain) equals the number of shares purchased matched to such sales in such transaction multiplied by the difference between the purchase price per share and the sale price per share; or

(b)     *If held as of the close of trading on June 17, 2009*, the Trading Loss (Gain) equals the number of shares purchased matched to such shares held in such transaction multiplied by the difference between the purchase price per share and the PSLRA 90-Day Lookback Price of $12.39 per share.

If the Trading Loss is greater than zero, then the Authorized Claimant has a Trading Loss for that purchase transaction.

If the Trading Loss is less than zero, then the Authorized Claimant has a Trading Gain (negative Trading Loss) for that purchase transaction.

Net Trading Loss (Gain) for each Authorized Claimant will be the sum of all Trading Losses and Trading Gains (negative Trading Losses) for all transactions in GE Common Stock for that Authorized Claimant.

If an Authorized Claimant has a Net Trading Gain (Total Trading Gains exceed or are equal to Total Trading Losses) for the transactions in GE Common Stock, the Authorized Claimant will not be eligible to receive a distribution from the Net Settlement Fund.

If an Authorized Claimant has a Total Inflation Loss and a Net Trading Loss for an Authorized Claimant's purchases of GE Common Stock, the Claims Administrator will then compute the Recognized Loss (and Recognized Claim), as indicated below.

42

**Recognized Loss and Recognized Claim**

*Recognized Loss*

If an Authorized Claimant has a Total Inflation Loss and a Net Trading Loss, the Recognized Loss for each Authorized Claimant will be the **lesser** of the Authorized Claimant's: (i) Total Inflation Loss; or (ii) Net Trading Loss.

*Recognized Claim*

The Recognized Claim for an Authorized Claimant will be based on the Authorized Claimant's pro-rata share of the Net Settlement Fund. The Authorized Claimant's Recognized Claim will be calculated by multiplying the Net Settlement Fund by a fraction, the numerator of which is the Authorized Claimant's Recognized Loss for transactions in GE Common Stock and the denominator of which is the aggregate Recognized Losses of **all** Authorized Claimants for **all** transactions in GE Common Stock.

The Recognized Claim Amount received by an Authorized Claimant will exceed his, her, or its Recognized Loss only in the unlikely event that the Net Settlement Fund exceeds the aggregate total Recognized Losses of all Authorized Claimants.

Payments made pursuant to this Plan of Allocation shall be conclusive against all Authorized Claimants. Settling Defendants and Defense Counsel have no responsibility for, interest in, obligation, or liability whatsoever with respect to the administration of the Settlement, the actions or decisions of the Claims Administrator, the Plan or any other allocation of the Net Settlement Fund, reviewing or challenging the claims of Authorized Claimants, or distribution of the Net Settlement Fund. No Person shall have any claim against the Settling Defendants or

Defense Counsel with respect to the administration of the Settlement, or the allocation or distribution of the Net Settlement Fund. No Person shall have any claim against the Plaintiff, Lead Counsel, or any experts and consultants retained by Plaintiff or Lead Counsel, or the Claims Administrator, or Defendants (or any person designated by Plaintiff's Lead Counsel or Defendants or Defendants' Counsel) based on distributions made substantially in accordance with this Plan or further orders of the Court. Claimants who fail to complete and timely file a valid and Proof of Claim form shall be barred from participating in distributions from the Net Settlement Fund, unless the Court otherwise orders. Settlement Class Members that do not either submit a request for exclusion or submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement, including the Bar Order and all releases set forth in the Stipulation, and all orders and judgments entered in the Action, including the final Judgment dismissing all claims against the Settling Defendants with prejudice.

The Court has reserved jurisdiction to modify, amend or alter the Plan of Allocation without further notice to anyone, and to allow, disallow or adjust any Authorized Claimant's claim to ensure a fair and equitable distribution of settlement funds.

Distributions will be made to Authorized Claimants that are entitled to a payment of no less than $10 after all claims have been processed and after the Court has finally approved the Settlement.

*Please note that the term "Recognized Loss" is used solely for calculating the amount of participation by Authorized Claimants in the Net Settlement Fund. It is not the actual amount an Authorized Claimant can expect to recover.*

44

# Table 1

| Transaction Period | | | Inflation Loss Per Share (Cumulative) |
|---|---|---|---|
| Thu, Sep 25, 2008 | to | Thu, Jan 22, 2009 | $1.81 |
| Fri, Jan 23, 2009 | to | Thu, Feb 26, 2009 | $0.30 |
| Fri, Feb 27, 2009 | to | Thu, Mar 19, 2009 | $0.20 |
| Fri, Mar 20, 2009 | to | Wed, Jun 17, 2009 | $0.00 |

**Further explanation of the Inflation Loss Per Share by disclosure date and the cumulative or total Inflation Loss Per Share throughout the Class Period is set forth in the Declaration of Howard Mulcahey, dated May 16, 2013 at ¶¶58-67, posted at www.gesecuritieslitigation.com.**

L.     **SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased GE Common Stock during the period from September 25, 2008 through March 19, 2009, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE DIRECTING YOU TO THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased GE Common Stock during such time period or; (b) request additional copies of the Postcard Notice, which will be provided to

you free of charge, and, within seven (7) calendar days of receipt of such copies, mail the Postcard Notice directly to those beneficial owners of GE Common Stock.

If you elect to send the Postcard Notice to beneficial owners, the Court has directed that, upon such mailing, you shall send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*In re General Electric Company Securities Action*

Claims Administrator
c/o A.B. Data, Ltd.
FULFILLMENT
3410 West Hopkins Street
P.O. Box 170500
Milwaukee, WI 53217

Phone: 1-800-391-9724;
e-mail: info@GESecuritiesLitigation.com
www.gesecuritieslitigation.com

Dated: _____, 2013        BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         SOUTHERN DISTRICT OF NEW YORK

**Exhibit C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re General Electric Co. Sec. Litig. | ) ) ) ) ) ) ) | Civ. No. 09-CIV-1951 (DLC)<br><br>ECF CASE |

SUMMARY NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT, MOTION
FOR ATTORNEYS' FEES, AND SETTLEMENT HEARING

**TO:** All Persons that, during the period from September 25, 2008 through March 19, 2009, inclusive (the "Class Period"), purchased or otherwise acquired the common stock of General Electric Company (the "Settlement Class").

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK (THE "COURT").**

PLEASE DO NOT CONTACT THE COURT, GENERAL ELECTRIC, ANY OTHER DEFENDANT, OR THEIR COUNSEL REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE PROPOSED SETTLEMENT SHOULD BE DIRECTED TO LEAD COUNSEL OR THE CLAIMS ADMINISTRATOR, WHOSE CONTACT INFORMATION IS PROVIDED BELOW.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the Settlement Class in the above-captioned litigation (the "Action") has been preliminarily certified for the purposes of the proposed Settlement only.

**YOU ARE ALSO NOTIFIED** that the State Universities Retirement System of Illinois ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class, and the Settling Defendants have reached a proposed settlement of the Action for $40,000,000 in cash (the "Settlement Amount"), that, if approved, will resolve all claims in the Action (the "Settlement").

A hearing will be held before the Honorable Denise L. Cote, United States District Judge for the United States District Court for the Southern District of New York, in the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 18C, New York, NY 10007-1312 at ___:___ __.m., on _____, 2013 to, among other things, determine whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) the Action should be dismissed with prejudice against the Settling Defendants as set forth in the Stipulation and Agreement of Settlement, dated April 29, 2013; (iii) the proposed Plan of

Allocation for distribution of the Settlement Amount, and any interest earned thereon, less Court-awarded attorneys' fees, Notice and Administration Expenses, Taxes, and any other costs, fees, or expenses approved by the Court (the "Net Settlement Fund") should be approved as fair and reasonable; and (iv) the application of Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved.[1] The Court may change the date of the hearing without providing another notice. You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** If you have not yet received: (i) the printed Postcard Notice of Class Action, Proposed Settlement and Motion for Attorneys' Fees and Expenses; (ii) the Full Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Settlement Hearing ("Full Notice"); or (iii) the Proof of Claim and Release form ("Proof of Claim"), you can obtain a copy of those documents on the website: www.gesecuritieslitigation.com or by contacting the Claims Administrator:

*In re General Electric Co. Securities Action*
Claims Administrator
c/o A.B. Data, Ltd.
Phone: 1-800-391-9724
www.gesecuritieslitigation.com
email: info@gesecuritieslitigation.com

Please refer to the website for more detailed information and to review the Settlement documents. Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

---

[1] The Full Notice and the Stipulation, available for download at www.gesecuritieslitigation.com, contain additional information concerning the Settlement and the definitions, and further explanation, of many of the defined terms used in this Notice (which are indicated by initial capital letters).

BERMAN DEVALERIO
Kathleen M. Donovan-Maher, Esq.
One Liberty Square
Boston, MA 02109
Tel: (800) 516-9926
www.bermandevalerio.com
info@bermandevalerio.com

If you are a potential Settlement Class Member, to be eligible to share in the distribution of the Settlement proceeds, you must timely submit a valid Proof of Claim, which can be found on the websites listed above, *postmarked no later than* _____, *2013*. If you are a potential Settlement Class Member and do not submit a valid Proof of Claim form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a potential Settlement Class member, but wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Full Notice, which can also be found on the websites, *postmarked no later than* _____, *2013*. If you are a potential Settlement Class Member and do not timely exclude yourself from the Settlement Class, you will be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of expenses must be mailed to counsel for the Settling Parties in accordance with the instructions set forth in the Full Notice, *postmarked no later than* _____, *2013*, and filed with the Court *no later than* _____, *2013*.

3

Dated: _____, 2013

_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

**Exhibit D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | Civ. No. 09-CIV-1951 (DLC) |
| | ) | |
| In re General Electric Co. Sec. Litig. | ) | ECF CASE |
| | ) | |
| | ) | |
| | ) | |

PROOF OF CLAIM AND RELEASE

To recover from the Net Settlement Fund as a member of the Settlement Class in the action captioned *In re General Electric Co. Securities Litigation,* No. 09-CIV-1951 (DLC) (S.D.N.Y.) (the "Action"), you must fully complete Parts I and II below, fully review Part III below, and sign this Proof of Claim and Release form ("Proof of Claim") on page [    ] below. YOU MUST ELECTRONICALLY SUBMIT OR MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____,                2013, ADDRESSED AS FOLLOWS:

*In re General Electric Company Securities Action*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 2903
Milwaukee, WI 53201-2903
www.gesecuritieslitigation.com

DO NOT MAIL OR DELIVER YOUR PROOF OF CLAIM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL. SUBMIT YOUR PROOF OF CLAIM ELECTRONICALLY OR BY MAIL TO THE ADDRESS SET FORTH ABOVE.

If you need help completing this claim form, you may contact the Claims Administrator for assistance: 1-800-391-9724; www.gesecuritieslitigation.com; or email: info@gesecuritieslitigation.com.

If you fail to submit a timely, properly completed, and addressed Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Proof of Claim, however, does not ensure that you will share in the proceeds of the proposed Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in

the Full Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

If you are NOT a Settlement Class Member (as defined in the Full Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, DO NOT submit a Proof of Claim. You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member. Thus, if you are excluded from the Settlement Class, any Proof of Claim form that you submit, or that may be submitted on your behalf, will be rejected.

If you are a Settlement Class Member and you have not validly requested exclusion from the Settlement Class by_____, 2013, you will be bound by the terms of any judgments or orders entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM. As described in the Full Notice, the Judgment will release and enjoin the filing or continued prosecution of the Released Plaintiffs' Claims against any of the Released Defendants.

## **GENERAL INSTRUCTIONS**

1.      It is necessary that you completely read and understand the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Settlement Hearing (the "Full Notice"), including the Plan of Allocation of the Net Settlement Fund set forth in the Full Notice. The Full Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and how the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Full Notice and the Stipulation also contain the definition, and further explanation, of many of the defined terms used in this Proof of Claim (which are indicated by initial capital letters). By signing and submitting this Proof of Claim, you

will be certifying that you have read and that you understand the Full Notice, including the terms

of the release of claims described in the Full Notice.

      2.      This Proof of Claim is directed to all Persons that, from September 25, 2008

through March 19, 2009, inclusive (the "Class Period"), purchased or otherwise acquired General

Electric Company ("GE") Common Stock either in the open market and/or pursuant or traceable

to a registration statement.

      3.      Excluded from the Settlement Class are: (i) the Defendants; the Officers and

Directors of GE during the Class Period; the members of the Immediate Families of the

Individual Defendants; any firm, trust, partnership, corporation, or entity in which any Defendant

has a majority interest; the legal representatives, heirs, successors-in-interest, or assigns of any

such excluded Person; provided that the Settlement Class shall not exclude any Investment

Vehicle; and (ii) any Person that would otherwise be a Settlement Class Member, but properly

excludes himself, herself, or itself by submitting a valid and timely request for exclusion from

the Settlement Class in accordance with the requirements set forth herein and in the Notice.

      4.      As set forth in the Plan of Allocation, each Authorized Claimant shall receive his,

her, or its *pro rata* share of the Net Settlement Fund, except that no distributions will be made to

Settlement Class Members that are entitled to receive less than $10 because of the administrative

expenses of processing and mailing such checks.

      5.      If the Court approves the Settlement, payments to Authorized Claimants under the

Plan of Allocation (or any other plan of allocation that the Court approves) will be made after any

appeals are resolved, and after the completion of all claims processing. The claims process could

take substantial time to complete fully and fairly. Please be patient.

Questions? Call 1-___-___-____ or visit www.GESecuritiesLitigation.com
**Do not contact the Court or the Clerk's Office regarding this Proof of Claim. Do not contact GE or any of the
other Defendants or their counsel in the Action with questions regarding this Proof of Claim**

## IDENTIFICATION OF CLAIMANT

If you purchased or otherwise acquired GE Common Stock during the period from September 25, 2008 through March 19, 2009, inclusive, and held those shares in your name, you are the beneficial purchaser <u>as well as</u> the record purchaser. If, however, you purchased or otherwise acquired GE Common Stock during the Class Period through a third party, such as a nominee or brokerage firm, and those shares were held in the name of the nominee or brokerage firm, you are the beneficial purchaser of those shares, <u>but</u> the third party is the record purchaser of those shares.

Use Part I of this form entitled "CLAIMANT IDENTIFICATION" to identify each beneficial purchaser of GE Common Stock that seeks recovery, as well as the purchaser of record if different. THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR AUTHORIZED OR LEGAL REPRESENTATIVE(S) OF SUCH PURCHASER(S) OF GE COMMON STOCK THAT SEEKS RECOVERY.

All joint beneficial purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of one of the beneficial owner(s) may be used in verifying this claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of your claim.

## IDENTIFICATION OF TRANSACTION(S)

Use Part II of this form entitled "SCHEDULE OF TRANSACTIONS IN GE COMMON STOCK" to supply all required details of your transaction(s) in GE Common Stock (CUSIP No.

Questions? Call 1-___-___-____ or visit www.GESecuritiesLitigation.com
**Do not contact the Court or the Clerk's Office regarding this Proof of Claim. Do not contact GE or any of the other Defendants or their counsel in the Action with questions regarding this Proof of Claim**

369604103) between September 24, 2008 and June 18 2009 (the "Requested Time Period"). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to: (i) *all* of your holdings of GE Common Stock as of the close of trading on September 24, 2008; (ii) *all* of your purchases, other acquisitions and sales of GE Common Stock that took place during the Requested Time Period; and (iii) proof of your holdings of GE Common Stock during the Requested Time Period—whether such purchases, acquisitions, sales, or transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

List each purchase, acquisition, sale, and transaction during the Requested Time Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each such transaction you list.

You are required to submit genuine and sufficient documentation for *all* of your transactions in GE Common Stock during the Requested Time Period. Copies of broker confirmations or other documentation of *all* your purchases, acquisitions, sales, or transactions in GE Common Stock during the Requested Time Period should be attached to your claim. **DO NOT SEND ORIGINALS. PLEASE KEEP COPIES OF ALL DOCUMENTS THAT YOU SEND TO THE CLAIMS ADMINISTRATOR.** Do not highlight the documents. If such documents are not in your possession, please obtain copies or equivalent contemporaneous documents from your broker. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

The Claim Administrator may also request additional information to efficiently and reliably calculate your losses. If you need help, you may ask the Claims Administrator for assistance: 1-800-391-9724; www.gesecuritieslitigation.com; or e-mail: info@gesecuritieslitigation.com. Although the Claims Administrator does not have information about your transactions in GE Common Stock, someone may be able to help you with the process of locating your information.

Questions? Call 1-___-___-____ or visit www.GESecuritiesLitigation.com
**Do not contact the Court or the Clerk's Office regarding this Proof of Claim. Do not contact GE or any of the other Defendants or their counsel in the Action with questions regarding this Proof of Claim**

## PART I:   CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (First, Middle, Last)

Street Address

| City | State | Zip Code |

| Foreign Province | Foreign Country |

OR

Social Security Number                        Taxpayer Identification Number

Check appropriate box:

☐  Individual or Sole Proprietor        ☐  Pension Plan
☐  Corporation          ☐  Partnership        ☐  Trust
☐  IRA                  ☐  Other_____(please specify)

Telephone Number (work)                    Telephone Number (home)

Email address                          Facsimile Number

Were your shares held in "street name" (*i.e.*, in the name of a stock broker or other nominee)? If so, that broker or nominee is the Record Owner.  Please fill in the following line.

Record Owner's Name (if different from beneficial owner listed above); e.g. brokerage firm, bank, nominee, etc.

## PART II:   SCHEDULE OF TRANSACTIONS IN GE COMMON STOCK

8

A.    Number of shares of common stock held at the close of trading on September 24, 2008:

B.    Purchases or other acquisitions (from September 25, 2008 through June 17, 2009, inclusive) of common stock:

| Trade Date (Month/Day/Year) | Number of Shares Purchased or Acquired | Total Purchase Price* | Transaction Type (Purchase/ Received/Split) | Price per Share |
|---|---|---|---|---|
| 1._____ | _____ | _____ | _____ | _____ |
| 2._____ | _____ | _____ | _____ | _____ |
| 3._____ | _____ | _____ | _____ | _____ |

*Excluding taxes, fees and commissions.

C.    Sales (from September 25, 2008 through June 17, 2009, inclusive) of common stock:

| Trade Date (Month/Day/Year) | Number of Shares Sold | Total Purchase Price* | Transaction Type (Sold/Delivered) | Price per Share |
|---|---|---|---|---|
| 1._____ | _____ | _____ | _____ | _____ |
| 2._____ | _____ | _____ | _____ | _____ |
| 3._____ | _____ | _____ | _____ | _____ |

*Excluding taxes, fees and commissions.

D.    Number of shares of common stock sold or held after the close of trading on June 18, 2009: _____
_____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

## YOU ARE NOT FINISHED YET. YOU MUST FULLY REVIEW PART III BELOW AND SIGN THE COMPLETED FORM ON PAGE [    ]. FAILURE TO SIGN THE RELEASE AND CERTIFICATION WILL RESULT IN A DELAY IN PROCESSING AND/OR THE REJECTION OF YOUR CLAIM.

**PART III:    RELEASE OF CLAIMS AND CERTIFICATION**

I (We) hereby expressly acknowledge that, upon the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and each and all of my (our) successors in interest, predecessors, representatives, trustees, executors, administrators, agents, attorneys, heirs, estates, assignees, or transferees, immediate and remote, and any other Person that has the right, ability, standing, or capacity to assert, prosecute, or maintain any of the Released Plaintiffs' Claims (or to obtain the proceeds of any recovery therefrom) on my (our) behalf:

- have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendants;

- have and be deemed to have covenanted not to sue, directly or indirectly, any of the Released Defendants with respect to any and all of the Released Plaintiffs' Claims; and

- shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise), or receiving any benefits or other relief from any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates to any and all of the Released Plaintiffs' Claims against any and all of the Released Defendants or any other Person who may seek to claim any form of contribution or indemnity from any Released Party.

By signing and submitting this Proof of Claim form, the claimant(s), or the person(s) acting on behalf of the claimant(s), certify (certifies), that:

1.    I (We) submit this Proof of Claim under the terms of the Stipulation described

in the Full Notice;

2.    I (We) hereby warrant and represent that I (we) am (are) not excluded by

definition from the Settlement Class as set forth in the Full Notice and in paragraph 3 on page

[____] of this Proof of Claim form;

3.    I (We) have not submitted a request for exclusion from the Settlement Class;

4.    I (We) have read and understand the contents of the Full Notice and this Proof

of Claim, including the releases provided for in the Settlement and the terms of the Plan of

10

Allocation;

     5.    I (We) submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release on page [   ] above, in the Full Notice, and in the Stipulation;

     6.    I (We) acknowledge that I (we) will be bound by and subject to any judgments or orders that may be entered in the Action;

     7.    I (We) waive the right to jury trial, to the extent that it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made through this Proof of Claim;

     8.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof;

     9.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, sales and other transactions in GE Common Stock requested above and that occurred during the relevant time period and the number of securities held by me (us) at the relevant time period;

     10.    The number(s) shown on this form is (are) the correct Social Security Number and/or Taxpayer Identification Number; and

     11.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to

Questions? Call 1-___-___-____ or visit www.GESecuritiesLitigation.com
**Do not contact the Court or the Clerk's Office regarding this Proof of Claim. Do not contact GE or any of the other Defendants or their counsel in the Action with questions regarding this Proof of Claim**

report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding. (**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out this Item 11.)

      12.    I (We) have not submitted any other claim covering the same purchases, acquisitions or sales or holdings of GE Common Stock during the relevant period and know of no other Person having done so on my (our) behalf; and

      13.    I (We) agree to furnish additional information regarding this Proof of Claim that the Claims Administrator, Lead Counsel, or the Court may require.

**UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.**

Executed this_____day of_____, in_____,
                                      (Month / Year)            (City)
_____. (State / Country)

 

_____
Signature of Claimant

_____     _____
Print Name of Claimant                       Date

_____
Signature of Joint Claimant, if any

_____     _____
Print Name of Joint Claimant              Date

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.   Please sign the above Release and Certification.

2.   Remember to attach only copies of supporting documentation.

3.   Do not send original stock certificates or documentation. These items cannot be returned to you by the Claims Administrator.

4.   Keep a copy of the completed Proof of Claim and documentation for your records.

5.   The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 60 days. **Your claim is not deemed filed until you receive an acknowledgement postcard**. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator.

6.   If you move, please send the Claims Administrator your new address.

7.   If you have any questions or concerns regarding your Proof of Claim, please contact the Claims Administrator at 1-800-391-9724, or visit www.gesecuritieslitigation.com.

13