


**BERMAN DEVALERIO**




August 5, 2013

**BY HAND**

Honorable Denise Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   *In re General Electric Co. Securities Litigation*, No. 09 Civ. 1951 (DLC)

Dear Judge Cote:

      My firm is Lead Counsel for the Lead Plaintiff in this litigation. Following up on my August 2 telephone call with counsel for defendants and your Honor's law clerk, Ms. Rivkin, I write to provide an outline of the unexpected problems that have arisen with respect to the mailing of notice of the proposed settlement to putative settlement class members and to respectfully submit proposed courses of action to obviate any due process issues that could arise.

      By way of background, on May 30, 2013, this Court granted preliminary approval to the $40 million settlement and approved the form, content and method of notice to the class ("Preliminary Approval Order") (Dkt #201). The Preliminary Approval Order adopted dates suggested by Lead Plaintiff, and set deadlines for class members to elect exclusion from the settlement (July 26, 2013) and to object to any aspect of the Settlement (August 2, 2013). The Court also set a final approval hearing for August 16, 2013 at 2:00 p.m.

      The appointed claims administrator, A.B. Data ("ABD"), pursuant to the Preliminary Approval Order, caused postcard notice to be mailed to approximately 5,000 broker dealers, in a process employed routinely in class actions. These broker dealers were asked to either forward the notices on to their clients for whom the brokers held GE common stock in their name, or to forward lists showing the names and addresses of putative settlement class members to ABD. This process proceeded as planned with significant mailings of the postcard notice to putative settlement class members occurring on a "rolling" basis in June and early July. Most broker dealers complied with the request for information within or close to the deadline specified by the Court in the Second Revised Full Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees, and Settlement Hearing. A few large broker dealers had not complied by the end of June and ABD initiated outreach efforts to these tardy entities to encourage their prompt compliance. However, it was not until the middle of July that ABD received lists of putative settlement class members from two of the largest broker dealers, Schwab & Co. and Citigroup Global Markets. There were also several other broker dealers with much smaller lists of GE common stockholders that were tardy in providing the information to ABD. ABD followed its

One California Street, Suite 900   ▪   San Francisco, CA 94111   ▪   Tel: 415-433-3200   ▪   Fax: 415-433-6382   ▪   www.bermandevalerio.com

BOSTON                    SAN FRANCISCO                    PALM BEACH GARDENS





## BERMAN DeVALERIO

Honorable Denise Cote
August 5, 2013
Page 2

normal procedures and mailed out the postcard notices on a rolling basis within a few days of receipt of the lists of putative settlement class members provided to it.

Unfortunately, as a result of these events, a significant number of putative settlement class members may not have received their postcard notice on or before the July 26th exclusion deadline. It is also possible that some putative settlement class members did not receive their postcard notice before the August 2, 2013 objection deadline. Lead Counsel was alerted to this potential problem by ABD and also received a few inquiries by individuals pointing out that they received their postcards after the deadline for exclusion. These class members were told to submit their request for exclusion with a notation that they had not received their postcard notice by the July 26th deadline for exclusion. This problem was created by circumstances beyond the control of Lead Counsel or ABD, as compliance with the notice program, where over 95% of class members hold their stock in "street" name, depends on the voluntary cooperation of thousands of broker dealers.

The following chart, based on information provided by ABD, shows the approximate dates that postcard notices were mailed to putative settlement class members and the quantities mailed:

|        | Dates of mailing | Number of Notices | Percentage of Total |
|--------|------------------|-------------------|---------------------|
| Week 1 | 6/17 - 6/21      | 128,186           | 5%                  |
| Week 2 | 6/24 - 6/28      | 524,125           | 19%                 |
| Week 3 | 7/1 - 7/5        | 94,933            | 3%                  |
| Week 4 | 7/8 - 7/12       | 697,864           | 26%                 |
| Week 5 | 7/15 - 7/19      | 248,702           | 9%                  |
| Week 6 | 7/22 - 7/26      | 783,886           | 29%                 |
| Week 7 | 7/29 - 8/2       | 242,314           | 9%                  |
|        |                  | 2,720,010         |                     |



**BERMAN DEVALERIO**

Honorable Denise Cote
August 5, 2013
Page 3

The following chart, also provided by ABD, shows the identity of the broker dealers that were tardy in providing names and addresses of GE common stockholders to ABD. As the chart shows, the two largest are Citigroup Global Markets and Charles Schwab & Co.:

| Bank, Broker, Nominee | Number of Notices |
| --- | --- |
| Citigroup Global Markets Inc. | 615,020 |
| RBC | 28,675 |
| Robert W. Baird & Co. | 6,863 |
| Charles Schwab & Co. Inc. | 228,436 |
| DIAM USA Inc. | 4 |
| Southwest Securities Inc. | 10,841 |
| Wedbush Securities Inc. | 3,033 |

As I outlined to Ms. Rivkin in our call on Friday, I believe there are two solutions to obviate any possible due process issue with respect to the mailing of the postcard notice. The first suggestion – which Defendants support – would be to mail a supplemental postcard notice to those potential settlement class members who received postcard notices postmarked on or after July 15, informing them that the Court has extended the dates for exclusion and objections, and has rescheduled the Final Approval Hearing. Further, the website home page would be updated immediately to prominently inform all visitors that the date of the Final Approval Hearing has been rescheduled and that, as to the group of class members who were mailed postcards on or after July 15, the exclusion and objection deadlines have been extended (the "Banner Notice"). The second plan – which Defendants believe is not fully adequate and do not endorse – would be to provide for the Banner Notice on the home page of the website. Both proposals are briefly outlined below.

**SUPPLEMENTAL POSTCARD MAILING**

Attached as Exhibit A is a proposed supplemental postcard notice that, if approved by the Court, will be mailed to those class members that were mailed the original postcard notice on or after July 15. Attached as Exhibit B is the proposed Banner Notice, which would appear on the www.gesecuritieslitigation.com website maintained by ABD. I am informed that there are



## BERMAN DeVALERIO

Honorable Denise Cote
August 5, 2013
Page 4

approximately 1,275,000 shareholders that would receive the supplemental postcard notice, and the cost for this additional mailing would be approximately $378,000. If the Court were to approve the form and content of this supplemental postcard notice, ABD believes that the supplemental postcards can mailed within 24-48 hours of the Court's approval. Thus, under this plan, we propose that the dates for potential settlement class members to elect exclusion from the Class or to object to the Settlement would be extended to August 22, 2013 for individuals who receive the supplemental postcard notice. This would give these potential settlement class members approximately 12-14 additional days to elect exclusion or to object if they so choose. Further, to account for any objections and exclusions received following mailing of the supplemental postcard notice, we also propose that (i) reply memoranda of law in support of Lead Plaintiff's Motion for Final Approval would be due on August 28, 2013; and (iii) the Final Approval Hearing date would be adjourned from August 16, 2013 to September 5, 2013. The deadline of October 11, 2013 to file a proof of claim would remain the same.

**APPEND WEBSITE BANNER NOTICE ONLY**

Lead Counsel believes that due process can be satisfied in these circumstances if the www.gesecuritieslitigation.com website home page is amended to provide the Banner Notice, as described in Exhibit B. The original postcard notice, attached hereto for the Court's convenience as Exhibit C, clearly directs individuals to view the website to take any action with regard to opting out, objecting or filing a claim. That postcard notice also directs potential settlement class members to the website or directs them to call the claims administrator at a toll free number for any further information or questions they may have. Accordingly, if any potential settlement class member, even those that did not timely receive their original postcard notice, wants either to be excluded or object to the Settlement, it is very likely that such class member will visit the website. In addition, pursuant to the Preliminary Approval Order, the Summary Notice (Dkt 201, Ex. D) was released over PR Newswire on two different dates in national editions of Investors Daily, referring shareholders to the www.gesecuritieslitigation.com website.

In sum, of course, Lead Counsel will direct the claims administrator to undertake either proposed plan or any other feasible plan that the Court directs.

Respectfully Submitted,

Joseph J. Tabacco, Jr.
On behalf of Lead Plaintiff

Enclosures

cc: Greg Danilow, Esq. (with enclosures)

*Handwritten note:* The Lead Plaintiff shall revise the website banner and send the supplemental postcard. The Fairness Hearing shall be held on Sept. 6 at 2:00 pm.

/s/ Denise Cote
Aug. 6, 2013

BOSTON          SAN FRANCISCO          PALM BEACH GARDENS