USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE FILED: 9-6-2013

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____ )
                                  ) Civ. No. 09-CIV-1951 (DLC)
                                  ) ECF CASE
In re General Electric Co. Sec. Litig.  )
                                  )
                                  )
_____ )

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

THIS MATTER having come before the Court on September 6, 2013 for a hearing to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned securities class action (the "Action") attorneys' fees and litigation expenses and Lead Plaintiff's expenses relating to its representation of the Settlement Class. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a Postcard Notice and supplemental Postcard Notice of the hearing, substantially in the form approved by the Court (the "Postcard Notice"), were mailed to all reasonably identified Settlement Class Members; and that a full notice in the form approved by the Court ("Full Notice") was available for download on the settlement website www.gesecuritieslitigation.com; and that a summary notice (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members and the Claims Administrator.

2. All capitalized terms used herein have the meanings as set forth and defined in the Stipulation and Agreement of Settlement, dated April 29, 2013 (the "Stipulation").

3. Notice of Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of $ 4,150,000.00 ~~(or 11.32% of the Settlement Amount, net of litigation expenses)~~, plus ~~interest and~~ payment of litigation expenses in the amount of $ 1,841,854.47, which sums the Court finds to be fair and reasonable.

5. In accordance with 15 U.S.C. §78u-4(a)(4), for their representation of the Settlement Class, State Universities Retirement System of Illinois is hereby awarded $ 1,123.42, as reimbursement of costs and expenses directly related to its representation of the Settlement Class.

6. The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

7. In making the award to Lead Counsel of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a common fund of $40 million in cash and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Lead Counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiff, a sophisticated institutional investor that has been directly involved in the prosecution and resolution of the Action and which has a substantial interest in ensuring that any fees paid to Lead Counsel are duly earned and not excessive;

(c) Notice was disseminated to putative Settlement Class Members stating that Lead Counsel would be moving for attorneys' fees in an amount not to exceed 12% of the Settlement Fund, plus interest, and payment of expenses incurred in connection with the prosecution of this Action in an amount not to exceed $2 million, plus interest, and fewer than a dozen Settlement Class Members have objected to the fees and expenses requested by Lead Counsel;

(e) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)   The amount of attorneys' fees awarded and litigation expenses paid from the Settlement Fund are fair and reasonable ~~and consistent with awards in similar cases.~~

8.   Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.   Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

10.   In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

Dated: Sept. 6, 2013

_____
Honorable Denise Cote
UNITED STATES DISTRICT JUDGE