Clark C. Hampe, Jr.
6571 Furman Court
Tyler, Texas 75703
(214) 403-4770
champe@hampelaw.com

*Pro Se Objector/Appellant*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/2/2013

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re General Electric Co. Sec. Litig. | Civ. No. 09-CIV-1951 (DLC) |
| | ECF CASE |
| | OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND |

**OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND**

Lead Plaintiff seeks an appeal bond of $54,700. According to Lead Plaintiff, "this amount includes estimated (1) appellate costs of $5,700; and (2) additional settlement administrative costs of $49,000." Memorandum in Support of Motion for Appeal Bond at 10. Although Lead Plaintiff likely overestimates the actual appellate costs in this matter, I, Clark Hampe, will accept $5,700 as a fair estimate of appellate costs for the purpose of this motion and agree to post an appeal bond for this amount. I choose not to respond to the *ad hominem* attack on me and my counsel, Chris Bandas, as that attack is inappropriate and irrelevant to the legal analysis of the bond issue.

The "additional administrative costs of $49,000" sought by Lead Plaintiff are not appropriate. Lead Plaintiff seeks to impose a bond pursuant to Rule 7 of the Federal Rules of

Appellate Procedure, which in relevant part, provides: "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Such "costs on appeal" include those taxable pursuant to Rule 39(e) of the Federal Rules of Appellate Procedure. *Azizian v. Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). Those costs should not include any amount for delay such as those sought by Lead Plaintiff here. Attached as Exhibit 1 hereto is the District Court's Tentative Order analyzing this issue in the Toyota Motor Corp. Unintended Acceleration Case (hereinafter "*Toyota*"). *See also In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig.*, 09-MD-2023 BMC, 2013 WL 4735641, at *4 (E.D.N.Y. Sept. 2, 2013) (cited in *Toyota*) (rejecting request to impose additional bond amount for delay); *In re Navistar Diesel Engine Products Liab. 4 Litig.*, 11 C 2496, 2013 WL 4052673, *2 (N.D. Ill. Aug. 12, 2013) (cited in *Toyota*); *Cobell v. Salazar*, 816 F. Supp. 2d 10, 14-16 (D.D.C. 2011) (cited in *Toyota*); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 292-93 (S.D.N.Y. 2010) (cited in *Toyota*); and *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 128 (S.D.N.Y. 1999) (cited in *Toyota*). Cases that impose a bond to cover increased settlement costs incurred as a result of the delay in effectuating class settlement normally do so by holding that these costs are allowed by an applicable fee-shifting statute. *See, eg., Bayer*, 2013 WL 4052673, at *4. Although Lead Plaintiff points to examples of cases in which other courts have imposed bonds based on delay costs, Lead Plaintiff has not been able to adequately identify and apply any "applicable fee-shifting statute" to this particular case that requires imposition of the additional amount of bond in the present case for delay on an objector. The request for the additional bond amount above $5,700 should be denied.

I respectfully request that the Court enter an appeal bond in the amount of $5,700 and to deny the remainder of Lead Plaintiff's motion for an appeal bond and for such other relief to which I may be justly entitled.

I am represented in this matter by Bandas Law Firm, P.C. and this document was prepared with the legal assistance of Bandas Law Firm, P.C., no special favor or treatment is requested due to the fact that any document I submit is filed *pro se*.

Dated: November 27, 2013              Respectfully submitted,

                              By:     _____
                                      Clark C. Hampe, Jr.
                                      6571 Furman Court
                                      Tyler, Texas 75703
                                      (214) 403-4770
                                      champe@hampelaw.com

                                      *Pro Se Objector/Appellant*

## CERTIFICATE OF SERVICE

I certify that I have filed foregoing with the Clerk of the Court using FedEx 2 Day AM and that a true and correct copy of the foregoing document has been forwarded to all counsel via U.S. Mail on this the 27th day of November, 2013.

Joseph J. Tabacco, Jr.
Nicole Lavallee
One California Street, Suite 900
San Francisco, CA  94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

Glen DeValerio (admitted *pro hac vice*)
Kathleen M. Donovan-Maher
Kristin J. Moody
Steven J. Buttacavoli
Daryl D. Andrews
One Liberty Square
Boston, MA  02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

Kyle G. DeValerio (admitted *pro hac vice*)
3507 Kyoto Gardens Drive, Suite 200
Palm Beach Gardens, FL  33410
Telephone: (561) 835-9400
Facsimile: (561) 835-0322

*Lead Counsel for Lead Plaintiff*
*State Universities Retirement System of Illinois*

LOWEY DANNENBERG COHEN &
HART, P.C.
Richard W. Cohen
White Plains Plaza
One North Broadway
White Plains, NY  10601
Telephone: (914) 733-7239

*Liaison Counsel for the Lead Plaintiff State*
*Universities Retirement System of Illinois*

_____
Clark C. Hampe, Jr.

OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND   Civ. No. 09-CIV-1951 (DLC)

4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:10ML02151 JVS (FMOx) | Date | October 21, 2013 |
| Title | In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation | | |

Present: The Honorable    JAMES V. SELNA

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**   (IN CHAMBERS) Plaintiffs' Motion for Imposition of Appeal Bonds Under Federal Rule of Appellate Procedure 7 (Dkt #4227)

**The Court, having been informed by the parties that they submit on the Court's tentative ruling previously issued, hereby DENIES the plaintiffs' motion referenced above and rules in accordance with the tentative ruling as follows:**

This matter relates to all economic loss class actions.

Presently before the Court is the Motion for Imposition of Appeal Bonds filed by Class Counsel. (Docket Nos. 4227-28.) Originally, the Motion sought to require each of fourteen sets of objectors who have appealed the settlement (collectively, "Appellants") to post a bond in the amount of $536,326, for a total bond amount of $7,508,564. However, since the filing of the Motion, Plaintiffs filed a Status Report to inform the Court of settlement with a number of the Appellants ("settling Appellants"). (Docket No. 4380.) Therefore, Plaintiffs withdrew the present Motion as to the settling Appellants. Accordingly, the Court's discussion focuses on the Motion to the extent it is directed toward four groups of non-settling Appellants. As set forth below, the Court denies the Motion for Imposition of Appeal Bonds.

I.     Class Action Settlement

Collectively, five Orders of this Court describe in detail the court-approved settlement of the economic loss class actions that has been appealed by a number of objectors. (Docket Nos. 3802, 3804, 3922, 3928 & 3933.) These Orders considered and

EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:10ML02151 JVS (FMOx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation | | |

rejected the objections raised by the Appellants. Familiarity with these Orders is presumed.

II.     The Present Motion

Plaintiffs seek bonds pursuant to Rule 7 of the Federal Rules of Appellate Procedure. Currently, Plaintiffs seek imposition of four bonds in the amount of $536,326, which reflects $11,326 in total briefing costs, including copying, and $525,000 in increased settlement administration costs. (See Berman Decl. (Docket No. 4229) ¶ 2; Sherwood Decl. (Docket No. 4230) ¶ 3.)

Three groups of non-settling Appellants filed written Opposition briefs to the present Motion, including Roger Allen Snyder and Linton Stone Weeks ("Snyder Objectors") (Docket No. 4274), Angela Boles, Wayne Harris and Julie Rainwater ("Boles Objectors") (Docket No. 4278), and Lin T. Ly and Maggie Strohlein (Docket No. 4280). One final group of non-settling Appellants, Robert Bandas and Victoria Serafino ("Bandas Objectors"), filed a Notice of Joinder only. (Docket No. 4287).

The Court has reviewed and considered all the Opposition briefs, as well as Plaintiffs' Reply brief. (Docket No. 4311.)

III.    Discussion

Plaintiffs seek to impose bonds pursuant to Rule 7 of the Federal Rules of Appellate Procedure, which in relevant part provides: "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Id. Such "costs on appeal" necessarily include those taxable pursuant to Rule 39(e) of the Federal Rules of Appellate Procedure. Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 958 (9th Cir. 2007). Those costs include "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(3). Although the precise parameters of "costs on appeal" in the Ninth Circuit have not been defined, the Ninth Circuit has expressly limited the term by "hold[ing] that the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:10ML02151 JVS (FMOx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation | | |

applicable fee-shifting statute, including attorney's fees." Id.

The Appellants' most relevant arguments address first the amount sought for the briefings costs, and second the amount sought to cover increased settlement administration costs.

As to the first issue, the Court agrees that it would be improper to impose a bond upon each of four groups of the Appellants. (See, e.g., Snyder Opp'n at 1; Boles Opp'n at 16.) Collectively, then, Plaintiffs seek bonds to cover their briefing costs four times over. This is clearly improper under the plain language of the Rule, which permits imposition of a bond in an amount limited to that "necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Thus, At most, by Plaintiffs' estimation, this portion of the bond amount should therefore not exceed $809.[1]

This issue applies with equal force to the amount sought to cover the increased settlement administration costs. By seeking to impose the full amount of these costs on each group of Appellants, Plaintiffs seek bonds to cover the increased settlement administration costs in an amount four times the Settlement Administrator's best estimate of those costs. Thus, the amount of bond to cover increased settlement administration costs far exceeds that which would be permitted under Rule 7.[2] Accordingly, the Court declines to impose a bond in the amount sought to cover these increased settlement administration costs.

Additionally, a more fundamental reason compels the Court to deny Plaintiffs' request for a bond to cover increased settlement administration costs. In cases involving class action settlements, courts disagree on whether the additional costs of settlement

---

[1] Because the Court declines to impose a bond, the Court does not further discuss the Appellants' argument that even this minimal amount should be further reduced because Plaintiffs have requested a consolidated appeal.

[2] The Court declines to make an apportionment of an appropriate bond amount based on multiple factors identified on the chart provided by Plaintiffs with the Motion. (See Reply at 6 ("If the Court wishes to reduce the amount of an appeal bond imposed on a particular objector based on these factors it has the discretion to do so."); Berman Decl. Ex. B (chart identifying the referenced "factors" by group).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:10ML02151 JVS (FMOx) | Date | October 21, 2013 |
| Title | In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation | | |

administration are properly included within the calculation of a bond amount under Rule 7. Compare Dennings v. Clearwire Corp., 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) (imposing bond amount including $39,150 associated with additional settlement administration costs), Miletak v. Allstate Ins. Co., C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (allowing bond including $50,000 in additional settlement administrative costs), In Re Broadcom Corp. Sec. Litig., 2010 U.S. Dist. LEXIS 45656, at *8-12 (C.D. Cal. Dec. 5, 2005) (allowing bond including $517,700 in additional settlement administrative costs), In re Compact Disc Minimum Advertised Price Antitrust Litig., MDL 1361, 2003 WL 22417252, at *1 (D. Me. Oct. 7, 2003) (similar), with In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig., 09-MD-2023 BMC, 2013 WL 4735641, at *4 (E.D.N.Y. Sept. 3, 2013) (rejecting request to impose additional amount); In re Navistar Diesel Engine Products Liab. Litig., 11 C 2496, 2013 WL 4052673, *2 (N.D. Ill. Aug. 12, 2013) (same); Cobell v. Salazar, 816 F. Supp. 2d 10, 14-16 (D.D.C. 2011) (same); and In re Initial Pub. Offering Sec. Litig., 728 F. Supp. 2d 289, 292-93 (S.D.N.Y. 2010) (same); and In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 124, 128 (S.D.N.Y.1999) (similar); cf. In re Am. President Lines, Inc., 779 F.2d 714, 716 (D.C. Cir. 1985) (limiting Rule 7 bond amount to estimated amount of Rule 39(e) taxable costs); Vaughn v. Am. Honda Motor Co., Inc., 507 F.3d 295, 300 (5th Cir. 2007) (reducing bond amount imposed on objector from $150,000 to $1,000 ).

Courts that refuse to impose appeal bonds to cover increased settlement administration costs reason that such costs are not "costs on appeal" because they are not within the scope of the Rule 39(e) taxable costs or another applicable fee-shifting statute. E.g., In re Bayer Corp., 2013 WL 4735641, at *3-4. Here, this Court is persuaded by that rationale.

This conclusion is in accord with Ninth Circuit authority, which has considered a related issue of whether attorney fees may be encompassed in the term "costs on appeal." See Azizian, 499 F.3d at 958. In Azizian, the Ninth Circuit expressed its holding regarding whether attorney fees could be included in a bond calculation in a manner that is directly applicable here. Specifically, the Ninth Circuit noted its agreement with three circuits that "hold that the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." Id. Although Plaintiffs point to examples of cases in which other courts have imposed bonds based on delay costs, they have not been able to identify any "applicable fee-shifting statute," that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:10ML02151 JVS (FMOx) | Date | October 21, 2013 |
|---|---|---|---|

| Title | In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation |
|---|---|

might justify imposition of the additional amount of bond in the present case.

Therefore, the Court concludes that application of <u>Azizian</u> in this case precludes inclusion of increased settlement administration costs in the amount of a bond imposed on appeal.

IV.   Conclusion

As noted above, the principles discussed above reduce the maximum amount of a bond that may be imposed on each group of Appellants to less than $1,000 each, and allowing for the possibility that this amount may be further reduced due to a consolidated appeal process, the Court is unconvinced that imposition of any bond is warranted.

Accordingly, the Court denies the Motion for Imposition of Appeal Bonds.

**IT IS SO ORDERED.**

:  00

Initials of Preparer   kjt

**Extremely Urgent**

FedEx Ship Manager - Print Your Label(s)

Ship Date: 27NOV13
ActWgt: 1.0 LB
CAD: 105545814/INET3430

Delivery Address Bar Code

Ref #
Invoice #
PO #
Dept #

Origin ID: TYRA

FedEx Express

BILL SENDER

From: (903) 526-4600
Clark Hampe

102 North College Avenue
Suite 1015
Tyler, TX 75703

SHIP TO: (000) 000-0000
Daniel Patrick Moynihan US Court
Clerk of Court USDC - SDNY
500 Pearl Street

NEW YORK, NY 10007

MON - 02 DEC 10:30A
MORNING 2DAY

10007
NY-US
EWR

TRK# 7972 6659 8850
0201

SB PCTA

Sender: You must seal flap before shipping.

Press here to seal. Press here to seal. Press here to seal.

11/27/13