UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
:                       5/27/2014

IN RE: GENERAL ELECTRIC COMPANY    :    09 Civ. 1951 (DLC)
SECURITIES LITIGATION
:                 ORDER
:
:
:
------------------------------------------ X

DENISE COTE, District Judge:

On September 6, 2013, a settlement was approved in this class action securities case, and a final judgment was entered. On March 11, 2014, the Court of Appeals issued its mandate granting the withdrawal of the sole appeal. As the appeal is now final, settlement distribution may commence.

In a letter of May 15, Berman DeValerio ("Lead Counsel") advised the Court that the Claims Administrator had received a document styled as a "Motion To Intervene With Settlement Agreement Distribution" from Sherri R. Lowe ("Lowe"). The motion, dated April 30, 2014, suggests that Lowe seeks to bring a derivative action against General Electric Co., in which she seeks exemplary and punitive damages, as well as attorney's fees. Although Lowe asserts that she filed the motion with this Court, the docket does not reflect any such filing.

By an endorsement of May 19, Lead Counsel was ordered to submit a response. For the following reasons, Lowe's request to intervene is denied.

Rule 24 of the Federal Rules of Civil Procedure provides in relevant part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). The words "'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending lawsuit." Diamond v. Charles, 476 U.S. 54, 76 (1986) (O'Connor, J., concurring).

A district court has broad discretion in deciding whether to grant permissive intervention. See Restor-A-Dent Dental Lab. v. Certified Alloy Prod., 725 F.2d 871, 876-77 (2d Cir. 1984). In exercising its discretion, a district court must consider whether granting the request "will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). Additional relevant factors

> include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986) (citation omitted).

Intervention is not warranted here. To begin, the motion is not timely. The parties are entitled to litigation peace and granting the request will prejudice the adjudication of the original parties' rights. Moreover, this is not a derivative shareholder action, and thus Lowe's intervention would not serve the just and equitable adjudication of the legal questions presented in this case. Finally, Lowe has not shown that she realized a loss on her securities trading that would entitle her to damages in this securities action. Accordingly, it is hereby

ORDERED that any motion by Sherri R. Lowe to intervene in this action is denied.

SO ORDERED.

Dated: New York, New York
May 27, 2014

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　　United States District Judge

COPIES SENT TO:

Sherrie R. Lowe
PO Box 397954
Dallas TX 75339-7954