UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GENERAL ELECTRIC CO. SECURITIES LITIGATION | Civ. No. 09-CIV-1951 (DLC) <br> ECF CASE <br><br> [PROPOSED] ORDER APPROVING ADMINISTRATIVE DETERMINATIONS AND DIRECTING DISTRIBUTION OF THE NET SETTLEMENT FUND |

WHEREAS:

Lead Plaintiff, State Universities Retirement System of Illinois ("Lead Plaintiff"), acting on behalf of itself and the Settlement Class, entered into a Stipulation and Agreement of Settlement dated April 29, 2013 ("Stipulation"). Pursuant to the Stipulation, the Settling Defendants agreed to pay $40,000,000 in cash to settle the claims against them in the above-captioned securities action ("Action").

By Judgment and Order dated September 6, 2013 ("Judgment"), the Court approved the Settlement and the Plan of Allocation for the net settlement proceeds ("Net Settlement Fund"). The Settlement is now Effective.

Lead Plaintiff, by Unopposed Motion for Entry of a Distribution Order Approving Administrative Determinations and Directing Distribution of the Net Settlement Fund ("Motion") filed on August 18, 2014, moved this Court for an order approving the Court-appointed Claims Administrator's administrative determinations and directing payment of the Net Settlement Fund according to the Distribution Plan for the Net Settlement Fund.

The Court has duly considered Lead Plaintiff's Motion, the Memorandum of Law submitted in support thereof, the Declaration of Eric J. Miller In Support Of Lead Plaintiff's Unopposed Motion for Entry of a Distribution Order Approving Administrative Determinations

and Directing Distribution of the Net Settlement Fund ("Miller Declaration") with annexed exhibits, and all of the submissions and arguments presented.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members and the Claims Administrator.

3. The administrative recommendations of A.B. Data Ltd., the Court-appointed claims administrator, ("A.B. Data" or "Claims Administrator") to accept the valid Proof of Claim and Release forms ("Proofs of Claim) that are above the de minimis amount, including otherwise valid claims filed after the claims filing deadline of October 11, 2013 but before July 17, 2014, as set forth in Exhibit J to the Miller Declaration, are hereby APPROVED.

4. Wholly rejected or otherwise ineligible Proofs of Claim, as set forth in Exhibits K and L to the Miller Declaration, are hereby REJECTED.

5. Any Proofs of Claim received on or after July 17, 2014, however, are NOT eligible for payment from the Net Settlement Fund and are hereby REJECTED.

6. The Distribution of the Net Settlement Fund to Authorized Claimants, set forth in Exhibit J to the Miller Declaration, is hereby AUTHORIZED and shall be conducted in accordance with the Distribution Plan for Payment of the Net Settlement Fund, set forth in the Miller Declaration, which is hereby APPROVED.

7. A payment from the Settlement Fund in the amount of $1,343,105.59 to pay the outstanding fees and expenses of A.B. Data incurred in connection with the administration of the

Settlement and its fees and expenses to be incurred in connection with the Distribution, is hereby APPROVED.

8.  In order to encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks shall bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 120 DAYS AFTER ISSUE DATE."

9.  Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks will be available for redistribution to other Authorized Claimants who cashed their distribution checks and would receive at least $25.00 from such redistribution, according to the Distribution Plan for Payment of the Net Settlement Fund set forth in the Miller Declaration.

10. The recommended plan for distribution of the Net Settlement Fund remaining after the initial distribution or redistribution(s) of the Net Settlement Fund is adopted, as follows:

> If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), A.B. Data shall, if feasible and economical, redistribute the remaining funds on a pro rata basis to the Eligible Claimants who cashed their initial distribution checks and who would receive at least $25.00 from such redistribution.
>
> With respect to any remaining funds after the initial distribution or the redistribution(s) of the Net Settlement Fund, if any, and after payment of taxes and reasonable claims administration fees and expenses incurred, and after A.B. Data has made reasonable and diligent efforts to contact Eligible Claimants who have not cashed their checks, further to the Stipulation, A.B. Data will distribute the balance in equal amounts to the following non-sectarian not-for-profit charitable organizations serving the public interest, without further Order of the Court: ~~New York Legal Assistance Group,~~ Food Bank for New York City, ~~American Cancer Society; American Heart Association and American Red Cross~~ 

3

11.  July 16, 2014 is the bar date beyond which no new claims will be allowed, and any further claims to the Settlement Fund or related to the claims administration process, is barred.

12.  A.B. Data is authorized to destroy paper copies of the Proofs of Claim and all supporting documents one year after the Distribution and to destroy electronic copies of the same three years after the Distribution.

13.  The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: New York, New York
       August 19, 2014

_____
Honorable Denise Cote
UNITED STATES DISTRICT JUDGE