

# BERMAN DeVALERIO

February 10, 2016
**Via ECF**

Honorable Denise Cote
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:   *In re General Electric Co. Securities Litigation*, 09 Civ. 1951 (DLC)

Dear Judge Cote:

    Pursuant to Your Honor's January 14, 2016 Order (Docket #249), I write to provide a status letter regarding the issues raised by class member Michael Bandler in his letter to the Court dated December 23, 2015. In particular, Mr. Bandler writes:

> …I and several of my retirement plans are class members, which is why I write. I am sorry to have to contact you, but my payments are still in limbo. … As to one claim, I received a notice saying my recovery was too small to be paid. I contacted the claims administrator and asked for the calculation that came to that conclusion, which I was promised. As to the others, I have received nothing at all….

    On February 5, 2016, my colleague, Daryl Andrews, and Adam Walter from the court-appointed Claims Administrator, A.B. Data, Ltd. ("A.B. Data") spoke on the telephone with Mr. Bandler. Ms. Andrews and Mr. Walter provided Mr. Bandler with the information set forth below and answered all of his questions. After the telephone conversation and a few follow-up emails, Mr. Bandler asked Ms. Andrews to inform the Court that this matter has been resolved.

    Mr. Bandler submitted two timely claims -- one on his own behalf and one as trustee for the benefit of ("FBO") Old Time Vulcans. A.B. Data assigned the following claim numbers:

| **Claim 017808851 (received 9/16/13)** | **Claim 017808852 (received 9/16/13)** |
|---|---|
| Michael Bandler TTEE | Michael Bandler |
| FBO Old Time Vulcans  UA 06/01/1986 | |

    Pursuant to the Plan of Allocation, to calculate the Recognized Loss for each purchase of GE Common Stock during the Class Period, the Inflation Loss for each purchase transaction was computed according to the "Transaction Period" in Table 1 (below). Specifically, for sales on or after January 23, 2009, but on or before June 17, 2009, the Inflation Loss equals the number of shares purchased matched to such sales in such transactions multiplied by the lesser of: (i) the difference between the Inflation Loss Per Share on the date of purchase and the Inflation Loss Per Share on the date of sale during the Transaction Period shown in Table 1; or (ii) the difference between the purchase price per share and sale price per share.

**TABLE 1**

| Transaction Period | | | Inflation Loss Per Share (Cumulative) |
|---|---|---|---|
| Thu, Sep 25, 2008 | to | Thu, Jan 22, 2009 | $1.81 |
| Fri, Jan 23, 2009 | to | Thu, Feb 26, 2009 | $0.30 |
| Fri, Feb 27, 2009 | to | Thu, Mar 19, 2009 | $0.20 |
| Fri, Mar 20, 2009 | to | Wed, Jun 17, 2009 | $0.00 |



**BERMAN DEVALERIO**

Honorable Denise Cote    February 10, 2016    Page 2

     **Mr. Bandler's Claim 017808851** contained purchases of 1,500 shares of GE Common Stock during the Class Period for a total purchase price of $21,438.58. All 1,500 shares were sold on March 17, 2009 for $14,464.92. A.B. Data calculated the Recognized Loss for Claim 017808851 according to the Plan of Allocation, as set forth above, and arrived at a Recognized Loss of $1,282.50 for Claim 017808851. Since all 1,500 shares were sold on March 17, 2009, the Inflation Loss Per Share on each share sold was $0.20. Between September 25, 2008 and January 22, 2009, there were 750 shares purchased. The Inflation Loss Per Share for those 750 shares purchased was $1.81, which calculated to a Recognized Loss of $1,207.50 ($1.81 - $0.20 per share multiplied by 750 shares). Between January 23, 2009 and February 26, 2009, there were 750 shares purchased. The Inflation Loss Per Share for those 750 shares was $0.30, which calculated to a Recognized Loss of $75.00 ($0.30 - $0.20 per share multiplied by 750 shares). The sum of $1,207.50 plus $75 totaled the $1,282.50 Recognized Loss for all 1,500 shares purchased during the Class Period. Based on the pro rata distribution of approximately 1.58% per Recognized Loss, the distribution for Claim 017808851was $20.25 ($1,282.50 x 1.58%). A check for $20.25 was sent to Mr. Bandler on October 20, 2014. Mr. Bandler signed and deposited the check on or about November 4, 2014.

     **Mr. Bandler's Claim 017808852** contained a purchase of 500 shares on January 26, 2009 for a total purchase price of $6,224.94. The 500 shares were sold on March 17, 2009 for $4,814.98. A.B. Data calculated the Recognized Loss for Claim 017808852 according to the Plan of Allocation, as set forth above, and arrived at a Recognized Loss of $50.00 for Claim 017808852. The 500 shares purchased on January 26, 2009 had an Inflation Loss Per Share of $0.30 and those 500 shares were sold on March 17, 2009 with an Inflation Loss Per Share of $0.20, which calculated to a Recognized Loss of $50 ($0.30 - $0.20 per share multiplied by 500 shares). Based on the pro rata distribution of approximately 1.58% per Recognized Loss, the distribution for Claim 017808852 was $0.79 ($50 x 1.58%) which falls below the $10.00 *de minimus* threshold amount as set forth in the Notice to class members. A.B. Data sent a letter to Mr. Bandler on or about April 11, 2014 informing him that Claim 017808852 was below the *de minimis* threshold amount and therefore he would not receive a distribution on Claim 017808852. A.B. Data's records show that Mr. Bandler called A.B. Data on April 30, 2014 asking how his losses were calculated. An A.B. Data employee walked Mr. Bandler through the loss calculation and explained the inflation amounts set forth in the Notice, but apparently did not send Mr. Bandler any documentation of these calculations.

     Again, I am happy to report that this matter has been resolved to Mr. Bandler's satisfaction.

                                          Respectfully submitted,

                                          /s/ *Joseph J. Tabacco, Jr.*

                                          Joseph J. Tabacco, Jr.

cc: Michael Bandler

